**EXHIBIT A**

Tax Division

Facsimile No. (202) 514-9440
Trial Attorney: Robert J. Higgins
Attorney's Direct Line: (202) 307-6580

Please reply to: Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

EJO'C:DSM:RJHiggins
DJ:5-14-6853/5-14-6854
CMN: 2002100105
     2002100106

VIA FAX & REGULAR MAIL                    November 4, 2003

David J. Curtin, Esq.
McKee Nelson LLP
1919 M Street, N.W.
Suite 800
Washington, DC  20036

> Re:  TIFD III-E INC., the Tax Matters Partner of Castle
>      Harbour-I Limited Liability Company v. United States,
>      <u>Nos. 301CV01839 (SRU); 301CV01840 (SRU)</u>
>
>      **Plaintiffs' Privilege Logs**

Dear Mr. Curtin:

   We have reviewed entries Nos. 1 through 332 on plaintiffs' privilege logs. We request that the plaintiffs produce the documents identified below or submit them for in camera inspection by Judge Underhill. The privilege log indicates that none of these requested documents have been produced in any form.

   The documents requested are divided into two categories. The first category identifies documents which we seek in their entireties, i.e. without redaction. The second category is documents with respect to which some redactions may be justifiable but withholding of the entire document is not.

   <u>Category I</u>

   The following documents, currently withheld, are requested in their entireties, i.e. without redaction:

> No. 205: Any valid claim of privilege was
> waived by transmitting this document to
> addressees Kem Blacker (Financial Guaranty
> Insurance Company) and Eileen Skevin (Kidder
> Peabody).

No. 210: Any valid claim of privilege was waived through Mr. O'Reilly's deposition testimony about the purpose of forming Castle Harbour.

No. 276: There is no indication of any attorney involved in this communication. Thus the attorney-client privilege cannot apply.

No. 315: The author of this communication is not listed as an attorney for the plaintiffs. It is the defendant's understanding that the author is the landlord for Castle Harbour and Castle Harbour Leasing in Bermuda. Thus the attorney-privilege does not apply.

No. 324: There is no attorney identified in this privilege log entry. The failure to identify an attorney as the author of the redacted materials defeats the claim of attorney-client privilege here.

No. 327: The author of this document is an accounting firm, not a law firm. Unless the advice given is from an attorney, the attorney-client privilege cannot apply. Moreover, the addressee is not the plaintiffs, but another entity. If the legal advice was given to another party, and then transmitted to the plaintiffs, it does not seem that the attorney-client privilege would apply—the only privilege claim made for log entry No. 327.

No. 328: Business advice, even when given by attorneys, is not within the scope of the attorney-client privilege. This "presentation" is quite likely more "business" than "legal advice." Also, there is no "communication" identified. The attorney-client privilege requires a communication. Only the attorney-client privilege is set forth as a basis for withholding this document.

No. 329: Neither of the parties to this communication are attorneys. The description of the document withheld suggest that "business advice/instructions" are being given, which are also outside the attorney-client privilege's protection.

### Category II

The following documents are requested. They have previously withheld in their entireties. While some redactions on grounds of privilege may be appropriate for these documents, underlying factual information or business advice is not within the scope of communications protected by the attorney-client privilege or the attorney work product doctrine.

Nos. 174, 175, 177, 178, 180 through 185, 187, 188, 189, 190, 193, 204, 206, 266, 267, 268.

No. 316: The privilege log indicates that this "presentation" is not withheld on grounds of privilege, only "handwriting reflecting legal advice concerning operational issues." Business advice given by an attorney is not covered by the attorney-client privilege. The document should be produced with redactions if any are justified by the claim of attorney-client privilege.

Please call me at your earliest convenience so we can make arrangements with the Court.

If you have any questions on this matter, please contact me at (202) 307-6580.

Sincerely yours,

ROBERT J. HIGGINS
Trial Attorney