**EXHIBIT B**   **Tax Division**

Facsimile No. (202) 514-9440
Trial Attorney: Robert J. Higgins
Attorney's Direct Line: (202) 307-6580

*Please reply to:* Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

EJO'C:DSM:RJHiggins
DJ:5-14-6853/5-14-6854
CMN: 2002100105
     2002100106

VIA FAX & REGULAR MAIL

November 5, 2003

David J. Curtin, Esq.
McKee Nelson LLP
1919 M Street, N.W.
Suite 800
Washington, DC 20036

   Re: TIFD III-E INC., the Tax Matters Partner of Castle
       Harbour-I Limited Liability Company v. United States,
       Nos. 301CV01839 (SRU); 301CV01840 (SRU)

       **Plaintiffs' Privilege Log**

Dear Mr. Curtin:

   We have reviewed entries Nos. 341 through 500 on plaintiffs' privilege log. We request that the plaintiffs produce the documents identified below or submit them for *in camera* inspection by Judge Underhill.

   The documents requested are divided into three categories. The first category identifies documents which we seek in their entireties, i.e. without redaction. The second category is documents with respect to which some redactions may be justifiable but withholding of the entire document is not, in our view. The third category is for documents which have been produced with redactions. The defendant seeks the production of the previously redacted portions of the documents.

## Category I

The following documents, currently withheld, are requested in their entireties, i.e. without redaction:

> No. 376: This document was sent to an unrelated, non-party, Rabo Bank. This waived the attorney-client privilege for this document.
>
> No. 395: Only the attorney-client privilege is claimed but there is no communication alleged, a necessary element for this privilege.
>
> No. 446: Only the attorney-client privilege is claimed but there is no communication alleged, a necessary element for this privilege.
>
> No. 452: This document was sent to an unrelated, non-party, Rabo Bank employee. This waived the attorney-client privilege for this document.

## Category II

The following documents have been withheld in their entireties. While some redactions on grounds of privilege may be appropriate for these documents, underlying factual information or business advice is not within the scope of communications protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs may produce these documents with or without redactions. We reserve the right to challenge any redactions.

> Nos. 345, 359, 360, 361, 363, 364, 367 through 371, 374, 375, 382, 396, 398, 399, 401, 403, 404, 406, 408, 409, 412, 414, 421, 427, 432, 435, 442, 448, 449, 453, 454, 456 through 459, 462, 466 through 468, 480, 481, 490, and 494.

<u>Category III</u>

Plaintiff is requested to produce the following documents without redactions previously made.

> No. 377: The attorney-client privilege is invoked to withhold the "legal impressions" of Susanne Feese on this document. There does not seem to be any "communication" between attorney and client which would satisfy this element of the attorney-client privilege.
>
> Nos. 378 and 379: Only the attorney-client privilege is stated as a ground for withholding these documents. There is no communication alleged, a necessary element for the attorney-client privilege to apply.
>
> Nos. 436-439: These are invoices for legal services. The attorney-client privilege only permits redactions of specific legal advice, which the defendant doubts is set forth on any of these invoices from King & Spalding.
>
> Nos. 440, 441, 450: It appears that these documents are different copies of the same document. This document forms part of the plaintiffs' contention that it had a "business purpose" for the Castle Harbour transaction. It is defendant's understanding this document was used to obtain authorization for the transaction. The redacted information should be released.

Please call me at your earliest convenience so we can make arrangements with the Court.

If you have any questions on this matter, please contact me at (202) 307-6580.

Sincerely yours,

ROBERT J. HIGGINS
Trial Attorney