**EXHIBIT D**    **Tax Division**

Facsimile No. (202) 514-9440
Trial Attorney: Robert J. Higgins
Attorney's Direct Line: (202) 307-6580

*Please reply to:* Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

EJO'C:DSM:RJHiggins
DJ:5-14-6853/5-14-6854
CMN: 2002100105
      2002100106

VIA FAX & REGULAR MAIL                          November 7, 2003


David J. Curtin, Esq.
McKee Nelson LLP
1919 M Street, N.W.
Suite 800
Washington, DC  20036


    Re:  TIFD III-E INC., the Tax Matters Partner of Castle
          Harbour-I Limited Liability Company v. United States,
          Nos. 301CV01839 (SRU); 301CV01840 (SRU)

          **Plaintiffs' Privilege Log**

Dear Mr. Curtin:

    We have reviewed entries Nos. 902 through 1495 on plaintiffs' privilege log. We request that the plaintiffs produce the documents identified below or submit them for *in camera* inspection by Judge Underhill.

    The documents requested are divided into three categories. The first category identifies documents which we seek in their entireties, i.e. without redaction. The second category is documents with respect to which some redactions may be justifiable but withholding of the entire document is not, in our view. The third category is for documents which have been produced with redactions. The defendant seeks the production of the previously redacted portions of the documents.

### Category I

The following documents, currently withheld, are requested in their entireties, i.e. without redaction:

>No. 917: No attorney-client communication evident.
>
>No. 1015: No indication that communication was from an attorney.
>
>No. 1169: Only attorney-client privilege is relied upon; no evidence of communication to client.
>
>No. 1171: Only attorney-client privilege is relied upon; no evidence of communication to client.
>
>No. 1228: Communication not directed to client but outside accounting firm.
>
>No. 1290: Only attorney-client privilege is relied upon; no evidence of communication to either attorney or client.
>
>No. 1292: Only attorney-client privilege is relied upon; no evidence of communication to either attorney or client.

### Category II

The following documents have been withheld in their entireties. While some redactions on grounds of privilege may be appropriate for these documents, underlying factual information or business advice is not within the scope of communications protected by the attorney-client privilege or the attorney work product doctrine. Plaintiffs may produce these documents with or without redactions. We reserve the right to challenge any redactions.

>Nos. 902 through 916, 969, 970, 972 through 975, 980, 1003, 1005, 1019, 1021, 1098, 1179, 1231, 1244, 1245, 1306, 1326, 1327, 1344 through 1346, 1387, 1389 through 1391, 1395 through 1399, 1408, 1410 through 1419, 1422,

- 3 -

1424, 1425, 1433, 1450, 1462, and 1484 through 1491.

Category III

Plaintiff is requested to produce the following documents without redactions previously made.

Nos. 957, 958: These are legal invoices. The attorney-client privilege only permits redactions of specific legal advice, which the defendant doubts is set forth on these invoices from William C. Boston.

Nos. 1436 and 1437: These are legal invoices. The attorney-client privilege only permits redactions of specific legal advice, which the defendant doubts is set forth on these invoices from Conyers Dill & Pearman.

Please call me at your earliest convenience so we can make arrangements with the Court.

If you have any questions on this matter, please contact me at (202) 307-6580.

Sincerely yours,

ROBERT J. HIGGINS
Trial Attorney