UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIFD III-E INC., THE TAX MATTERS | : | |
| PARTNER OF CASTLE HARBOUR-I | : | |
| LIMITED-LIABILITY COMPANY, | : | CIVIL ACTION NOS. |
|     Plaintiff, | : | 3:01cv1839 (SRU) (lead) |
| | : | 3:01cv1840 (SRU) |
|     v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Defendant. | : | |

**RULING ON PLAINTIFF'S PRIVILEGE CLAIM**

The United States seeks to discover 139 documents that TIFD III-E Inc. ("TIFD") contends are privileged. The government argues that many of those documents contain no legal advice, that some have been disclosed to third parties, and that, in any event, all privilege with respect to those documents has been waived because TIFD has put the advice of its counsel "at issue." TIFD responds that all documents contain legal advice, that its disclosures to third parties are privileged under the "common interest" rule, and that it has not put at issue the advice of its counsel. Would that the matter were as simple as either party claims. As it turns out, some of the documents are privileged, some are not, and many I simply cannot tell.

**I.      Background**

Few background facts are relevant to the current issue and, truth be told, few facts are known to the court.

In 1993, General Electric Capital Corporation ("GECC") engaged in a transaction with a number of foreign banks that resulted in the creation of the Castle Harbor commercial aircraft leasing partnership. The United States believes this transaction was a sham – that it had no purpose other than avoiding the payment of taxes. TIFD, of course, argues that the transaction

had a legitimate business purpose.

Over the past two years, the government has conducted extensive discovery, including over twenty depositions and production of some 17,000 documents. The start of trial now looms, and the parties have distilled their discovery disputes to a fight over 139 remaining documents that the government, contrary to TIFD's assertions, believes are discoverable. The disputed documents, along with a privilege log, were submitted to the court for *in camera* review. Briefing on the relevant legal issues followed.

**II.     Discussion**

    A.     <u>At-Issue Forfeiture</u>

The principal dispute between the parties is whether TIFD has forfeited its claim of privilege by putting at issue the advice of its legal counsel.

"It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted." <u>In re Grand Jury Proceedings John Doe Co.</u>, 350 F.3d 299, 302 (2d Cir. 2003). The doctrine is intended to prevent a party from selectively invoking the attorney-client privilege to the detriment of its adversary. <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1292 (2d Cir. 1991). The fundamental question is whether in a given case fairness requires the disclosure of otherwise privileged information. <u>John Doe Co.</u>, 350 F.3d at 302.

The government's argument in this case is that "[i]t is inherently unfair for the plaintiff to produce documents or provide testimony to support a business purpose for Castle Harbour and, at the same time, withhold documents, either in their entirety or partially, on the basis of privilege,

which relate to another purpose for Castle Harbour, tax avoidance." (Def.'s Mem. at 3.) As exemplary of this unfairness, the government points to a redacted copy of a PowerPoint slide. The slide was originally presented to GECC as part of the Castle Harbour proposal. The government argues that it is unfair to allow TIFD to present, through this slide, evidence of a business purpose, without allowing the government to discover the redacted portion that may indicate a different intent. In other words, argues the government, TIFD, having put some of its intent at issue, must disclose all documents relevant to that intent.

As a preliminary matter, the government's argument fails because TIFD has not put its intent at issue. The government appears to confuse the concepts of "relevance" and "putting at issue." Very likely, TIFD's intent is *relevant*, but that is not the same as saying it has been put at issue by TIFD.

Merely arguing business purpose does not constitute putting intent at issue. TIFD argues that the Castle Harbour transaction had a business purpose. The government seeks to disprove that claim. The government must, to prevail, prove that the transaction *did not* have a business purpose. It will not be enough if the government proves TIFD did not *intend* a business purpose, see Lee v. Commissioner, 155 F.3d 584, 586 (2d Cir. 1998), neither will it be sufficient for the government to prove that TIFD *also* had a tax planning purpose, see United States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998). The existence of either of these facts may be relevant to the government's case, but those facts are neither essential nor dispositive. Accordingly, it cannot fairly be said that TIFD has put the question of its tax purpose or its subjective intent at issue simply by claiming its transaction had a business purpose.

Furthermore, the mere production of documents that may indicate TIFD's intent also does

not constitute putting intent at issue. By producing documents TIFD has not put anything at issue, it has only responded to the *government's* discovery requests. By requesting documents that, as it turns out, may tend to reveal TIFD's intent, it is the government, if anyone, that has raised the issue of intent. The government may not use its own discovery requests to pull aside the veil of privilege.

Even had TIFD put its intent "at issue," that fact alone would not forfeit the attorney-client privilege. If simply placing intent at issue forfeited the attorney-client privilege, most criminal defendants would find the privilege worthless. That, however, is not the law. Fairness does not require that simply because a party places his motivation at issue, the party is required to disclose all communications with counsel that may bear on that motivation. Rather, the rule is that a party may not attempt to demonstrate intent (or any fact, for that matter) by *selectively* revealing communications with counsel or by making assertions that can only be confirmed by reviewing privileged communications. See, e.g., Sanofi-Synthelabo v. Apotex, Inc., 299 F. Supp. 2d 303 (S.D.N.Y 2004) (revealing part of a privileged communication concerning reasons for cancelling patent claims, forfeited the privilege with respect to the remainder of the privileged communication); Pitney Bowes, Inc. v. Mestre, 86 F.R.D. 444 (S.D. Florida 1980) (holding privilege forfeited when privileged communications offered the only source of direct proof of issue raised by plaintiff). TIFD has not done either of these things.

TIFD has produced documents responsive to the government's requests. It has withheld or redacted those documents, or parts of documents, that reflect legal advice or the seeking of

legal advice.[1]  It has not argued that it acted on the advice of counsel  It has not argued that it acted on the basis of some motivation that can only be fathomed by the inspection of privileged communications.  It has not disclosed some advice of counsel while withholding other advice.

The government apparently has received all non-privileged evidence concerning TIFD's intent – no more and no less.  It is free to use this evidence or other evidence to rebut TIFD's contentions.  The issue of TIFD's intent is not one that requires review of privileged communications.  The mere fact that the government would also like to use TIFD's privileged communications in support of its case, does not make withholding those documents unfair.  There is simply no authority for the proposition that a privilege is forfeited solely because information protected by it might disprove the case of the party claiming the privilege.  Accordingly, even if TIFD has placed its intent at issue, that is not the same as placing the advice of its counsel at issue and so does not work a forfeiture of the attorney-client privilege.

In short, TIFD has not placed its subjective intent at issue, and, even if it had, that would not mean it had placed the advice of its counsel at issue.   There is no unfairness to the government in allowing the attorney-client privilege to remain undisturbed.

B. Common Interest Rule

Two of the documents at issue are communications from counsel for one of the foreign banks involved in the transaction to GECC's counsel.  TIFD claims that these communications are privileged under the common interest rule.

The common interest rule extends the attorney client privilege to privileged

---

[1] With the possible exceptions noted below concerning "common interest" and business advice, my *in camera* review confirms that this is what TIFD has done.

communications revealed to a third party who shares a common legal goal with the party in possession of the original privilege. United States v. Schwimmer, 892 F.2d 237 (2d Cir. 1989). The parties need not be actively involved in litigation; they must, however, demonstrate cooperation in formulating a common legal strategy. In re FTC, 2001 WL 396522, *3 (S.D.N.Y. Apr. 19, 2001) (citing Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 446 (S.D.N.Y. 1995)). The rule does not encompass a joint business strategy that merely happens to include as one of its elements a concern about litigation. Id.

      Here it appears that GECC and the foreign bank were involved in a business relationship. Though this relationship may have lead to concern about litigation, all the indications are that the parties worked together towards a business, and not a legal, goal. Moreover, even if the parties shared legal concerns, the communications at issue are not about those concerns. If anything, the letters in question appear to be arms length, possibly even adversarial, communications. Accordingly, the common interest rule does not apply and any privilege with respect to the contents of those documents has been waived.

      C.    Business Advice

      With respect to a number of the documents, there is simply not enough information for me to determine whether the materials withheld are purely business related or were provided to counsel in order to procure legal advice. As I informed the parties during our recent phone conference, I will await further factual support from TIFD for its claim of privilege before ruling on the privilege issues raised by those documents.

**III.    Conclusion**

For the reasons given, TIFD is ordered to turn over documents 894 (Bates P001416-17) and 895 (Bates P001418) because any privilege with respect to the contents of those documents has been waived by disclosure to a third party.  I do not, at this time, order the production of any other documents, though I ask that, consistent with this ruling, both sides continue to engage in a good faith attempt to resolve any disputes concerning the few remaining documents.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of July 2004.

                                        /s/ Stefan R. Underhill
                                        Stefan R. Underhill
                                        United States District Judge