IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIFD III-E INC.,THE TAX MATTERS PARTNER OF CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) | CASE NOS. 3:01CV01839(SRU) 3.01CV01840(SRU) |

**UNITED STATES' MOTION FOR RECONSIDERATION OF COURT'S RULING REGARDING PLAINTIFF'S PRIVILEGE CLAIM**

COMES NOW the defendant, the United States of America, and hereby moves this Court to reconsider the July 12, 2004, Ruling regarding plaintiff's privilege claim for the reasons set forth below.

The government understands that this is a complex factual case and regrets not having previously made the legal context of this action more clear when the privilege issue was brought to the Court's attention in February 2004. The context is set forth in detail in the United States' Trial Brief filed on July 8, 2004, as well as in plaintiff's trial brief and the Joint Trial Memorandum filed the same date. Without repeating the lengthy description in the trial brief, some points need to be highlighted in support of this motion.

This is a tax suit in which the plaintiff, TIFD III-E, as the Tax Matters Partner of Castle Harbour, seeks a readjustment of partnership items and the repayment of $62 million deposited with the Internal Revenue Service, pursuant to Internal Revenue Code

-1-

(IRC) § 6226(a), (e).  The well-settled principles of tax litigation apply here: The burden of proof rests with the plaintiff, the Court's review of the facts and law is *de novo* (not simply a review of the Internal Revenue Services' (IRS) actions), and the administrative determination of the IRS is presumptively correct but otherwise not relevant.  <u>Lewis v. Reynolds</u>, 284 U.S. 281, 283 (1932); <u>R.E Dietz Corp. V. United States</u>, 939 F.2d 1, 4 (2d Cir. 1991).[1]

The Court's Ruling appears to conflict with some of these principles.  The government does not have the burden of proof in this case. Ruling[2] 3.  As the IRS determinations are presumptively correct,  the plaintiff and its owners, General Electric Capital Corporation (GECC) and the General Electric Company (GE), must prove to the Court any error with respect to the IRS determinations and the amount it is entitled to recover.  <u>Heublein, Inc. v. United States</u>, 996 F.2d 1455, 1461 (2d Cir. 1993).

The Ruling recognizes that "business purpose" is an issue in this case but suggests that the plaintiff has not placed its "intent" or "motivation" for the Castle Harbour transaction "at issue."  Ruling 3.   The government disagrees with this statement.  The plaintiff initially placed its intent or motivation at issue in this case by filing the complaint which alleges that the IRS determination was erroneous, a determination which is based in part on the ground that Castle Harbour "was without

---

[1] Plaintiff does not qualify for the burden shifting of IRC § 7491 as it is described in § 7430(c)(4)(A)(ii) and, with respect to penalties, because the plaintiff is not an individual.  IRC § 7491(a)(2)(C) and 7491(c).

[2] References to "Ruling" are to the Ruling on Plaintiff's Privilege Claim, July 9, 2004.

legitimate business purpose.[3]" To prevail here, the plaintiff–not the government–must prove that the motivation for Castle Harbour was not solely to avoid taxation. The citation to <u>Lee v. Commissioner</u>, 155 F.3d 584, 586 (2d Cir. 1998), in the Ruling does not imply otherwise. Ruling 3. Rather, much of the opinion in <u>Lee</u> concerned clarifying an earlier opinion, <u>Jacobson v. Commissioner</u>, 915 F.2d 832 (2d Cir. 1990), which suggested that "even if the motive for a transaction is to avoid taxes" some elements of the transaction might still be deductible. <u>Ibid.</u> at 586.

The "intent" or "motivation" of the plaintiff here was placed at issue from the filing of the complaint, it did not surface in response to the government's discovery requests. Ruling 4. The government's discovery requests targeted allegations in the complaint (that the IRS determination was not correct about business purpose) and one of the elements the plaintiff must prove to prevail here (that its motive for the transaction was not solely to avoid taxes). <u>Lee</u>, 155 F.3d at 586.

Though the Court did not have the plaintiff's trial brief more than a day before issuing the Ruling, it is clear from the plaintiff's trial brief that the intent of the plaintiff is squarely at issue in this litigation. To emphasize the importance of its own intent, plaintiff quotes the Second Circuit decision in <u>Newman v. Commissioner</u>, 902 F. 2d 159, 163 (2d Cir. 1990), to describe the "business purpose test:"

> Were the parties motivated <u>at least in part</u> by reasons unrelated to taxes (emphasis added by plaintiff).
>
> Plaintiff Trial Brief at 43.

---

3/ This language is found in the Final Notice of Partnership Administrative Adjustments (FPAA) issued to the plaintiff.

The plaintiff's trial brief demonstrates that the plaintiff realizes its motivation is at issue and it must establish a non-tax business purpose to prevail here. (Plaintiff Brief at 2, 9-10, 43-44, 48-50). Further, the plaintiff also apparently has no doubt that it has the burden of proof here, not the government.

The citation to United States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998), supports the government's position here. Ruling 3. That decision does not suggest that the government has the burden of proof in this case. In sustaining a work-product doctrine assertion, the Second Circuit based its decision in part on the fact that the document at issue included technical and legal analysis

> and not the reflections of decisionmakers at Sequa, simply does not address or reflect Sequa's business reason for the proposed restructuring.

Here the situation is the opposite. Using the example of document #441 on plaintiff's privilege log, it is precisely the decision making nature of this document, and ones similar to it, which argues for the production of unredacted versions of the documents, nothwithstanding plaintiff's claims of privilege. Otherwise, the Court's Ruling will allow plaintiff's identified trial witnesses (Dennis Nayden, Robert O'Reilly, James Parke, Robert Lewis) to testify in court with respect to GECC's business purpose for Castle Harbour and be cross-examined with respect to their actions (with references to Privilege Log documents # 328 and #441) but to claim attorney-client privilege with respect to portions of these decisional documents that they relied upon when signing and approving Castle Harbour in their capacities as GECC executives. It remains the United States' view that such a situation would be inherently unfair. See Sanofi-

Synthelabo v. Apotex, 299 F.Supp. 2d 303  (S.D.N.Y., 2004);   Pitney-Bowes, Inc. v. Mestre, 86 F.R.D. 444, 447 (S.D.Fla. 1980).

WHEREFORE, the United States prays that the Court reconsider its Ruling of July 12, 2004, with respect to Plaintiff's Privilege Claims.

>KEVIN J. O'CONNOR
>United States Attorney
>JOHN B. HUGHES
>Chief, Civil Division
>
>/Robert J. Higgins/
>ROBERT J. HIGGINS (ct23378)
>BARRY E. REIFERSON (ct24580)
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Washington, D.C. 20044
>Telephone:  (202) 307-6580
>Facsimile:  (202) 514-5440

July 14, 2004

CERTIFICATE OF SERVICE

I certify that service of the foregoing United States' Motion for Reconsideration of Court's Ruling Regarding Plaintiff's Privilege Claim, has, this ____ day of July 2004, been made on plaintiffs' counsel by mailing in a postage pre-paid envelope a copy thereof to the following address:

>David J. Curtin, Esq.
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 800
>Washington, DC 20036
>
>Anthony M. Fitzgerald
>CARMODY & TORRANCE LLP
>195 Church Street
>P.O. Box 1950
>New Haven, Connecticut  06509-1950
>
>Suzanne C. Feese
>KING & SPALDING
>191 Peachtree Street
>Atlanta, Georgia  30303-1763

/Robert J. Higgins/
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 307-6440