IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIFD III-E INC.,THE TAX MATTERS PARTNER OF CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) | CASE NOS. 3:01CV01839(SRU) 3.01CV01840(SRU) |

**UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION
IN LIMINE REGARDING DR. LACEY'S TESTIMONY**

COMES NOW the defendant, the United States of America, and hereby responds to plaintiff's motion in limine filed July 12, 2004, regarding Dr. John Lacey's testimony.

    A.    <u>There is no merit to plaintiff's claim of unfair surprise</u>

The government advised the plaintiff more than a month ago--on June 10, 2004-- that Dr. Lacey would testify about the allocation of income among the putative members of Castle Harbour (the GE entities and the Dutch Banks), using particular schedules that the government had not previously provided the plaintiff.  The government offered to allow the plaintiff an opportunity to depose Dr. Lacey on this matter.  The plaintiff never responded to this offer.

    B.    <u>Dr. Lacey's testimony is within the scope of his August 15, 2003, report, conclusion #7</u>

The allocation of taxable income and book income (two different amounts derived from two different calculations) --the subject on which Dr. Lacey's testimony

-1-

was previewed to the plaintiff on June 10, 2004-- is within the scope of Dr. Lacey's conclusion #7 which appears on page 22 of his report dated August 15, 2003, which is as follows:

> Castle Harbour allocated almost all of its taxable income to banks that did not pay tax on it and avoided allocating the taxable income to GECC, which would have paid over $100 million in tax. The cash paid to the Dutch Banks was a small percentage of and almost invariant to the taxable income allocated to them by Castle Harbour.

The schedules which will be used during Dr. Lacey's testimony are identified on the United States' exhibit list as Exhibit 62. These schedules also are set forth in the United States' trial brief. The information on the schedules is well-known to the plaintiff because it is derived from Castle Harbour's tax returns and Castle Harbour's capital accounts (book income). Dr. Lacey reviewed both of these items in preparing his report dated August 15, 2003. Plaintiff's counsel had the opportunity to depose Dr. Lacey with regard to any aspect of these items (tax returns or capital accounts) at Dr. Lacey's deposition on September 11, 2003.

C.  <u>A Rule 26(e)(1) supplementation of Dr. Lacey's testimony and report was timely and accompanied by an offer for an additional deposition, to which plaintiff has not responded</u>

With respect to expert testimony, the Rule 26(e)(1) duty to supplement extends to information in the report and "any additions or changes to this information." The government has more than satisfied this requirement with respect to the additional analysis of Dr. Lacey. Arguably, there was never any duty to supplement, because

Dr. Lacey–and any other trial witness with knowledge of the allocations of taxable or book income in this case–can be examined with respect to the schedules marked for identification as Exhibit 62 for the United States. This is more a matter of legal argument than fact or opinion testimony, as the underlying facts–Castle Harbour's tax returns and capital accounts–are identified as Joint Exhibits and are not disputed. Indeed, Dr. Lacey's testimony is stating the obvious to anyone vaguely familiar with the facts of this case and was described by him in his letter of June 29, 2004, which was provided the plaintiff on July 2, 2004, as follows:

> I have enclosed the schedule we discussed. It shows how the capital accounts would change if they were computed by ownership rather than the 98% - 2% allocation. The change in the tax paid by the Dutch would be zero and the change in tax paid by the GE entities, computed at the 20% rate, would be $56,814,788.

There is no merit to plaintiff's motion.

WHEREFORE, the United States prays that the Court deny plaintiff's July 12, 2004, motion in limine regarding Dr. John Lacey.

        KEVIN J. O'CONNOR
        United States Attorney
        JOHN B. HUGHES
        Chief, Civil Division

        s/Robert J. Higgins/
        ROBERT J. HIGGINS (ct23378)
        BARRY E. REIFERSON (ct24580)
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Washington, D.C. 20044
        Telephone: (202) 307-6580
        Facsimile: (202) 514-5440

July 14, 2004

CERTIFICATE OF SERVICE

I certify that service of the foregoing United States' Response to Plaintiff's Motion in Limine Regarding Dr. Lacey's Testimony, has, this ____ day of July 2004, been made on plaintiffs' counsel by mailing in a postage pre-paid envelope a copy thereof to the following address:

David J. Curtin, Esq.
MCKEE NELSON LLP
1919 M Street, N.W., Suite 800
Washington, DC 20036

Anthony M. Fitzgerald
CARMODY & TORRANCE LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509-1950

Suzanne C. Feese
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303-1763

s/Robert J. Higgins/
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440