# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

TIFD III-E INC., THE TAX MATTERS    :
PARTNER OF CASTLE HARBOUR-I     :
LIMITED-LIABILITY COMPANY,      :     CIVIL ACTION NOS.
     Plaintiff,                :     3:01cv1839 (SRU) (lead)
                             :     3:01cv1840 (SRU)
     v.                   :
                             :
UNITED STATES OF AMERICA,     :
     Defendant.              :

## RULING ON PLAINTIFF'S MOTION IN LIMINE

On August 15, 2003 the government, in compliance with Rule 26(a)(2) of the Federal

Rules of Civil Procedure, provided TIFD III-E Inc. ("TIFD") with a written report from the

government's expert, John Lacey.  In that report, Lacey stated, among other things, his opinion

that TIFD had improperly allocated taxable income to its foreign bank investors to avoid paying

United States taxes.  On June 10, 2004 the government informed TIFD of an additional analysis

undertaken by Lacey and invited TIFD to depose Lacey on that subject.  Eight days later the

government provided TIFD a copy of Lacey's new analysis.  The new analysis purports to show

what the tax consequence would have been had TIFD allocated the income to the foreign banks

in proportion to their investments in TIFD's partner company.  TIFD argues that, because this

additional disclosure was made after the time set by the court for expert disclosures, Rule 37(c)

forbids Lacey from testifying concerning his new analysis.

Assuming the government's disclosure of a new analysis was required by Rule 26(a)(2),

but see Newell Puerto Rico, Ltd. v. Rubbermaid Inc., 20 F.3d 15, 22 (1st Cir. 1994) ("It is not

unusual for experts to make changes in their opinions and revise their analyses and reports

frequently in preparation for, and sometimes even during, a trial."), and assuming that the actual

disclosure made on June 10 was not satisfactory under Rule 26(e), there is still no reason to exclude any part of Lacey's testimony.  Rule 37(c) prohibits a party that fails to make a required disclosure from using that undisclosed information as evidence "unless such failure is harmless." TIFD has not explained what harm it suffered from the government's supposedly inadequate disclosure.  Moreover, even if TIFD has suffered harm, it appears to have been at least partly its own fault.  TIFD has known of Lacey's new analysis for over a month and had the opportunity to re-depose him if it desired.

Because the government's failure, if there was one, has done no harm, TIFD's motion (doc. # 50) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of July 2004.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge