**McKee Nelson LLP**  

Correspondence from:
➤ WASHINGTON, DC

NEW YORK, NY

1919 M STREET, NW, SUITE 800
WASHINGTON, DC 20036
Telephone 202.775.1880
Facsimile 202.775.8586

TIMES SQUARE, 35TH FLOOR
NEW YORK, NY 10036
Telephone 917.777.4200
Facsimile 917.777.4299

David J. Curtin
(202) 775-8669
dcurtin@mckeenelson.com

FILED
2004 JUL 15 P 1:18
U.S. DISTRICT COURT
BRIDGEPORT, CONN

July 12, 2004

**VIA FACSIMILE & FEDERAL EXPRESS**

Hon. Stefan R. Underhill
United States District Court for the
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

  Re: TIFD III-E INC. v. United States
    <u>Case No.: 3:01CV1839 (SRU) (D. Conn.)</u>

Dear Judge Underhill:

  This letter follows up on the June 30, 2004 conference call in the above-referenced case concerning Defendant's challenges to Plaintiff's claims of privilege and work product protection. In the conference call, the Court identified documents for which the Court needed further context or explanation in order to assess Plaintiff's privilege positions. Plaintiff is providing this additional information through a letter from counsel, in accordance with accepted practice in making privilege determinations. <u>See, e.g.</u>, <u>In re Pfizer, Inc. Securities Litigation</u>, 1993 WL 561125 (S.D.N.Y. Dec. 23, 1993) (basing privilege determinations on representations of counsel in letter briefs). During the aforementioned telephone hearing the Court informed us that other than the 37 identified documents, the Court had concluded that the documents challenged by the Defendant were privileged, with the exception of the few joint defense documents. As to those joint defense documents, the Court is considering the issue.

  Additional information with respect to the 37 documents identified by the Court on the June 30 conference call is set forth below. For each of these documents, Plaintiff has undertaken to reconsider its privilege determinations and, as noted, in several instances has determined that portions of a previously withheld document can be redacted or that language that had previously been withheld can be disclosed. The newly redacted documents, together with a list of their Privilege Log numbers, are enclosed with this letter and are being provided to counsel for Defendant.

<u>Log No. 174</u>: (Memorandum reflecting legal advice of outside counsel concerning American Airlines engine replacements).

McKEE NELSON LLP
*Attorneys at Law*
 www.mckeenelson.com

*An independent law firm allied with* ⦿ ERNST & YOUNG

> Additional Information: This copy of the document was retrieved from the files of King & Spalding, outside counsel for Castle Harbour-I LLC ("Castle Harbour") and the handwritten notes on the document are those of a King & Spalding attorney. On consideration of the Court's comments, Plaintiff has determined that the handwritten notes do not reflect a confidential client communication. Plaintiff will provide a newly redacted copy of this document to Defendant that discloses all handwritten notes.
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the remaining redacted portions of Log No. 174.

Log No. 181: (Email string reflecting request for legal advice and provision of same from in-house legal counsel concerning engine title swap).

> Additional Information: The original email (dated January 14, 1999 at 11:25 a.m.) is addressed to Charles Meyer, Esq., an in-house lawyer at GECC, and makes an explicit request for legal advice.
>
> Suggested Resolution: Sustain Plaintiff's original privilege claim with respect to Log No. 181.

Log No. 205: (Memorandum requesting information needed to provide legal advice concerning foreign operations).

> Additional Information: Log No. 205 is a memorandum written by in-house tax counsel for GECC and, in that context, addresses the treatment of foreign business operations from a U.S. tax law perspective. Defendant originally challenged Plaintiff's assertion of privilege for Log No. 205 because an addressee of the memo was an employee of Kidder Peabody. At the time the memorandum was written, Kidder Peabody was a subsidiary of GECC, and therefore covered by GECC's attorney-client privilege. See Privilege Log attached to Plaintiff's February 6, 2004 Letter to the Court (hereinafter "February 6 Privilege Log"), Entry No. 205.
>
> Suggested Resolution: Sustain Plaintiff's original privilege claim with respect to Log No. 205.

Log No. 206: (Memorandum and attached draft letter reflecting request for legal advice and provision of same by outside legal counsel concerning aircraft remarketing).

> Additional Information: The first sentence of the redacted portion of Log No. 206 constitutes a confidential communication of facts for the purpose of obtaining legal advice. For the reasons articulated on pages 4-5 of Plaintiff's February 17, 2004 Letter to the Court, such communications are protected by the attorney-

Hon. Stefan R. Underhill
July 12, 2004
Page 3

> client privilege. See, e.g., Clark v. Buffalo Wire Works, 190 F.R.D. 93 (W.D.N.Y. 1999).
>
> Suggested Resolution: Sustain Plaintiff's original privilege claim with respect to Log No. 206.

Log No. 210: (Letter reflecting confidential communication to in-house legal counsel for the purpose of obtaining legal advice regarding the formation of CH).

> Additional Information: This document is a confidential communication of facts to in-house counsel for the purpose of obtaining legal advice. See Clark, supra. The facts set forth on Log No. 210 were later transmitted by the recipient (Mr. D'Avino) to outside counsel and incorporated into outside counsel's legal advice. See February 6 Privilege Log No. 906 (December 16, 1994 Legal Opinion of King & Spalding).
>
> Suggested Resolution: Sustain Plaintiff's original privilege claim with respect to Log No. 210.

Log No. 266: (Fax memorandum communicating legal advice of outside legal counsel concerning CH transactions, with handwritten comments of legal counsel).

> Additional Information: The redacted language on Bates page 001228 discloses the nature of the underlying issue on which legal advice was rendered, and is therefore properly redacted. See February 17, 2004 letter, supra at 9-10 (citing Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992)).
>
> Suggested Resolution: Sustain Plaintiff's original privilege claim with respect to the redaction on Log No. 266.

Log No. 316: (Presentation with handwriting reflecting legal advice concerning operational issues).

> Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 316 are not privileged and redaction is appropriate. Plaintiff will provide a newly redacted copy of this document to Defendant.
>
> Suggested Resolution: Sustain Plaintiff's privilege claims with respect to the remaining redacted portions of Log No. 316.

Log No. 328: (Draft presentation reflecting legal advice of in-house legal counsel concerning CH aircraft transactions).

> Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 328 are not privileged and redaction is

appropriate. The remaining redacted portions of Log No. 328 were written by in-house tax counsel for GECC and, in that context, address the treatment and operation of Castle Harbour from a U.S. tax law perspective. In particular, the redacted language on page P000019 summarizes and is supported by the more detailed legal advice set forth on redacted page P000022. Plaintiff will provide a newly redacted copy of this document to Defendant.

Suggested Resolution: Sustain Plaintiff's privilege claims with respect to the redacted portions of Log No. 328.

Log No. 371: (Fax communication and memorandum reflecting request for legal advice concerning indemnification issues).

Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 371 are not privileged and redaction is appropriate. Plaintiff will provide a newly redacted copy of this document to Defendant.

Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the remaining redacted portions of Log No. 371.

Log No. 379: (Fax transmittals and letter produced with redaction of handwritten legal impressions of J. Kalashian, Esq. (GECC)).

Additional Information: The handwritten notes on Bates page 0093886 are not themselves a "communication" from Mr. Kalashian, but they do "report" confidential communications made in connection with the provision of legal advice, and are therefore protected by the attorney-client privilege. See February 17, 2004 letter, supra at 4, n.4 (citing Nesse v. Pittman, 206 F.R.D. 325, 329 (D.D.C. 2002) (affording protection to documents that "relay" and "memorialize" confidential communications).

Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the redacted portions of Log No. 379.

Log No. 382: (Cover letter with enclosed legal opinion from legal counsel for CH).

Additional Information: Portions of the cover page disclose changes in a draft legal opinion of counsel that are protected from disclosure under the attorney-client privilege. Plaintiff has redacted Portions of Log No. 382 that do not reflect confidential client communications and will provide a newly redacted copy of this document to Defendant.

Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the remaining redacted portions of Log No. 382.

Log No. 395: (Outline prepared by in-house legal counsel reflecting legal advice of such legal counsel and communicating legal advice of outside legal counsel KS concerning structure of the CH transaction, with handwritten edits of in-house legal counsel).

> Additional Information: This document was prepared by GECC in-house tax counsel to summarize legal advice regarding the structure of Castle Harbour. Copies of the document were provided (or "communicated") to client representatives and, accordingly, the document is protected by the attorney-client privilege.

> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log No. 395.

Log No. 396: (Fax transmittal reflecting confidential communication to in-house legal counsel for the purpose of obtaining legal advice concerning compliance).

> Additional Information: On consideration of the Court's comments, Plaintiff has determined that Log No. 396 is not privileged and disclosure is appropriate.

> Suggested Resolution: Plaintiff will produce this document.

Log No. 399: (Memorandum reflecting legal advice of in-house legal counsel concerning Bermuda issues).

> Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 399 are not privileged and redaction is appropriate. Plaintiff will provide a newly redacted copy of this document to Defendant.

> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the remaining redacted portions of Log No. 399.

Log No. 403: (Memorandum prepared by legal counsel reflecting legal advice concerning CH operations).

> Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 403 are not privileged and redaction is appropriate. Plaintiff will provide a newly redacted copy of this document to Defendant.

> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the remaining redacted portions of Log No. 403.

Log No. 409: (Presentation prepared by in-house legal counsel reflecting legal advice concerning change in law affecting CH partnership).

>Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 409 are not privileged and redaction is appropriate. The remaining redaction on page P000037 references and reflects legal advice communicated in a prior meeting between GECC tax counsel and Denis Nayden, one of the addressees of the memorandum. Plaintiff will provide a newly redacted copy of this document to Defendant.
>
>Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the remaining redacted portions of Log. No. 409.

Log No. 427: (Fax memorandum reflecting request for legal advice of R. Sisson, Esq. (GECAS) concerning asset swap issues, with handwritten note to J. Kalashian, Esq. (GECC)).

>Additional Information: Log No. 427 contains the handwritten notes of Diarmuid Hyde, Castle Harbour's resident manager, requesting legal advice from James Kalashian, GECC in-house tax counsel.
>
>Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the redacted portions of Log. No. 427.

Log No. 441: (Presentation regarding project Airlease produced with redaction of legal advice of in-house legal counsel concerning structure).

>Additional Information: The February 6 Privilege Log identifies the handwritten notes on Log No. 441 as those of James Kalashian, GECC in-house tax counsel. The balance of the redaction was legal advise of in-house tax counsel and, in that context, addresses U.S. tax law aspects of the Castle Harbour transaction. The presentation was communicated to the corporate client and is, therefore, protected from disclosure by the attorney-client privilege.
>
>Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the redacted portions of Log. No. 441.

Log No. 442: (Handwritten notes reflecting legal advice of outside legal counsel J. Levinson, Esq. (KS) concerning structure of CH transaction).

>Additional Information: Log No. 442 contains the handwritten notes of Christine Brandt, an employee of GECC, summarizing a discussion in which Jackie Levinson, outside legal counsel to GECC, provided an update on the status of requested legal advice. While the notes are not themselves a "communication" to or from Ms. Levinson, they do "report" confidential communications made in connection with the provision of legal advice, and are therefore protected by the attorney-client privilege. See February 17, 2004 letter, supra at 4, n.4 (citing

>  Nesse v. Pittman, 206 F.R.D. 325, 329 (D.D.C. 2002) (affording protection to documents that "relay" and "memorialize" confidential communications)).
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 442.

Log No. 446: (Handwritten notes of in-house legal counsel reflecting legal advice concerning operating agreement)

> Additional Information: Log No. 446 contains the handwritten notes of GECC in-house counsel that were later incorporated into and communicated to the corporate client. Although not a communication per se, the notes are protected from disclosure by the attorney-client privilege. See February 17, 2004 letter, supra at 4, n.4 (citing Nesse v. Pittman, 206 F.R.D. 325, 329 (D.D.C. 2002) (affording protection to documents that "relay" and "memorialize" confidential communications)).
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 446.

Log No. 448: (Confidential communication to in-house legal counsel for the purpose of obtaining legal advice concerning CH operations)

> Additional Information: Log No. 448 is an accounting analysis that was requested by and transmitted to GECC in-house tax counsel for the purpose of his rendering legal advice regarding Castle Harbour operations. The analysis is protected from disclosure by the attorney-client privilege. See February 17, 2004 letter, supra at 19 (discussing privileged accounting analysis and citing In re Grand Jury Witnesses, 979 F.2d 939, 942 (2d Cir. 1992)).
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 448.

Log No. 453: (Spreadsheets reflecting legal advice of in-house legal counsel J. Kalashian, Esq. that was communicated to W. Harlor (GECC) concerning restructuring alternatives).

> Additional Information: Log No. 453 is an accounting analysis that was requested by and transmitted to GECC in-house tax counsel for the purpose of his rendering legal advice regarding restructuring alternatives for Castle Harbour. The analysis is protected from disclosure by the attorney-client privilege. See February 17, 2004 letter, supra at 19 (discussing privileged accounting analysis and citing In re Grand Jury Witnesses, 979 F.2d 939, 942 (2d Cir. 1992)).

> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 453.

Log No. 468: (Draft services agreement with extensive edits and comments of outside legal counsel, S. Feese, Esq. (KS) and B. Koga, Esq. (KS) communicated only to GECC).

> Additional Information: The handwritten note to "Brian" is a reference to Brian Rogol, a non-lawyer employee of GECC, and was written by Suzanne Feese, Esq., outside legal counsel to GECC.
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 468.

Log No. 622: (Presentation prepared by in-house legal counsel reflecting legal advice and analysis concerning CH operations).

> Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 622 are not privileged and redaction is appropriate. Plaintiff will provide a newly redacted copy of this document to Defendant.
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the remaining redacted portions of Log. No. 622.

Log No. 670: (Email discussing legal advice of outside legal counsel and in-house legal counsel concerning impact of Dutch tax law on transaction).

> Additional Information: The statements of third parties on Log No. 670 are included in a confidential communication of non-privileged facts to GECC in-house counsel for the purpose of obtaining legal advice. As articulated on pages 4-5 of Plaintiff's February 17, 2004 Letter to the Court, supra, such communications are protected by the attorney-client privilege. See, e.g., Clark v. Buffalo Wire Works, 190 F.R.D. 93 (W.D.N.Y. 1999).
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 670.

Log No. 810: (Draft letter reflecting legal impressions of J. Kalashian, Esq. (GECC) and C. Meyer, Esq. (GECC)).

> Additional Information: Log No. 810 is a draft of a letter the redacted language on which reflects legal advice provided by in-house tax counsel for GECC and, in that context, addresses the operation of Castle Harbour from a U.S. tax law perspective. The redacted language summarizes prior confidential communications with GECC tax counsel regarding Castle Harbour operations.

Hon. Stefan R. Underhill
July 12, 2004
Page 9

> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to the redacted portions of Log. No. 810.

Log No. 894: (Letter reflecting legal advice of legal counsel concerning statements to IRS).

> Additional Information: Plaintiff addressed application of the common interest doctrine to this case on page 9 of its February 17, 2004 letter to the Court (citing United States v. United Technologies Corp., 979 F. Supp. 108, 111 (D. Conn. 1997)).
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 894.

Log No. 895: (Letter reflecting legal advice of legal counsel concerning statements to IRS).

> Additional Information: Plaintiff addressed application of the common interest doctrine to this case on page 9 of its February 17, 2004 letter to the Court (citing United States v. United Technologies Corp., 979 F. Supp. 108, 111 (D. Conn. 1997)).
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 895.

Log No. 896: (Email string providing accounting analysis (produced) at the request of in-house legal counsel for the purpose of providing legal advice and reflecting legal advice of in-house legal counsel).

> Additional Information: Log No. 896 is a communication between GECC accountants that originated from a request for assistance from GECC in-house tax counsel for the purpose of his rendering legal advice regarding Castle Harbour. The document discusses accounting analysis that was later provided to and used by in-house counsel in providing legal advice to the corporate client. See February 17, 2004 letter, supra at 19 (discussing privileged accounting analysis and citing In re Grand Jury Witnesses, 979 F.2d 939, 942 (2d Cir. 1992)).
>
> Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 896.

Log No. 897: (Email string providing accounting analysis (produced) at the request of in-house legal counsel for the purpose of providing legal advice and reflecting legal advice of in-house legal counsel).

> Additional Information: Log No. 897 is a communication between GECC accountants that originated from a request for assistance from GECC in-house

counsel for the purpose of his rendering legal advice regarding Castle Harbour. The document discusses accounting analysis that was later provided to and used by in-house counsel in providing legal advice to the corporate client. See February 17, 2004 letter, supra at 19 (discussing privileged accounting analysis and citing In re Grand Jury Witnesses, 979 F.2d 939, 942 (2d Cir. 1992)).

Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 897.

Log No. 898: (Analysis reflecting request of in-house legal counsel for information necessary to provide legal advice and the provision of such information concerning CH operations).

Additional Information: Log No. 898 is a communication between GECC accountants that originated from a request for assistance from GECC in-house counsel for the purpose of his rendering legal advice regarding Castle Harbour. The document discusses accounting analysis that was later provided to and used by in-house counsel in providing legal advice to the corporate client. See February 17, 2004 letter, supra at 19 (discussing privileged accounting analysis and citing In re Grand Jury Witnesses, 979 F.2d 939, 942 (2d Cir. 1992)).

Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 898.

Log No. 899: (Analysis reflecting request of in-house legal counsel for information necessary to provide legal advice and the provision of such information concerning CH operations.).

Additional Information: Log No. 899 is a duplicate copy of Log No. 448.

Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 899.

Log No. 902: (Partial blackline draft legal opinion of outside counsel concerning federal income tax, with handwritten edits).

Additional Information: The page identified by the Court (P0000258) on Log No. 902 consists of handwritten notes regarding the draft legal opinion. The handwritten notes are those of in-house GECC tax counsel and, while they are not themselves a communication, they do "report" confidential communications made in connection with the provision of legal advice. See February 17, 2004 letter, supra at 4, n.4 (citing Nesse v. Pittman, 206 F.R.D. 325, 329 (D.D.C. 2002) (affording protection to documents that "relay" and "memorialize" confidential communications)).

>Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 902.

Log No. 1171: (Summary of facts re: GE Capital Summer Street-I LLC reflecting legal advice and information on operations and corporate structure of LLC).

>Additional Information: As described on the February 6 Privilege Log, Log No. 1171 was drafted by Castle Harbour's outside counsel and reflects a confidential communication of facts by the client. Although the facts set forth on Log No. 1171 are not themselves privileged, the communication of facts is. See, e.g., Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).

>Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 1171.

Log No. 1417: (Presentation reflecting legal advice re: income consequences of 1993 transactions, with attorney handwriting).

>Additional Information: As described, Log No. 1417 is a summary prepared by GECC's in-house tax counsel that applies the federal tax law to explain the consequences of various transactions. This summary was used by counsel to communicate legal advice to the corporate client and is, therefore, protected from disclosure by the attorney-client privilege.

>Suggested Resolution: Sustain Plaintiff's privilege claim with respect to Log. No. 1417.

Log No. 1418: (Presentation reflecting legal advice re: CH transaction).

>Additional Information: On consideration of the Court's comments, Plaintiff has determined that portions of Log No. 1418 are not privileged and redaction is appropriate. Plaintiff will provide a newly redacted copy of this document to Defendant.

>Suggested Resolution: Sustain Plaintiff's privilege claims with respect to the redacted portions of Log No. 1418.

Hon. Stefan R. Underhill
July 12, 2004
Page 12

Log No. 1488: (Memorandum re e-mail use and retention).

    Additional Information: Plaintiff is giving further consideration to its privilege claim for Log. No. 1488 and will provide additional information to the Court.

    Suggested Resolution: Reserve ruling on Plaintiff's privilege claim with respect to Log No. 1488.

Sincerely,

David J. Curtin

Enclosures

cc:    Robert J. Higgins (with Log No. 396 and redacted documents)