IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| TIFD III-E INC, the Tax Matters Partner of CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case Nos.: 3:01-CV-01839 (SRU) (lead case)<br>3:01-CV-01840 (SRU) |

## AFFIDAVIT OF JAMES M. KALASHIAN

1. I am a member of the Bar of the State of Connecticut and am currently employed as an attorney for General Electric Capital Corporation ("GECC"). In my capacity as in-house counsel for GECC, beginning in 1993 and continuing through the present, I have provided legal advice to GECC and its affiliates and relating, directly and indirectly, to Castle Harbour-I Limited Liability Company ("Castle Harbour").

2. Through wholly-owned indirect subsidiaries, including the Plaintiff in this case, TIFD III-E, INC., GECC has held an indirect controlling interest in Castle Harbour since 1993.

3. I am offering this affidavit to substantiate and provide further information regarding certain documents identified on the privilege log that was provided to the Court by the Plaintiff on February 6, 2004. Specifically, this affidavit addresses documents identified on the privilege log as Numbers 205, 379, 896, 897 and 898. This affidavit is based on my personal knowledge of the aforementioned documents.

4. Log. No. 205. This document is described on Plaintiff's privilege log as follows: "Memorandum requesting information needed to provide legal advice concerning foreign operations."

   I wrote this memorandum in order to gather information necessary to provide legal advice to GECC and its affiliates regarding their foreign operations. The information was needed in order for me to ensure that GECC's affiliates were conducting (and would continue to conduct) their foreign operations in a manner that was consistent with applicable legal and regulatory requirements and, in particular, to ensure that the manner in which they conducted those operations comported with representations

1

made to comply with various requirements of local, state and federal law. The confidential information provided to me in response to this memorandum was later incorporated into legal advice that I provided to GECC and its affiliates.

5. Log. No. 379. This document is described on Plaintiff's privilege log as follows: "Fax transmittals and letter produced with redaction of handwritten legal impressions of J. Kalashian, Esq. (GECC)."

   The handwritten notes on this letter are mine. The substance of the notes was later incorporated into legal advice that I provided to GECC and its affiliates regarding their exercise of a purchase option on the membership interests in Castle Harbour held by ING Bank N.V. and Rabo Merchant Bank N.V.

6. Log. No. 896. This document is described on Plaintiff's privilege log as follows: "Email string providing accounting analysis (produced) at the request of in-house legal counsel for the purpose of providing legal advice and reflecting legal advice of in-house legal counsel."

   This document is an e-mail string containing communications between GECC attorneys, accountants and other employees discussing accounting analysis that I requested. I requested the analysis in order to assist me in formulating and providing legal advice to GECC and its affiliates. The author of the final e-mail in the string, Frank Furdyna, was an employee of GECC's General Electric Capital Advisory Services ("GECAS") business unit. The author of the originating e-mail, William Harlor, is an accountant who worked for me. Charlie Meyer, who is copied on the e-mails, is an in-house lawyer for GECC. The accounting analysis being discussed in the e-mail string was later provided to me and incorporated into legal advice I gave to GECC and its affiliates.

7. Log. No. 897. This document is described on Plaintiff's privilege log as follows: "Email string providing accounting analysis (produced) at the request of in-house legal counsel for the purpose of providing legal advice and reflecting legal advice of in-house legal counsel."

   This document is an e-mail string containing communications between GECC attorneys, accountants and other employees discussing accounting analyses that I requested in order to assist me in providing legal advice to GECC and its affiliates. As indicated above, Mr. Furdyna, the author of the final e-mail in the string, was an employee of GECAS. Other individuals on the e-mail string included Mr. Harlor, also identified above, and Doreen Ryan, an employee of GECC who assisted Mr. Furdyna in providing the requested accounting analysis to me. The accounting analysis being discussed in the e-mail string was later provided to me and incorporated into legal advice I gave to GECC and its affiliates.

8. <u>Log. No. 898</u>. This document is described on Plaintiff's privilege log as follows: "Analysis reflecting request of in-house legal counsel for information necessary to provide legal advice and the provision of such information concerning CH operations."

   This document contains analysis that I requested GECC accountants to perform in order for me to formulate and render legal advice to GECC and its affiliates in connection with issues arising from the buy-out of the membership interests in Castle Harbour held by ING Bank N.V. and Rabo Merchant Bank N.V. The accounting analysis contained in this document was later incorporated into legal advice that I gave to GECC and its affiliates.

I DECLARE UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE

AND CORRECT.

   Executed this 21st day of July, 2004, in Bridgeport, Connecticut.

                                             _____
                                             James. M. Kalashian