IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 23 P 3: 45

U.S. DISTRICT COURT
BRIDGEPORT, CONN

TIFD III-E INC., the Tax Matters Partner of )
CASTLE HARBOUR-I LIMITED-LIABILITY )
COMPANY, )
                                    Plaintiff, )    Case Nos.: 3:01-CV-01839 (SRU) (lead case)
                                             )                             3:01-CV-01840 (SRU)
v. )

UNITED STATES OF AMERICA, )

                                    Defendant. )

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM JOHN LACEY REGARDING BUSINESS PURPOSE**

Plaintiff, TIFD III-E INC. ("Plaintiff"), submits the following memorandum in support of its motion in limine for an order excluding from the trial anticipated testimony from Defendant's designated expert witness, Dr. John Lacey. Through its motion, Plaintiff seeks an order excluding any proffered testimony from Dr. Lacey on the subjective motive of Plaintiff, TIFD III-M INC. ("TIFD III-M"), the General Electric Capital Corporation ("GECC"), or any other entity for entering into the Castle Harbour-I LLC partnership ("Castle Harbour") that is the subject of this case.

On August 15, 2003, the government disclosed John Lacey as an expert witness whose testimony would be offered at trial. From his expert report and deposition testimony, it appears that Dr. Lacey will offer his assessment of the Castle Harbour transaction from the perspective of a GAAP accountant, and will attempt to opine on, among other matters, the business purpose for involving ING and Rabo in Castle Harbour. In particular, in his report Dr. Lacey states, as his fifth opinion point, that "[t]he only *business purpose* of including the Dutch Banks as investors

[in Castle Harbour] was to avoid paying taxes." Expert Report of John M. Lacey, Ph.D, at 5 (emphasis added).

The Federal Rules of Evidence require trial courts to play a "gatekeeping" function when assessing the admissibility of testimony from an expert witness. Advisory Committee Notes, 2000 Amendments to Fed. R. Evid. 702. In this role, the trial courts must examine proffered testimony for both reliability and relevance. See Daubert v. Merrell Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 146 (1999); Coleman v. Dydula, 139 F. Supp.2d 388, 390 (W.D.N.Y. 2001) (Daubert analysis applied to testimony by financial and accounting experts).

To the extent "business purpose" is relevant to the Court's inquiry in this case, it is a subjective test that turns on the parties' subjective motivations. As discussed in the plaintiff's trial brief, see Plaintiff's Trial Brief at 43-44, the relevant inquiry in a business purpose analysis is "were the parties motivated at least in part by reasons unrelated to taxes?" Newman v. Commissioner, 902 F.2d 159, 163 (2d Cir. 1990). Because the proffered "business purpose" testimony of Dr. Lacey is based upon his speculation regarding the subjective motivations of the parties to the Castle Harbour transaction, it is irrelevant and inherently unreliable as a matter of law. See United States v. Scop, 846 F.2d 135, 142 (2d Cir.) (expert witness statements as to "manipulation," existence of a "scheme to defraud," and "fraud" exceeded permissible scope of opinion testimony), modified, 856 F.2d 5 (2d Cir. 1988); United States v. Rahman, 189 F.3d 88, 136 (2d Cir. 1999) (defendant's experts could not testify to alleged terrorist's intentions or beliefs); Kidder, Peabody & Co. v. IAG Int'l Acceptance Group, 14 F. Supp.2d 391, 398 (S.D.N.Y. 1998) (expert witness could not testify to what parties knew, believed, assumed, or understood in a malicious prosecution counterclaim); Securities and Exchange Commission v.

2

Lipson, 46 F. Supp.2d 758, 763 (N.D. Ill. 1999) (any opinions accountant might offer on whether the party believed in the reliability of internal financial reports falls short of the reliability and helpfulness criteria in Fed. R. Evid. 702). No matter what an expert's qualifications, opinions on the motive or state of mind of a corporation have "no basis in any relevant body of knowledge or expertise." In re Rezulin Products Liability Litigation, 309 F. Supp.2d 531, 546 (S.D.N.Y. 2004); see also GST Telecomms, Inc. v. Irwin, 192 F.R.D. 109, 110-11 (S.D.N.Y. 2000) ("[I]t would be inappropriate to consider the experts' personal assessments of the credibility of the situations involved, the sufficiency of the measures utilized in considering the business plans being pursued, . . . and the impact of self interested conduct and the significance thereof."); Taylor v. Evans, No. 94 Civ. 8425 (CSH), 1997 WL 154010, at * 2 (S.D.N.Y. Apr. 1, 1997) ("[M]usings as to defendants' motivations would not be admissible if given by any witness—lay or expert.").

The decision in Lippe v. Bairnco Corp., 288 B.R. 678, 687 (S.D.N.Y. 2003) is particularly instructive here because the court in that case excluded proffered expert testimony concerning a party's "business purpose." In Lippe, trustees of a creditors' trust brought suit on behalf of a bankrupt manufacturer to recover from affiliated corporations and officers and directors, charging that they had fraudulently conveyed money to affiliated corporations to avoid the reach of asbestos claimants. Lippe, 288 B.R. at 681. The plaintiff sought to introduce the expert testimony of a law professor to opine as to the "business purpose" of the transactions in question. In early rulings, the court held that the expert would not be permitted to offer his "personal assessment on the credibility of others or what others actually intended." Id. at 681-82. During his deposition, however, the expert continued to opine on business purpose, believing his testimony to be outside the scope of the court's prior ruling. 288 B.R. at 683. In

granting a subsequent motion to preclude the expert from testifying, the district court disagreed, and clarified its prior ruling that expert testimony as to business purpose is improper and irrelevant:

> As his report and deposition testimony make clear, [the expert] was going to do his best to persuade the jury that the "business purpose" of the transactions in question was an improper one—that defendants' "real purpose," their true motivation, in engaging in the transactions was to hide the assets from asbestos creditors. Plaintiffs envisioned that [the expert] would testify to and summarize the relevant facts (as to which he had no personal knowledge) and then opine—or, more accurately, argue—that defendants were intending to defraud ... But this is what a lawyer does in his or her summation to the jury. This is not the function of an expert witness. [The expert's] views as to the credibility of defendants' witnesses and defendants' 'real' motivations are simply not relevant.

Lippe, 288 B.R. at 688.

The abundant case law cited here just underscores the obvious proposition that no one can be an expert concerning another person's subjective motivations. What is particularly remarkable here is that Dr. Lacey considered himself competent to render an opinion on the "business purpose" for Castle Harbour without ever hearing from the business people whose decision it was to form the partnership.[1] It is possible that Dr. Lacey, having now heard the credible and unrebutted trial testimony of the GECC executives who approved and executed the Castle Harbour transaction, will withdraw his claim that there were no non-tax business reasons

---

[1] Dr. Lacey's expert report is dated August 15, 2003. The government deposed three of GECC's senior executives on August 21 and August 28, 2003. To date, Dr. Lacey has made no effort to supplement his report to reflect this deposition testimony, nor did he say at his deposition that such testimony had any bearing on his opinion. Indeed, Dr. Lacey had not even bothered to read the transcripts of these depositions. Lacey Depo. Tr. at 143.

4

for the Dutch Banks' investments in Castle Harbour. If he does not, the court is requested to exercise its gatekeeper function and keep any such improper testimony out of this trial.

                        Respectfully submitted,

                        _____
                        William F. Nelson, ct22883
                        David J. Curtin, ct22881
                        Michael J. Desmond, ct23186
                        John A. Galotto, ct22882
                        MCKEE NELSON LLP
                        1919 M Street, N.W., Suite 800
                        Washington, D.C. 20036
                        Telephone: (202) 775-1880
                        Facsimile: (202) 775-8586
                        wnelson@mckeenelson.com
                        dcurtin@mckeenelson.com
                        mdesmond@mckeenelson.com
                        jgalotto@mckeenelson.com

                        Anthony M. Fitzgerald, ct04167
                        CARMODY & TORRANCE LLP
                        195 Church Street, P.O. Box 1950
                        New Haven, CT 06509-1950
                        Telephone: (203) 777-5501
                        Facsimile: (203) 784-3199
                        e-mail: afitzgerald@carmodylaw.com

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION <u>IN LIMINE</u> TO EXCLUDE TESTIMONY FROM JOHN LACEY REGARDING BUSINESS PURPOSE** has been made today, July 23, 2004, by delivering true and correct copies thereof by hand to the following:

>Robert J. Higgins
>Barry E. Reiferson
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>c/o Ann Nevis, Assistant United States Attorney
>U.S. Attorney's Office
>915 Lafayette Blvd.
>Bridgeport, CT 06604

and by facsimile to    (203) 378-4958
(202) 514-9440

>_____
>John A. Galotto, ct22882
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 800
>Washington, D.C. 20036
>Telephone: (202) 775-1880
>Facsimile: (202) 775-8586

Dated this 23rd day of July, 2004.