IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

FILED

2004 JUL 26  A 9:01

U.S. DISTRICT COURT
BRIDGEPORT, CO...

| | |
|---|---|
| TIFD III-E INC., THE TAX MATTERS PARTNER OF CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NOS. 3:01CV01839(SRU)<br>3.01CV01840(SRU) |

## UNITED STATES' RESPONSE TO
## MOTION IN LIMINE DATED JULY 23, 2004

COMES NOW the defendant, the United States of America, and hereby responds to plaintiff's motion in limine dated July 23, 2004, regarding Dr. John Lacey's anticipated testimony.

There is no merit to plaintiff's motion. Plaintiff has offered several General Electric Capital Corporation (GECC) executives as witnesses during the first three days of this trial. They have testified about their alleged "subjective" motives for the October 6, 1993, transaction. Defendant's rebuttal to their "subjective" motives are the facts of the Castle Harbour transaction, particularly its structure, components, and participants. The "objective" facts of Castle Harbour are the reply to the GECC executives' testimony.

Dr. Lacey's expert testimony will aid the Court in analyzing the structure of Castle Harbour. Neither his expert report nor his deposition testimony suggest in any manner that his testimony pertains to the "subjective" motives of the GECC executives.

-1-

Plaintiff's motion should be denied as moot and speculative. Quoting one snippet from Dr. Lacey's expert report–and not one word from his hours of deposition testimony–demonstrates the meritlessness of plaintiff's July 23, 2004, motion. Dr. Lacey's conclusion is based on his analysis, *inter alia*, of the cash flow of Castle Harbour and Castle Harbour Leasing, Inc., particularly the disparity between the capital accounts' allocation of income and the federal tax returns' allocation of income. These "objective facts" are not in dispute.

Dr. Lacey is a highly qualified Certified Public Account (CPA), who is a full professor of accountancy and the Ernst & Young Research Fellow in the College of Business Administration at California State University, Long Beach. He is an experienced expert witness who has been recognized as such by federal and state courts, as well as federal and state administrative agencies. His testimony in this case will concern the "objective" facts of the Castle Harbour structure, including Castle Harbour Leasing, Inc. His analysis of the facts, from the perspective of a Certified Public Account with a Ph.D. from the University of California at Los Angeles (UCLA), with a major in accounting information systems and minors in economics and mathematics, and a M.B.A. with a major in quantitative business analysis from the University of Southern California (USC), will demonstrate, in defendant's view, that the only "objective" purpose of the October 6, 1993, Castle Harbour transaction–with all its elements–was to avoid taxation.

In other words, the flow of cash to and from Castle Harbour was arranged to avoid taxation on $310,000,000 of income allocated to the Dutch banks (ING and Rabo Merchant Bank). GECC's other alleged motives, (1) to raise liquidity for GECC on

existing assets, and (2) to attract additional "equity" investors could have been accomplished outside the Castle Harbour structure and without foreign, tax-indifferent "investors." The gravamen of this litigation is whether the Castle Harbour/Castle Harbour Leasing, Inc. structure should be disregarded for federal income tax purposes. The law of the Second Circuit is whether "the transaction was motivated by tax consequences and not by business or economic consequences." Gilman v. Commissioner, 933 F.2d 143, 148 (2d. Cir. 1991). Here, the United States believes the evidence will demonstrate that the October 6, 1993, Castle Harbour transaction was motivated by tax consequences. Dr. Lacey's testimony, it is believed, will assist the Court in understanding the financial elements of this case.

WHEREFORE, the United States prays that the Court deny plaintiff's July 23, 2004, motion in limine.

> KEVIN J. O'CONNOR
> United States Attorney
> JOHN B. HUGHES
> Chief, Civil Division
>
> ROBERT J. HIGGINS (ct23378)
> BARRY E. REIFERSON (ct24580)
> Trial Attorneys, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Washington, D.C. 20044
> Telephone: (202) 307-6580
> Facsimile: (202) 514-5440

July 26, 2004

## CERTIFICATE OF SERVICE

I certify that service of the foregoing United States' Response to Plaintiff's Motion in Limine, has, this 26th day of July 2004, been made on plaintiffs' counsel by hand delivery and by mailing in a postage pre-paid envelope a copy thereof to the following address:

David J. Curtin, Esq.
MCKEE NELSON LLP
1919 M Street, N.W., Suite 800
Washington, DC 20036

Anthony M. Fitzgerald
CARMODY & TORRANCE LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509-1950

Suzanne C. Feese
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303-1763

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440