IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

FILED

2004 JUL 26  A 9: 01

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| TIFD III-E INC., THE TAX MATTERS PARTNER OF CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NOS. 3:01CV01839(SRU)<br>3.01CV01840(SRU) |

**UNITED STATES' MEMORANDUM IN SUPPORT OF DESIGNATIONS IN DEPOSITION TRANSCRIPTS OF HEM MULDERS AND WILFRED NAGEL**

This memorandum responds to plaintiff's oral representations on Friday, July 23, 2004, regarding plaintiff's objections to certain deposition testimony of Hem Mulders (Rabo Merchant Bank) and Wilfred Nagel (ING Bank).

A.   Plaintiff's Reliance on Technical Advice Memoranda (TAM) Violates IRC § 6110(k)(3)

The plaintiff provided the Court and defendant's counsel with two Internal Revenue Service (IRS) Technical Advice Memoranda (TAM) in support of its position that certain testimony of Hem Mulders and Wilfred Nagel should be excluded from consideration by the Court. These individuals were deposed in London, England on December 4 and 9, 2003. Their depositions were videotaped. The video and audio tapes of the depositions, as well as the transcripts have been provided to the Court.

Section 6110(k)(3) of the Internal Revenue Code (26 U.S.C.) specifically

provides that Technical Advice Memoranda cannot be used or cited as precedent. Plaintiff's reliance on these two documents is not appropriate. United States v. Hill, 506 U.S. 546, 564 n12 (1993); Esden v. Bank of Boston, 229 F.3d 154, 176 (2d Cir. 2000); Vons Companies v. United States, 51 Fed. Cl. 1, 8-11 (2001). This rule recognizes that TAMs are fact specific and are produced by the IRS in response to questions raised by their own auditors with respect to specific taxpayers and their individual circumstances. The taxpayers in the TAMs provided by the plaintiff are redacted and apparently do not involve GECC or any of its affiliates.

    B.    Mr. Nagel's Testimony Is Relevant and a Proper Foundation Was Established for All His Testimony

The plaintiff seeks to exclude Wilfred Nagel's testimony at pages 62:13 to 65:11 and page 71:5 to 71:13 on grounds of relevance and lack of foundation. The testimony is that ING bank treated its contribution to Castle Harbour as debt for its financial reporting purposes and for Dutch tax purposes. This testimony is relevant because the legal standard for determining whether an investment should be treated as debt or equity for federal tax purposes includes consideration of how the investor treated the investment. Estate of Mixon v. United States, 464 F.2d 394, 402-03 (5th Cir. 1972) ; Fin Hay Realty Co v. United States, 398 F.2d 694, 696 (3d Cir. 1968). Trial Brief[1] 38, 39.

The foundation for Mr. Nagel's testimony that ING Bank treated the investment as a loan is established through his testimony. FRE 602. He had personal knowledge

---

1/ References to "Trial Brief" are to the United States' Trial Brief in this matter filed on July 8, 2004.

that ING Bank treated the investment as a loan. Nagel[2] 62. The testimony uses simple, well-understood economic terms, such as "loan," "debt," and "equity."

Plaintiff's apparent contention that Mr. Nagel–or by implication ING Bank– was employing these terms in other than their well-accepted meanings in the English language is without merit. Mr. Nagel's English is excellent. He was the leader of the negotiating team from ING Bank, the major, sophisticated money center bank that Babcock & Brown, the investment banking firm for the General Electric Capital Corporation (GECC), solicited to join Castle Harbour. Nagel 76. Trial Testimony of Daniel Brickman. It is plainly apparent from the text of the deposition transcript–and the video of the deposition–that there was no confusion over the meaning of any words spoken. If there was, plaintiff failed to address any such issues in its very limited cross-examination. Nagel 76-86.

    C.    Mr. Mulders' Testimony Is Relevant and a Proper Foundation Was Established for All His Testimony

The issue is essentially the same for Hem Mulders' deposition, except that for this deposition–taken five days after Mr. Nagel's–plaintiff conducted a more extensive cross-examination. The plaintiff seeks to exclude Mr. Mulders' testimony on direct examination by defendant's counsel at pages 42:24 to 44:22, pages 46:20 to 48:16, and pages 108-110, plus cross-examination by plaintiff's counsel at pages 94:13 to 96:20 on grounds of relevance and lack of foundation. The testimony is that Rabo Merchant Bank treated its contribution to Castle Harbour as debt for its financial

---

2/ References to "Nagel" are to the deposition transcript for Wilfred Nagel, December 4, 2003.

reporting purposes and for Dutch tax purposes. This testimony is relevant because the legal standard for determining whether an investment should be treated as debt or equity for federal tax purposes includes consideration of how the investor treated the investment.  Estate of Mixon v. United States, 464 F.2d 394, 402-03 (5th Cir. 1972) ; Fin Hay Realty Co v. United States, 398 F.2d 694, 696 (3d Cir. 1968).

The foundation for Mr. Mulders' testimony that Rabo Merchant Bank treated the investment as a loan is established through his testimony. FRE 602. He had personal knowledge that ING Bank treated the investment as a loan. Mulders[3] 44.

Plaintiff's cross-examination of Mr. Mulders makes clear that there was no misunderstanding among the parties with respect to the plain meaning–in English–of basic economic terms such as debt, equity, or loans. Plaintiff's objections are simply an obvious attempt to withhold a relevant fact from the Court–Rabo Merchant Bank treated

---

3/ References to "Mulders" are to the deposition transcript for Hem Mulders, taken on December 9, 2003, in London, England.

the Castle Harbour contribution as a loan–because this fact is harmful to their case under the applicable legal standard.  <u>Estate of Mixon</u>; <u>Fin Hay Realty Co.</u> .

                    KEVIN J. O'CONNOR
                    United States Attorney
                    JOHN B. HUGHES
                    Chief, Civil Division

                    ROBERT J. HIGGINS (ct23378)
                    BARRY E. REIFERSON (ct24580)
                    Trial Attorneys, Tax Division
                    U.S. Department of Justice
                    Post Office Box 55
                    Washington, D.C. 20044
                    Telephone:  (202) 307-6580
                    Facsimile:  (202) 514-5440

July 26, 2004

## CERTIFICATE OF SERVICE

I certify that service of the foregoing United States' Memorandum in Support of Designations in Deposition Transcripts of Hem Mulders and Wilfred Nagel, has, this 26th day of July 2004, been made on plaintiff's counsel by hand delivery and by mailing in a postage pre-paid envelope a copy thereof to the following address:

David J. Curtin, Esq.
MCKEE NELSON LLP
1919 M Street, N.W., Suite 800
Washington, DC 20036

Anthony M. Fitzgerald
CARMODY & TORRANCE LLP
195 Church Street
P.O. Box 1950
New Haven, Connecticut 06509-1950

Suzanne C. Feese
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia 30303-1763

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440