3:01CV01839(SRU)
3:01CV01840(SRU)
(Judge Underhill)

---
---

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

---

TIFD III-E INC., THE TAX MATTERS PARTNER OF
CASTLE HARBOUR-1 LIMITED-LIABILITY COMPANY,

                                                                                            Plaintiff

v.

THE UNITED STATES OF AMERICA,

                                                                                            Defendant

---

APPENDIX A TO THE UNITED STATES
INITIAL BRIEF ON REMAND

---

                                          KEVIN J. O'CONNOR
                                             United States Attorney
                                          JOHN B. HUGHES
                                           Chief, Civil Division
                                         ROBERT J. HIGGINS
                                           Trial Attorney
                                         United States Department of Justice (Tax)
                                         Washington, D.C. 20044

## TABLE OF CONTENTS

Page

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.), 1998 Ed:

§ 6653 *(Repealed)* ............................................................. A1

§ 6661 *(Repealed)* ............................................................. A3

§ 6662 ...................................................................... A5

§ 6664 ...................................................................... A8

Treasury Regulations (26 C.F.R.), 2001 Ed.

§ 1.6661-1 .................................................................. A9

§1.6661-2 ................................................................... A9

§1.6661-3 .................................................................. A14

§1.6661-4 .................................................................. A15

§1.6661-5 .................................................................. A17

§1.6661-6 .................................................................. A19

Treasury Regulations (26 C.F.R.), 1998 Ed:

§ 1.6662-1 ................................................................. A22

§ 1.6662-2 ................................................................. A22

§ 1.6662-3 ................................................................. A23

§ 1.6662-4 ................................................................. A25

§ 1.6664-4 ................................................................. A34

**Internal Revenue Code of 1986 (26 U.S.C.), 1988 Ed.**

SEC. 6653. ADDITIONS TO TAX FOR NEGLIGENCE AND FRAUD **(Repealed, 12/31/89)**

(a) NEGLIGENCE.-

    (1) IN GENERAL.-If any part of any underpayment (as defined in subsection (c)) is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to the sum of-

        (A) 5 percent of the underpayment, and

        (B) an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).

    (2) UNDERPAYMENT TAKEN INTO ACCOUNT REDUCED BY PORTION ATTRIBUTABLE TO FRAUD.-There shall not be taken into account under this subsection any portion of an underpayment attributable to fraud with respect to which a penalty is imposed under subsection (b).

    (3) NEGLIGENCE.-For purposes of this subsection, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term "disregard" includes any careless, reckless, or intentional disregard.

\*\*\*\*

[Sec. 6653(c)]

(c) DEFINITION OF UNDERPAYMENT.-For purposes of this section, the term "underpaymnent" means-

    (1) INCOME, ESTATE, GIFT, AND CERTAIN EXCISE TAXES.-In the case of a tax to which section 6211 (relating to income estate, gift, and certain excise taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(.4) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing), and

    (2) OTHER TAXES.-In the case of any other tax, the amount by which such tax imposed by this title exceeds the excess of-

A1

(A) The sum of-

(i) The amount shown as the tax by the taxpayer upon his return (determined without regard to any credit for an overpayment for any prior period, and without regard to any, adjustment under authority of sections 6205(a) and 6413(a)), if a return was made by the taxpayer within the time prescribed for filing such return (determined with regard to any extension of time for such filing) and an amount was shown as the tax by the taxpayer thereon, plus

(ii) Any amount, not shown on the return, paid in respect of such tax, over-

(B) The amount of rebates made.

For purposes of subparagraph (B), the term "rebate" means so much of an abatement, credit, refund, or other repayment, as was made on the ground that the tax imposed was less than the excess of the amount specified in subparagraph (A) over the rebates previously made.

\*\*\*\*

**Internal Revenue Code of 1986 (26 U.S.C.), 1989 Ed.**

SEC. 6661. SUBSTANTIAL UNDERSTATEMENT OF LIABILITY. (Repealed, 12/31/89)

(a) Addition to Tax.—If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement.

\*\*\*\*

(b) Definition and Special Rule.—
  (1) Substantial understatement.—
    (A) In general.—For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of—
      (i) 10 percent of the tax required to be shown on the return for the taxable year, or
      (ii) $5,000.

\*\*\*\*

    (B) Special rule for corporations.—In the case of a corporation other than an S corporation or a personal holding company (as defined in section 542) paragraph (1) shall be applied by substituting "$10,000" for "$5,000".

| | |
|---|---|
| *Last amendment.*—Sec. 6661(b)(1)(B) appears above as amended by Sec. 5(a)(42) of Public Law 97-354, Oct. 19, 1982, effective (Sec. 6 of P.L. 97-354) generally for taxable years beginning after Dec. 31, 1982. Sec. 6661(b)(1)(B) as it read before this amendment is in PH Cumulative Changes. | *Addition.*—Sec. 6661(b)(1)(B) was added ... 323(a) of Public Law 97-248, Sept. 3, 1982, effective (Sec. 323(c) of P.L. 97-248) for returns the due date for filing of which regardless of extensions is after Dec. 31, 1982. |

  (2) Understatement.—
    (A) In general.—For purposes of paragraph (1), the term "understatement" means the excess of—
      (i) the amount of the tax required to be shown on the return for the taxable year, over
      (ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).

A3

**Internal Revenue Code of 1986 (26 U.S.C.), 1989 Ed.**

(B) Reduction for understatement due to position of taxpayer or disclosed item.—The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to—
  (i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or
  (ii) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return.
(C) Special rules in cases involving tax shelters.—
  (i) In general.—In the case of any item attributable to a tax shelter—
    (I) subparagraph (B)(ii) shall not apply, and
    (II) subparagraph (B)(i) shall not apply unless (in addition to meeting the requirements of such subparagraph) the taxpayer reasonably believed that the tax treatment of such item by the taxpayer was more likely than not the proper treatment.
  (ii) Tax shelter.—For purposes of clause (i), the term 'tax shelter' means—
    (I) a partnership or other entity,
    (II) any investment plan or arrangement, or
    (III) any other plan or arrangement, if the principal purpose of such partnership, entity, plan, or arrangement is the avoidance or evasion of Federal income tax.

(3) Coordination with penalty imposed by section 6659.—For purposes of determining the amount of the addition to tax assessed under subsection (a), there shall not be taken into account that portion of the substantial understatement on which a penalty is imposed under section 6659 (relating to addition to tax in the case of valuation overstatements).

(c) Authority to Waive.—The Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith.

\*\*\*\*

**Internal Revenue Code of 1986 (26 U.S.C.), 1997 & 1998 Ed.**

Sec. 6662. Imposition of accuracy-related penalty

(a) Imposition of penalty

If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.

(b) Portion of underpayment to which section applies

This section shall apply to the portion of any underpayment which is attributable to 1 or more of the following:
    (1) Negligence or disregard of rules or regulations.
    (2) Any substantial understatement of income tax.
    (3) Any substantial valuation misstatement under chapter 1.
    (4) Any substantial overstatement of pension liabilities.
    (5) Any substantial estate or gift tax valuation understatement.

This section shall not apply to any portion of an underpayment on which a penalty is imposed under section 6663.

(c) Negligence

For purposes of this section, the term ``negligence" includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term ``disregard" includes any careless, reckless, or intentional disregard.

(d) Substantial understatement of income tax

    (1) Substantial understatement

(A) In general

    For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of--
        (i) 10 percent of the tax required to be shown on the return for the taxable year, or

2182182.1

(ii) $5,000.

(B) Special rule for corporations

In the case of a corporation other than an S corporation or a personal holding company (as defined in section 542), paragraph (1) shall be applied by substituting ``$10,000'' for ``$5,000''.

(2) Understatement

(A) In general

For purposes of paragraph (1), the term ``understatement'' means the excess of--
  (i) the amount of the tax required to be shown on the return for the taxable year, over
  (ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).

(B) Reduction for understatement due to position of taxpayer or disclosed item

The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to--
  (i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or
  (ii) any item if--
    (I) the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return, and
    (II) there is a reasonable basis for the tax treatment of such item by the taxpayer.

(C) Special rules in cases involving tax shelters

(i) In general

In the case of any item of a taxpayer other than a corporation which is attributable to a tax shelter--
    (I) subparagraph (B)(ii) shall not apply, and
    (II) subparagraph (B)(i) shall not apply unless (in

addition to meeting the requirements of such subparagraph) the taxpayer reasonably believed that the tax treatment of such item by the taxpayer was more likely than not the proper treatment.

(ii) Subparagraph (B) not to apply to corporations

Subparagraph (B) shall not apply to any item of a corporation which is attributable to a tax shelter.

(iii) Tax shelter

For purposes of this subparagraph, the term ``tax shelter'' means--
  (I) a partnership or other entity,
  (II) any investment plan or arrangement, or
  (III) any other plan or arrangement,

if the principal purpose of such partnership, entity, plan, or arrangement is the avoidance or evasion of Federal income tax.

(D) Secretarial list

The Secretary shall prescribe (and revise not less frequently than annually) a list of positions--
  (i) for which the Secretary believes there is not substantial authority, and
  (ii) which affect a significant number of taxpayers.

Such list (and any revision thereof) shall be published in the Federal Register.

\*\*\*\*

**Internal Revenue Code of 1986 (26 U.S.C.), 1997 & 1998 Ed.**

Sec. 6664. Definitions and special rules

(a) Underpayment

　For purposes of this part, the term ``underpayment'' means the amount by which any tax imposed by this title exceeds the excess of--
　　(1) the sum of--
　　　(A) the amount shown as the tax by the taxpayer on his return, plus
　　　(B) amounts not so shown previously assessed (or collected without assessment), over

　　(2) the amount of rebates made.

For purposes of paragraph (2), the term ``rebate'' means so much of an abatement, credit, refund, or other repayment, as was made on the ground that the tax imposed was less than the excess of the amount specified in paragraph (1) over the rebates previously made.

(b) Penalties applicable only where return filed

　The penalties provided in this part shall apply only in cases where a return of tax is filed (other than a return prepared by the Secretary under the authority of section 6020(b)).

(c) Reasonable cause exception

　　　(1) In general

　No penalty shall be imposed under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.

\*\*\*\*

2182190.1

**Treasury Regulations (26 C.F.R.):**

**§ 1.6661-1** Addition to tax in the case of a substantial understatement of tax liability.

**(a) In general.** Section 6661 imposes an addition to tax (penalty) for an understatement of tax liability that constitutes a substantial understatement of income tax. This section prescribes the effective date of the penalty. The manner of computing understatements subject to the penalty is set forth in § 1.6661-2. The definition of "substantial authority" is set forth in § 1.6661- 3. Rules concerning the adequacy of disclosure are set forth in § 1.6661-4. The treatment of "tax shelters" is provided in § 1.6661-5. The circumstances in which the penalty may or will be waived by the Commissioner are set forth in § 1.6661-6.

**(b) Effective date.** The penalty under section 6661 applies to returns the due date (determined without regard to extensions of the time for filing) of which is after December 31, 1982. The penalty does not apply to amended returns, so-called, if the due date for the return to which the amended return relates (determined without regard to extensions) is before January 1, 1983.

**§ 1.6661-2** Computation of penalty; meaning of terms.

**(a) Amount of penalty.** If there is a substantial understatement of income tax for a taxable year (as defined in paragraph (b) of this section), section 6661 imposes a penalty equal to 10 percent of the understatement of tax liability.

**(b) Substantial understatement.** The term "substantial understatement" means an understatement (as defined in paragraph (c) of this section) that exceeds the greater of--

(1) 10 percent of the tax required to be shown on the return for the taxable year (as defined in paragraph (d)(4) of this section); or

(2) $5,000 ($10,000 in the case of a corporation other than an S corporation (as defined in section 1361(a)(1)) or a personal holding company (as defined in section 542)).

**(c) Understatement.** The term "understatement" means the excess of--

(1) The amount of tax required to be shown on the return for the taxable year (as defined in paragraph (d)(4) of this section), over

(2) The amount of tax shown on the return for the taxable year (as defined in paragraph (d)(2) of this section), reduced by any rebate (as defined in paragraph (d)(3) of this section).

**(d) Determination of amounts--(1) Amount of tax.** For purposes of section 6661, the amount of tax is the amount of tax imposed by Subtitle A of the Code.

A9

**(2) Tax shown on return.** For purposes of section 6661, the amount of tax shown on the return for the taxable year is determined with the adjustments prescribed in this paragraph (d)(2), without regard to the items described in paragraph (d)(5) of this section, without regard to any net operating loss carryback, tax credit carryback, capital loss carryback, or commodity futures loss carryback ("carryback"), and without regard to any amount of additional tax shown on a return (including an amended return, so-called) filed after the taxpayer is first contacted by the Internal Revenue Service concerning the tax liability of the taxpayer for the taxable year. See § 1.6661-6(c) for rules relating to waiver of the penalty if the taxpayer files a "qualified amended return." If no return was filed for the taxable year or if the return (other than a return filed under section 6014) shows no tax due, the amount of tax shown on the return is considered to be zero. The amount of tax shown on the return for the taxable year is determined by computing the tax as if the following items (in addition to the items that were properly reported on the return) had received the proper tax treatment:

(i) Items (other than tax shelter items as defined in § 1.6661-5(c)) for which there is or was substantial authority for the treatment claimed (as provided in § 1.6661-3).

(ii) Items (other than tax shelter items as defined in § 1.6661-5(c)) with respect to which there is adequate disclosure (as provided in § 1.6661-4).

(iii) Tax shelter items (as defined in § 1.6661-5(c)) for which there is or was substantial authority for the treatment claimed (as provided in § 1.6661- 3), and with respect to which the taxpayer reasonably believes that the tax treatment of the item was more likely than not the proper tax treatment (as provided in § 1.6661-5(d)).

(iv) Items taken into account in computing the amount of any net operating loss, unused tax credit, or net capital loss for a taxable year the return for which was due (determined without regard to extensions of time for filing) before January 1, 1983 (regardless of whether there is substantial authority or adequate disclosure with respect to such items).

**(3) Rebate.** For purposes of section 6661, the amount of a rebate is the rebate (within the meaning of section 6211(b)(2) and § 301.6211-1(f)), determined as if any items to which the rebate is attributable that are described in paragraph (d)(2)(i)-(iv) of this section (in addition to the items that were properly reported on the return) had received the proper tax treatment.

**(4) Tax required to be shown.** For purposes of section 6661, the amount of tax required to be shown on the return for the taxable year is the amount of tax imposed on the taxpayer for the taxable year determined without regard to items described in paragraph (d)(5) of this section and without regard to any allowable carryback that was not taken into account in computing the amount of a rebate for the taxable year.

**(5) Items disregarded.** The amount of tax shown on the return for the taxable year and the amount of tax required to be shown on the return for the taxable year are both determined without regard to--

A10

(i) The credit under section 31 for tax withheld;

(ii) The credit under section 33 for tax withheld at source on nonresident aliens and foreign corporations;

(iii) Any credit resulting from the collection of amounts assessed under section 6851 as the result of a termination assessment;

(iv) Payments of tax or estimated tax by the taxpayer; and

(v) Any tax that the taxpayer is not required to assess on the return (such as the tax imposed by section 535 on the accumulated taxable income of a corporation).

**(6) Treatment of carryovers--(i) In general.** A net operating loss carryover, tax credit carryover, or capital loss carryover shall be treated for purposes of section 6661 as a credit or deduction in the year in which the carryover is taken into account. See paragraph (d)(2)(iv) of this section for rules applicable to carryovers from a taxable year the return for which was due (without regard to extensions of time for filing) before January 1, 1983.

**(ii) Carryovers treated as carrybacks.** For purposes of section 6661, a carryover to a taxable year shall be treated as a carryback rather than a carryover with respect to such year to the extent such carryover exceeds the amount of the carryover determined without taking into account carrybacks from taxable years subsequent to such years.

**(e) Examples.** The following examples illustrate the computation of an understatement:

**Example (1).** In 1983, an individual calendar year taxpayer, files a return for 1982, which shows taxable income of $18,200 and tax liability of $3,194. Subsequent adjustments on audit for 1982 increase taxable income to $51,500 and tax liability to $17,068. There was substantial authority for an item resulting in an adjustment that increases taxable income by $5,300. The item is not a tax shelter item. In computing the amount of the understatement, the amount of tax shown on A's return is determined as if the item for which there was substantial authority had been given the proper tax treatment. Thus, the amount of tax that is treated as shown on A's return is $4,837 (the tax on $23,500) ($18,200 taxable income actually shown on A's return plus $5,300, the amount of the adjustment for which there was substantial authority). The amount of the understatement is $12,231 ($17,068 (the amount of tax required to be shown) less $4,837 (the amount of tax treated as shown on A's return after adjustment for the item for which there was substantial authority)). Because the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the year ($1,707 ($17,068x.10)) or $5,000, A has a substantial understatement of income tax for the year. The amount of section 6661 penalty is $1,223.10 (.10x$12,231).

**Example (2).** Corporation X was formed on January 1, 1982. In 1983, X adopts a calendar taxable year and files a return for 1982 showing a tax liability of $10,000. In 1984, X determines that it has

an unused investment tax credit for taxable year 1983 in the amount of $20,000. X files an amended return, so-called, for taxable year 1982 claiming an investment tax credit carryback of $20,000 and receives a rebate of $10,000 (the tax liability shown on X's original return for taxable year 1982). On audit for taxable years 1982 and 1983, adjustments increase tax liability for 1982 to $24,000, and decrease the unused investment tax credit for 1983 to $8,000. There was not substantial authority and X did not make adequate disclosure with respect to the items comprising the 1982 adjustments, but there was substantial authority for $1,000 of the $12,000 investment tax credit disallowed for 1983. The amount of the section 6661 penalty for 1982 is computed as follows:

(i) The amount of tax required to be shown on the return for 1982 is $16,000 (i.e., the tax liability as adjusted on audit ($24,000) reduced by the allowable tax credit carryback taken into account in computing the amount of the rebate ($8,000)).

(ii) The amount of tax shown on the return is $10,000 (i.e., the tax shown on the return without adjustment for carryback of the investment tax credit).

(iii) The amount of the rebate is $9,000 (i.e., the amount of the rebate determined as if the items described in paragraph (d)(2)(i) of this section ($1,000 item for which there was substantial authority) had received the proper tax treatment ($10,000-$1,000=$9,000)).

(iv) The understatement is $15,000 (i.e., the excess of the tax required to be shown ($16,000) over the tax shown reduced by the rebate ($10,000-$9,000= $1,000)).

(v) Since the understatement exceeds the greater of 10 percent of the tax required to be shown or $10,000, X has a substantial understatement of income tax for the year. The amount of the section 6661 penalty is $1,500 (.10x $15,000).

**Example (3).** Corporation Y was formed on January 1, 1982. In 1983, Y adopts a calendar taxable year and files a return for 1982 showing tax liability of $50,000. Y subsequently determines that it has unused investment tax credits in the amount of $20,000 for taxable year 1983, $20,000 for taxable year 1984, and $37,000 for taxable year 1985. Y files an amended return, so called, for taxable year 1982 claiming investment tax credit carrybacks of $77,000 and receives a rebate of $50,000 (the tax liability shown on Y's original return for 1982). On audit for taxable years 1982, 1983, 1984, and 1985, the only adjustments decrease the unused investment tax credit for taxable year 1983 to $5,000, and the unused investment tax credit for 1984 to $8,000. There was not substantial authority and X did not make adequate disclosure with respect to the items comprising the 1983 and 1984 adjustments. The amount of the section 6661 penalty for 1982 is computed as follows:

(i) The amount of the tax required to be shown on the return for 1982 is $27,000 (i.e., the original tax liability ($50,000) reduced by the allowable carrybacks taken into account in computing the amount of the rebate ($5,000+ $8,000+$10,000=$23,000)).

(ii) The amount of the tax shown on the return is $50,000 (i.e., the tax shown on the return without adjustment for carryback of the investment tax credit).

(iii) The amount of the rebate is $50,000 (i.e., the amount of the rebate determined as if any items described in paragraph (d)(2)(i)-(iv) of this section ($0) had received the proper tax treatment ($50,000-0=$50,000)).

(iv) The understatement is $27,000 (i.e., the excess of the tax required to be shown ($27,000) over the tax shown reduced by the rebate ($50,000-$50,000=0)).

(v) Since the understatement exceeds the greater of 10 percent of the tax required to be shown or $10,000, Y has a substantial understatement of income tax for the year. The amount of the section 6661 penalty is $2,700 (.10x $27,000).

**(f) Coordination with penalty for valuation overstatements—(1) In general.** The amount of the penalty imposed under section 6661 shall be determined without taking into account the portion of the substantial understatement on which the penalty under section 6659 (relating to valuation overstatements) has been imposed. The portion of the understatement on which the penalty under section 6659 has been imposed is taken into account, however, in determining whether there is a substantial understatement of tax. For purposes of section 6661, a penalty under section 6659 is not considered to have been imposed to the extent that the penalty is waived under the authority of section 6659(e). If a penalty is imposed under section 6659, the amount to which the section 6661 penalty applies is the amount by which the understatement exceeds the amount of the underpayment attributable to a valuation overstatement as determined under section 6659.

**(2) Example.** The following example illustrates the coordination of the penalties under sections 6659 and 6661:

**Example.** In 1983, A, an individual calendar year taxpayer, files a return for 1982 which shows taxable income of $40,000 and tax liability of $11,408. Subsequent adjustments on audit for 1982 increases taxable income to $70,000 and tax liability to $26,318. The increase in taxable income is attributable to a $20,000 adjustment for a valuation overstatement and a $10,000 adjustment not related to a valuation overstatement. There are no adjustments under paragraph (d)(2) of this section. Since the amount of the understatement, $14,910 ($26,318-$11,408), exceeds the greater of $2,631.80 (10 percent of the tax required to be shown) or $5,000, there is a substantial understatement. Assume that under section 6659 the $20,000 adjustment for the valuation overstatement results in a $10,000 underpayment attributable to a valuation overstatement on which the section 6659 penalty is imposed. The amount of the understatement on which the section 6661 penalty is imposed is $4,910. (The amount by which the $14,910 understatement exceeds the $10,000 underpayment to which the section 6659 penalty applies.) The amount of the section 6661 penalty is $491 ($4,910x.10).

A13

§ 1.6661-3 Substantial authority.

(a) **General rule**--(1) **Effect of having substantial authority.** If there is or was substantial authority for the tax treatment of an item (other than a tax shelter item as defined in § 1.6661-5(c)), the item is treated as if it were shown properly on the return for the taxable year in computing the amount of tax shown on the return. Thus, for purposes of section 6661, the tax attributable to the item is not included in the understatement for the year. (See paragraph (d)(2) of § 1.6661-2.)

(2) **Substantial authority standard.** The substantial authority standard is less stringent than a "more likely than not" standard (that is, a greater than 50-percent likelihood of being upheld in litigation), but stricter than a reasonable basis standard (the standard which, in general, will prevent imposition of the penalty under section 6653(a), relating to negligence or international disregard of rules and regulations). Thus, a position with respect to the tax treatment of an item that is arguable but fairly unlikely to prevail in court would satisfy a reasonable basis standard, but not the substantial authority standard.

(b) **Determination of whether substantial authority is present**--(1) **Evaluation** of authorities. **There is substantial authority for the tax treatment of an** item only if the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary positions. All authorities relevant to the tax treatment of an item, including the authorities contrary to the treatment, are taken into account in determining whether substantial authority exists and the weight of those authorities is determined in light of the pertinent facts and circumstances in the manner prescribed in paragraph (b)(3) of this section. There may be substantial authority for more than one position with respect to the same item. The taxpayer's belief that the authorities with respect to the tax treatment of an item constitute substantial authority is not taken into account in determining whether there is substantial authority.

(2) **Types of authority.** In determining whether there is substantial authority (other than in cases described in paragraph (b)(4)(i) of this section), only the following will be considered authority. Applicable provisions of the Internal Revenue Code and other statutory provisions; temporary and final regulations construing such statutes; court cases; administrative pronouncements (including revenue rulings and revenue procedures); tax treaties and regulations thereunder, and Treasury Department and other official explanations of such treaties; and Congressional intent as reflected in committee reports, joint explanatory statements of managers included in conference committee reports, and floor statements made prior to enactment by one of a bill's managers. Conclusions reached in treatises, legal periodicals, legal opinions or opinions rendered by other tax professionals, descriptions of statutes prepared after enactment (such as "General Explanations" prepared by the Staff of the joint Committee on Taxation), general counsel memoranda (other than those published in pre-1955 volumes of the Cumulative Bulletin), actions on decisions, technical memoranda, written determinations (except as provided in paragraph (b)(4)(i) of this section), and proposed regulations are not authority. The authorities underlying such expressions of opinion where applicable to the facts of a particular case, however, may give rise to substantial authority for the tax treatment of an item. (See § 1.6661-6(b), however, regarding waiver of the penalty when the taxpayer relies on

proposed regulations.)

**(3) Nature of analysis.** Except as otherwise provided in this section, the weight of the authorities for the tax treatment of an item is determined by the same analysis that a court would be expected to follow in evaluating the tax treatment of the item. Thus, the weight of authorities depends on their persuasiveness and relevance as well as their source. For example, a case or revenue ruling having some facts in common with the tax treatment at issue would not be considered particularly relevant if the authority is materially distinguishable on its facts, or is otherwise inapplicable to the tax treatment at issue. Similarly, an authority that merely states a conclusion ordinarily would be given less weight than an authority that reaches its conclusion by cogently relating the applicable law to pertinent facts. There may be substantial authority for the tax treatment of an item despite the absence of certain types of authority. Thus, a taxpayer may have substantial authority for a position that is supported only by a well-reasoned construction of the applicable statutory provision.

**(4) Special rules--(i) Written determinations.** There is substantial authority for the tax treatment of an item if the treatment is supported by the holding of a ruling or a determination letter (as defined in § 301.6110-2(d) and (e)) issued to the taxpayer, by the holding of a technical advice memorandum in which the taxpayer is named, or by an affirmative statement in a revenue agent's report with respect to a prior taxable year of the taxpayer ("written determinations"). The preceding sentence shall not apply, however, if there has been a misstatement or omission of a material fact, the facts that subsequently develop are materially different from the facts on which the written determination was based, or authority supporting a contrary position has arisen since the date of the written determination.

**(ii) Taxpayer's jurisdiction.** The applicability of court cases to the taxpayer by reason of the taxpayer's residence in a particular jurisdiction is not taken into account in determining whether there is substantial authority for the tax treatment of an item. Notwithstanding the preceding sentence, however there is substantial authority for the tax treatment of an item if the treatment is supported by controlling precedent of a United States Court of Appeals to which the taxpayer has a right of appeal with respect to the item.

**(iii) When substantial authority determined.** For purposes of section 6661, there is substantial authority for the tax treatment of an item if there is substantial authority at the time the return containing the item is filed or there was substantial authority on the last day of the taxable year to which the return relates.

**§ 1.6661-4** Disclosure of certain information.

**(a) In general.** Items (other than tax shelter items as defined in § 1.6661- 5(c)) for which there is adequate disclosure are treated as if such items were shown properly on the return for the taxable year in computing the amount of tax shown on the return. Thus, for purposes of section 6661, the tax attributable to such items is not included in the understatement for the year. (See paragraph

(d)(2) of § 1.6661-2.) Disclosure is adequate with respect to the tax treatment of an item on a return only if it is made on such return or in a statement attached thereto. Thus, disclosure with respect to a recurring item, such as the basis of recovery property, made on a return or statement attached thereto for one taxable year is not adequate disclosure with respect to the item for any other taxable year. (See paragraph (d) of this section for special rules relating to disclosure with respect to carrybacks and carryovers.)

**(b) Disclosure in attached statement--(1) In general.** Disclosure will be adequate with respect to an item (or group of similar items, such as the specific deduction of business bad debts or the deduction of amounts paid or incurred for supplies by a taxpayer engaged in business), if it is made on a properly completed Form 8275 or if it takes the form of a statement attached to the return that includes the following:

(i) A caption identifying the statement as disclosure under section 6661.

(ii) An identification of the item (or group of similar items) with respect to which disclosure is made.

(iii) The amount of the item (or group of similar items).

(iv) The facts affecting the tax treatment of the item (or group of similar items) that reasonably may be expected to apprise the Internal Revenue Service of the nature of the potential controversy concerning the tax treatment of the item (or items).

**(2) Disclosure of legal issue.** In lieu of setting forth the facts affecting the tax treatment of an item (or group of similar items) in accordance with paragraph (b)(1)(iv) of this section, the taxpayer may set forth a concise description of the legal issue presented by such facts.

(3) A concise description of the taxpayer's legal position with respect to the items.

**(4) Requirement of particularity.** Disclosure is not adequate with respect to an item (or group of similar items) if it consists of undifferentiated information that is not arranged in a manner that reasonably may be expected to apprise the Internal Revenue Service of the identity of the item, its amount, and the nature of the potential controversy concerning the item (or items). For example, attachment to the return of an acquisition agreement generally will not constitute adequate disclosure of the issues involved in determining the basis of certain acquired assets.

**(c) Disclosure on return.** The Commissioner may by revenue procedure prescribe the circumstances in which information provided on the return in accordance with the applicable forms and instructions will be adequate disclosure for purposes of section 6661.

**(d) Carryovers and carrybacks.** In the case of a carryover or carryback attributable to the tax treatment of an item on a return to which section 6661 applies (see paragraph (b) of § 1.6661-1 and