UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TIFD III-E INC.,THE TAX MATTERS          )
PARTNER OF CASTLE HARBOUR-I             )
LIMITED-LIABILITY COMPANY,              )
                                        )
            Plaintiff,                  )
                                        )        CIVIL ACTION NOS.
      v.                                )        3:01CV1839 (SRU) (lead)
                                        )         3:01CV1840 (SRU)
UNITED STATES OF AMERICA,               )
                                        )
            Defendant.                  )

**UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S
ADDITIONAL PROPOSED FINDINGS OF FACT AND
CONCLUSION OF LAW**

The Second Circuit's decision, *TIFD III-E, Inc. v. United States*, 459 F.3d 220, 240  (2d

Cir. 2006), *rev'g and remanding*, 342 F. Supp. 2d. 94 (D. Conn. 2004), specifically stated that

"there is no reason to remand for new findings."   The Court concluded that the Dutch banks

were not bona fide equity partners in Castle Harbour after appraising "the totality of the

circumstances." *Id.*  The application of § 704(e) to the facts of the Castle Harbour transaction is a

question of law but the facts remain the same.  The totality of the circumstances have not

changed.  Additional factual findings are not necessary for determining that § 704(e) does not

require the recognition of the Dutch banks as partners of Castle Harbour for federal income tax

purposes.

The plaintiff's proposed findings add nothing to the record of this case.  This Court made

substantial factual findings which are set forth in the opinion published at 324 F. Supp.2d 94.

The Court of Appeals had "no quarrel with the district court's precise, thorough, and careful

findings" except as set forth in that court's opinion.  459 F.3d 220, 224-25.  In the absence of a

remand for further findings, the government objects to the proposed findings generally, and

specifically as discussed below.[1]

With respect to Proposed Findings Nos. 1 through 8, the facts discussed therein concern

Castle Harbour's business.  These facts are already part of the trial and appellate record.  The

additional proposed findings add virtually nothing to the consideration of § 704(e).

Proposed Findings Nos. 9 through 49, are a rehash of the plaintiff's failed attempt to

disguise the true nature of the Dutch banks' interest in Castle Harbour.  To a great extent, they

focus on the "window dressing" that the Second Circuit has rejected.  439 F.3d at 236.  All are

objectionable, and some require a  specific response.

Proposed Finding No. 9 is contrary to the findings of the Second Circuit's conclusion

with respect to the virtual certainty that the Dutch banks would receive repayment of their

investment plus interest at the Applicable Rate, regardless of the performance of the partnership.

*Id.* at 227-228.

Proposed Finding No. 11 is also contrary to the decision of the Second Circuit regarding

repayment to the Dutch banks and general creditors ("the Dutch banks were secured in such

manner that they would be repaid in full with interest from a source to which the general creditor

had no access")  *Id.* at 237.

Proposed Finding 16 ignores the Second Circuit's analysis of the Dutch banks' interest

---

[1]  This Court's order of November 15, 2006, setting the briefing schedule for the issues
on remand did not require or request additional proposed factual findings.  As the Second Circuit
remanded the case for proceedings consistent with its opinion, the trial court should not make
factual findings inconsistent with the Second Circuit's conclusions.  In an over-abundance of
caution, however, the United States replies to the proposed new fact findings should the Court
consider GECC's submission.

and the relationship between Exhibit E to the Operating Agreement, the capital account, the

investment account, and the Class A Guaranty Payment.  *Id.* at 227-29.

Proposed Finding 18 contradicts the Second Circuit' conclusions regarding the Exhibit E

payments and their role in reimbursing the Dutch banks.  *Id.* at 227-28.

Proposed Finding 22 is contrary to the Second Circuit's conclusions and this Court's

findings regarding a lack of "downside" risk for the Dutch banks.  *Id.* at 228; 343 F. Supp. 2d at

105-06.

Proposed Findings 23 through 25 are contrary to both the Second Circuit's conclusions

and this Court's findings regarding the calculation of the Class A Guaranteed Payment and the

protection provided the Dutch banks for receipt of reimbursement at the Applicable Rate of

return.  459 F.3d at 227-28; 342 F. Supp. 2d at 104.

Proposed Findings 27 through 32 contradict the Second Circuit's conclusion as to the

purpose and import of the Guaranty issued by GECC to the Dutch banks, *i.e.*, it effectively

secured the partnership's obligations to the banks.  459 F.3d at 228.   The Second Circuit

endorsed this Court's conclusion that the protections afforded the Dutch banks, including the

Guaranty from GECC, "collectively ensured there was no realistic chance that the Dutch banks

would receive less than the reimbursement of their initial investment at the Applicable Rate of

return."  *Id.*, citing 342 F. Supp. 2d at 105-06.

Proposed Finding 34 contradicts the conclusion of the Second Circuit that assets could be

transferred to CHILI thus converting operating income to disposition gain or loss.  459 F.3d at

228-29.  The proposed finding does not discuss aircraft obtained from sources other than GECC

and the Dutch banks consenting to such a transfer to continue their participation in Castle

Harbour.

Proposed Finding 37 is not a finding of fact but a disguised conclusion of law which is contrary to the conclusions of the Second Circuit. The Second Circuit clearly held that the Dutch banks' interest "was, for tax purposes, not a bona fide equity participation." 459 F.3d at 240. The Dutch banks "invested 'with reasonable expectations of repayment regardless of the success of the venture' and "were not meaningfully 'at the risk of the business.'" *Id.*, quoting *Gilbert v. Commissioner*, 248 F.2d 399, 406 (2d Cir. 1957).

Proposed Findings 38 and 39 contradict the decision of the Second Circuit that the banks were not bona fide equity partners in Castle Harbour. *Id.*

Proposed Finding 40 is a legal conclusion (non-tax business purpose) that, by GECC's own characterization of the legal issue, is not relevant to the § 704(e) analysis. Castle Harbour could have a non-tax business purpose, but that would not cause the recognition of the Dutch banks as partners under § 704(e) as they did not own capital interests in Castle Harbour.

Proposed Findings 41 through 48 seek to portray the Dutch banks as possessing significant management rights in Castle Harbour, a conclusion that the Second Circuit and this Court have rejected. 459 F.3d at 238; 342 F. Supp. 2d at 104-05, 116.

The final proposed finding, No. 49, appears to be purposely ambiguous, *i.e.*, the Dutch banks were the "owners of their interests" in Castle Harbour. Only the Dutch banks were entitled to the Exhibit E payments, for example, and agreed to the duties and obligations as a participant in Castle Harbour. But the Second Circuit has made clear that the Dutch banks' interest was "not bona fide equity." 459 F.3d. at 240. Whether the Dutch banks owned something that was "not bona fide equity" is not relevant or material to the issue now before the

Court.

KEVIN J. O'CONNOR
United States Attorney
JOHN B. HUGHES
Chief, Civil Division


 s/Robert J. Higgins_____
ROBERT J. HIGGINS (ct23378)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
Telephone:  (202) 307-6580
Facsimile:  (202) 514-5440


March 1, 2007

CERTIFICATE OF SERVICE

I certify that service of the United States' Response in Opposition to Plaintiff's

Additional Proposed Findings of Fact and Conclusion of Law has been made  this 2nd day of

March, 2007, on plaintiff's counsel by electronic mail to David Curtin

(DCurtin@MckeeNelson.com) and by express mail, to the following address:

> David Curtin, Esquire
> McKee Nelson LLP
> 1919 M Street, N.W., Suite 800
> Washington, D.C. 20036

> s/Robert J. Higgins
> U.S. Department of Justice
> Tax Division
> Court of Federal Claims Section
> Post Office Box 26
> Ben Franklin Station
> Washington, D.C.  20044
> (202) 307-6440