contrary to the Second's Circuit's findings, *id.* at 239-40, regarding the same partnership

documents,

> As explained above, features of the Castle Harbour agreements
> combined to provide the Dutch banks with not only a reasonable
> expectation, but an ironclad assurance that they would receive
> repayment of their principal at the Applicable Rate of return,
> regardless of the success of the Castle Harbour venture. These
> features included (a) the Exhibit E payment schedules; (b) the
> Investment Accounts; (c) the Class A Guaranteed Payments; (d)
> the requirement for the benefit of the Dutch banks that CHLI
> maintain Core Financial Assets of 110% of the obligation owed to
> the Dutch banks; (e) the banks' ability to liquidate the partnership
> in certain circumstances and receive reimbursement at the
> Applicable Rate of return; (f) the $300 million worth of
> casualty-loss insurance, which was obtained by Castle Harbour for
> the benefit of the Dutch banks; and, most importantly, (g) GECC's
> personal guaranty of the obligations owed by the partnership to the
> Dutch banks.

Finally, GECC's suggestion that the Second Circuit's opinion in favor of the United

States has created a "twilight zone" category between debt and equity is misplaced and borders

on fear-mongering. The Second Circuit made it abundantly clear that it was the specific nature

of the facts in this case that compelled its conclusion that the banks were not bona fide equity

participants.

> On different facts a difficult question would arise whether an
> investor's right to a share of profits was sufficient to make its
> interest a bona fide equity participation for tax purposes
> notwithstanding the secured guaranty of the return of its principal
> plus interest. This is not such a case. Here the banks were accorded
> the appearance of a meaningful interest in the potential profits of
> the partnership, which was effectively nullified by the taxpayer's
> ability to limit their participation in such profits to an insignificant
> amount.

*Id.* at 241. The Second Circuit left no "gap" nor created a new third category. The Second

Circuit looked beyond the window dressing of equity carefully crafted by GECC and the banks

2270182.11

to obtain in excess of $60,000,000 in tax benefits without corresponding economic reality, and

concluded that the banks were not partners for tax purposes.

## CONCLUSION

The Second Circuit's opinion "compels the conclusion" that the Dutch banks did not

"own a capital interest" in Castle Harbour. The Dutch Banks are not partners within the meaning

the meaning of § 704(e). This Court should, consistent with the Second Circuit's opinion, enter

judgment in favor of the United States and dismiss the petition.


KEVIN J. O'CONNOR
United States Attorney
JOHN B. HUGHES
Chief, Civil Division


 s/Robert J. Higgins
ROBERT J. HIGGINS (ct23378)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
Telephone: (202) 307-6580
Facsimile: (202) 514-5440

March 1, 2007

2270182.11

# APPENDIX C

**Sec. 704.  Partner's Distributive Share**

\*      \*      \*      \*      \*

**e) Family partnerships.--**

**(1) Recognition of interest created by purchase or gift.--**A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person.

**(2) Distributive share of donee includible in gross income.--**In the case of any partnership interest created by gift, the distributive share of the donee under the partnership agreement shall be includible in his gross income, except to the extent that such share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such share attributable to donated capital is proportionately greater than the share of the donor attributable to the donor's capital. The distributive share of a partner in the earnings of the partnership shall not be diminished because of absence due to military service.

**(3) Purchase of interest by member of family.--**For purposes of this section, an interest purchased by one member of a family from another shall be considered to be created by gift from the seller, and the fair market value of the purchased interest shall be considered to be donated capital. The "family" of any individual shall include only his spouse, ancestors, and lineal descendants, and any trusts for the primary benefit of such persons.

2271963.1

## Treas. Reg. § 1.704-1(e) (26 C.F.R.)

**e) Family partnerships--(1) In general--(i) Introduction.** The production of income by a partnership is attributable to the capital or services, or both, contributed by the partners. The provisions of subchapter K, chapter 1 of the Code, are to be read in the light of their relationship to section 61, which requires, *inter alia*, that income be taxed to the person who earns it through his own labor and skill and the utilization of his own capital.

**(ii) Recognition of donee as partner.** With respect to partnerships in which capital is a material income-producing factor, section 704(e)(1) provides that a person shall be recognized as a partner for income tax purposes if he owns a capital interest in such a partnership whether or not such interest is derived by purchase or gift from any other person. If a capital interest in a partnership in which capital is a material income-producing factor is created by gift, section 704(e)(2) provides that the distributive share of the donee under the partnership agreement shall be includible in his gross income, except to the extent that such distributive share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such distributive share attributable to donated capital is proportionately greater than the share of the donor attributable to the donor's capital. For rules of allocation in such cases, see subparagraph (3) of this paragraph.

**(iii) Requirement of complete transfer to donee.** A donee or purchaser of a capital interest in a partnership is not recognized as a partner under the principles of section 704(e)(1) unless such interest is acquired in a *bona fide* transaction, not a mere sham for tax avoidance or evasion purposes, and the donee or purchaser is the real owner of such interest. To be recognized, a transfer must vest dominion and control of the partnership interest in the transferee. The existence of such dominion and control in the donee is to be determined from all the facts and circumstances. A transfer is not recognized if the transferor retains such incidents of ownership that the transferee has not acquired full and complete ownership of the partnership interest. Transactions between members of a family will be closely scrutinized, and the circumstances, not only at the time of the purported transfer but also during the periods preceding and following it, will be taken into consideration in determining the *bona fides* or lack of *bona fides* of the purported gift or sale. A partnership may be recognized for income tax purposes as to some partners but not as to others.

**(iv) Capital as a material income-producing factor.** For purposes of section 704(e)(1), the determination as to whether capital is a material income-producing factor must be made by reference to all the facts of each case. Capital is a material income-producing factor if a substantial portion of the gross income of the business is attributable to the employment of capital in the business conducted by the partnership. In general, capital is not a material income-producing factor where the income of the business consists principally of fees, commissions, or other compensation for personal services performed by members or employees of the partnership. On the other hand, capital is ordinarily a material income-producing factor if the operation of the business requires substantial inventories or a substantial investment in plant, machinery, or other equipment.

2271963.1

**Treas. Reg. § 1.704-1(e) (26 C.F.R.)** (cont'd)

**(v) Capital interest in a partnership.** For purposes of section 704(e), a capital interest in a partnership means an interest in the assets of the partnership, which is distributable to the owner of the capital interest upon his withdrawal from the partnership or upon liquidation of the partnership. The mere right to participate in the earnings and profits of a partnership is not a capital interest in the partnership.

**(2) Basic tests as to ownership--(i) In general.** Whether an alleged partner who is a donee of a capital interest in a partnership is the real owner of such capital interest, and whether the donee has dominion and control over such interest, must be ascertained from all the facts and circumstances of the particular case. Isolated facts are not determinative; the reality of the donee's ownership is to be determined in the light of the transaction as a whole. The execution of legally sufficient and irrevocable deeds or other instruments of gift under State law is a factor to be taken into account but is not determinative of ownership by the donee for the purposes of section 704(e). The reality of the transfer and of the donee's ownership of the property attributed to him are to be ascertained from the conduct of the parties with respect to the alleged gift and not by any mechanical or formal test. Some of the more important factors to be considered in determining whether the donee has acquired ownership of the capital interest in a partnership are indicated in subdivisions (ii) to (x), inclusive, of this subparagraph.

**(ii) Retained controls.** The donor may have retained such controls of the interest which he has purported to transfer to the donee that the donor should be treated as remaining the substantial owner of the interest. Controls of particular significance include, for example, the following:

(a) Retention of control of the distribution of amounts of income or restrictions on the distributions of amounts of income (other than amounts retained in the partnership annually with the consent of the partners, including the donee partner, for the reasonable needs of the business). If there is a partnership agreement providing for a managing partner or partners, then amounts of income may be retained in the partnership without the acquiescence of all the partners if such amounts are retained for the reasonable needs of the business.

(b) Limitation of the right of the donee to liquidate or sell his interest in the partnership at his discretion without financial detriment.

(c) Retention of control of assets essential to the business (for example, through retention of assets leased to the alleged partnership).

(d) Retention of management powers inconsistent with normal relationships among partners. Retention by the donor of control of business management or of voting control, such as is common in ordinary business relationships, is not by itself to be considered as inconsistent with normal relationships among partners, provided the donee is free to liquidate his interest at his discretion without financial detriment. The donee shall not be considered free to liquidate his

21

**Treas. Reg. § 1.704-1(e) (26 C.F.R.)** (cont'd)

interest unless, considering all the facts, it is evident that the donee is independent of the donor and has such maturity and understanding of his rights as to be capable of deciding to exercise, and capable of exercising, his right to withdraw his capital interest from the partnership.

The existence of some of the indicated controls, though amounting to less than substantial ownership retained by the donor, may be considered along with other facts and circumstances as tending to show the lack of reality of the partnership interest of the donee.

**(iii) Indirect controls.** Controls inconsistent with ownership by the donee may be exercised indirectly as well as directly, for example, through a separate business organization, estate, trust, individual, or other partnership. Where such indirect controls exist, the reality of the donee's interest will be determined as if such controls were exercisable directly.

**(iv) Participation in management.** Substantial participation by the donee in the control and management of the business (including participation in the major policy decisions affecting the business) is strong evidence of a donee partner's exercise of dominion and control over his interest. Such participation presupposes sufficient maturity and experience on the part of the donee to deal with the business problems of the partnership.

**(v) Income distributions.** The actual distribution to a donee partner of the entire amount or a major portion of his distributive share of the business income for the sole benefit and use of the donee is substantial evidence of the reality of the donee's interest, provided the donor has not retained controls inconsistent with real ownership by the donee. Amounts distributed are not considered to be used for the donee's sole benefit if, for example, they are deposited, loaned, or invested in such manner that the donor controls or can control the use or enjoyment of such funds.

**(vi) Conduct of partnership business.** In determining the reality of the donee's ownership of a capital interest in a partnership, consideration shall be given to whether the donee is actually treated as a partner in the operation of the business. Whether or not the donee has been held out publicly as a partner in the conduct of the business, in relations with customers, or with creditors or other sources of financing, is of primary significance. Other factors of significance in this connection include:

(a) Compliance with local partnership, fictitious names, and business registration statutes.

(b) Control of business bank accounts.

(c) Recognition of the donee's rights in distributions of partnership property and profits.

(d) Recognition of the donee's interest in insurance policies, leases, and other business contracts

22

**Treas. Reg. § 1.704-1(e) (26 C.F.R.)** (cont'd)

and in litigation affecting business.

(e) The existence of written agreements, records, or memoranda, contemporaneous with the taxable year or years concerned, establishing the nature of the partnership agreement and the rights and liabilities of the respective partners.

(f) Filing of partnership tax returns as required by law.

However, despite formal compliance with the above factors, other circumstances may indicate that the donor has retained substantial ownership of the interest purportedly transferred to the donee.

**(vii) Trustees as partners.** A trustee may be recognized as a partner for income tax purposes under the principles relating to family partnerships generally as applied to the particular facts of the trust-partnership arrangement. A trustee who is unrelated to and independent of the grantor, and who participates as a partner and receives distribution of the income distributable to the trust, will ordinarily be recognized as the legal owner of the partnership interest which he holds in trust unless the grantor has retained controls inconsistent with such ownership. However, if the grantor is the trustee, or if the trustee is amenable to the will of the grantor, the provisions of the trust instrument (particularly as to whether the trustee is subject to the responsibilities of a fiduciary), the provisions of the partnership agreement, and the conduct of the parties must all be taken into account in determining whether the trustee in a fiduciary capacity has become the real owner of the partnership interest. Where the grantor (or person amenable to his will) is the trustee, the trust may be recognized as a partner only if the grantor (or such other person) in his participation in the affairs of the partnership actively represents and protects the interests of the beneficiaries in accordance with the obligations of a fiduciary and does not subordinate such interests to the interests of the grantor. Furthermore, if the grantor (or person amenable to his will) is the trustee, the following factors will be given particular consideration:

(a) Whether the trust is recognized as a partner in business dealings with customers and creditors, and

(b) Whether, if any amount of the partnership income is not properly retained for the reasonable needs of the business, the trust's share of such amount is distributed to the trust annually and paid to the beneficiaries or reinvested with regard solely to the interests of the beneficiaries.

**(viii) Interests (not held in trust) of minor children.** Except where a minor child is shown to be competent to manage his own property and participate in the partnership activities in accordance with his interest in the property, a minor child generally will not be recognized as a member of a partnership unless control of the property is exercised by another person as fiduciary for the sole benefit of the child, and unless there is such judicial supervision of the conduct of the fiduciary as is required by law. The use of the child's property or income for

2271963.1

**Treas. Reg. § 1.704-1(e) (26 C.F.R.)** (cont'd)

support for which a parent is legally responsible will be considered a use for the parent's benefit. "Judicial supervision of the conduct of the fiduciary" includes filing of such accountings and reports as are required by law of the fiduciary who participates in the affairs of the partnership on behalf of the minor. A minor child will be considered as competent to manage his own property if he actually has sufficient maturity and experience to be treated by disinterested persons as competent to enter business dealings and otherwise to conduct his affairs on a basis of equality with adult persons, notwithstanding legal disabilities of the minor under State law.

**(ix) Donees as limited partners.** The recognition of a donee's interest in a limited partnership will depend, as in the case of other donated interests, on whether the transfer of property is real and on whether the donee has acquired dominion and control over the interest purportedly transferred to him. To be recognized for Federal income tax purposes, a limited partnership must be organized and conducted in accordance with the requirements of the applicable State limited-partnership law. The absence of services and participation in management by a donee in a limited partnership is immaterial if the limited partnership meets all the other requirements prescribed in this paragraph. If the limited partner's right to transfer or liquidate his interest is subject to substantial restrictions (for example, where the interest of the limited partner is not assignable in a real sense or where such interest may be required to be left in the business for a long term of years), or if the general partner retains any other control which substantially limits any of the rights which would ordinarily be exercisable by unrelated limited partners in normal business relationships, such restrictions on the right to transfer or liquidate, or retention of other control, will be considered strong evidence as to the lack of reality of ownership by the donee.

**(x) Motive.** If the reality of the transfer of interest is satisfactorily established, the motives for the transaction are generally immaterial. However, the presence or absence of a tax-avoidance motive is one of many factors to be considered in determining the reality of the ownership of a capital interest acquired by gift.

**(3) Allocation of family partnership income--(i) In general.** (a) Where a capital interest in a partnership in which capital is a material income-producing factor is created by gift, the donee's distributive share shall be includible in his gross income, except to the extent that such share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such distributive share attributable to donated capital is proportionately greater than the distributive share attributable to the donor's capital. For the purpose of section 704, a capital interest in a partnership purchased by one member of a family from another shall be considered to be created by gift from the seller, and the fair market value of the purchased interest shall be considered to be donated capital. The "family" of any individual, for the purpose of the preceding sentence, shall include only his spouse, ancestors, and lineal descendants, and any trust for the primary benefit of such persons.

24

**Treas. Reg. § 1.704-1(e) (26 C.F.R.)** (cont'd)

(b) To the extent that the partnership agreement does not allocate the partnership income in accordance with (a) of this subdivision, the distributive shares of the partnership income of the donor and donee shall be reallocated by making a reasonable allowance for the services of the donor and by attributing the balance of such income (other than a reasonable allowance for the services, if any, rendered by the donee) to the partnership capital of the donor and donee. The portion of income, if any, thus attributable to partnership capital for the taxable year shall be allocated between the donor and donee in accordance with their respective interests in partnership capital.

(c) In determining a reasonable allowance for services rendered by the partners, consideration shall be given to all the facts and circumstances of the business, including the fact that some of the partners may have greater managerial responsibility than others. There shall also be considered the amount that would ordinarily be paid in order to obtain comparable services from a person not having an interest in the partnership.

(d) The distributive share of partnership income, as determined under (b) of this subdivision, of a partner who rendered services to the partnership before entering the Armed Forces of the United States shall not be diminished because of absence due to military service. Such distributive share shall be adjusted to reflect increases or decreases in the capital interest of the absent partner. However, the partners may by agreement allocate a smaller share to the absent partner due to his absence.

**(ii) Special rules.** (a) The provisions of subdivision (i) of this subparagraph, relating to allocation of family partnership income, are applicable where the interest in the partnership is created by gift, indirectly or directly. Where the partnership interest is created indirectly, the term "donor" may include persons other than the nominal transferor. This rule may be illustrated by the following examples:

**Example 1.** A father gives property to his son who shortly thereafter conveys the property to a partnership consisting of the father and the son. The partnership interest of the son may be considered created by gift and the father may be considered the donor of the son's partnership interest.

**Example 2.** A father, the owner of a business conducted as a sole proprietorship, transfers the business to a partnership consisting of his wife and himself. The wife subsequently conveys her interest to their son. In such case, the father, as well as the mother, may be considered the donor of the son's partnership interest.

**Example 3.** A father makes a gift to his son of stock in the family corporation. The corporation is subsequently liquidated. The son later contributes the property received in the liquidation of the corporation to a partnership consisting of his father and himself. In such case, for purposes of

2271963.1

**Treas. Reg. § 1.704-1(e) (26 C.F.R.)** (cont'd)

section 704, the son's partnership interest may be considered created by gift and the father may be considered the donor of his son's partnership interest.

(b) The allocation rules set forth in section 704(e) and subdivision (i) of this subparagraph apply in any case in which the transfer or creation of the partnership interest has any of the substantial characteristics of a gift. Thus, allocation may be required where transfer of a partnership interest is made between members of a family (including collaterals) under a purported purchase agreement, if the characteristics of a gift are ascertained from the terms of the purchase agreement, the terms of any loan or credit arrangements made to finance the purchase, or from other relevant data.

(c) In the case of a limited partnership, for the purpose of the allocation provisions of subdivision (i) of this subparagraph, consideration shall be given to the fact that a general partner, unlike a limited partner, risks his credit in the partnership business.

**(4) Purchased interest--(i) In general.** If a purported purchase of a capital interest in a partnership does not meet the requirements of subdivision (ii) of this subparagraph, the ownership by the transferee of such capital interest will be recognized only if it qualifies under the requirements applicable to a transfer of a partnership interest by gifts. In a case not qualifying under subdivision (ii) of this subparagraph, if payment of any part of the purchase price is made out of partnership earnings, the transaction may be regarded in the same light as a purported gift subject to deferred enjoyment of income. Such a transaction may be lacking in reality either as a gift or as a *bona fide* purchase.

**(ii) Tests as to reality of purchased interests.** A purchase of a capital interest in a partnership, either directly or by means of a loan or credit extended by a member of the family, will be recognized as *bona fide* if:

(a) It can be shown that the purchase has the usual characteristics of an arm's-length transaction, considering all relevant factors, including the terms of the purchase agreement (as to price, due date of payment, rate of interest, and security, if any) and the terms of any loan or credit arrangement collateral to the purchase agreement; the credit standing of the purchaser (apart from relationship to the seller) and the capacity of the purchaser to incur a legally binding obligation; or

(b) It can be shown, in the absence of characteristics of an arm's-length transaction, that the purchase was genuinely intended to promote the success of the business by securing participation of the purchaser in the business or by adding his credit to that of the other participants.

However, if the alleged purchase price or loan has not been paid or the obligation otherwise discharged, the factors indicated in (a) and (b) of this subdivision shall be taken into account only as an aid in determining whether a *bona fide* purchase or loan obligation existed.

2271963.1

**Sec. 340, Revenue Act of 1951, ch. 521, 65 Stat. 452, 511.**

**SEC. 340. FAMILY PARTNERSHIPS.**

(a) DEFINITION OF PARTNER.—Section 3797 (a) (2) is hereby amended by adding at the end thereof the following: "A person shall be recognized as a partner for income tax purposes if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person." <span style="float:right">53 Stat. 469.<br>26 U. S. C. § 3797 (a)<br>(2).</span>

(b) ALLOCATION OF PARTNERSHIP INCOME.—Supplement F of chapter 1 is hereby amended by adding at the end thereof the following new section: <span style="float:right">53 Stat. 69.<br>26 U. S. C. §§ 181–<br>190.</span>

**"SEC. 191. FAMILY PARTNERSHIPS.**

"In the case of any partnership interest created by gift, the distributive share of the donee under the partnership agreement shall be includible in his gross income, except to the extent that such share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such share attributable to donated capital is proportionately greater than the share of the donor attributable to the donor's capital. The distributive share of a partner in the earnings of the partnership shall not be diminished because of absence due to military service. For the purpose of this section, an interest purchased by one member of a family from another shall be considered to be created by gift from the seller, and the fair market value of the purchased interest shall be considered to be donated capital. The 'family' of any individual shall include only his spouse, ancestors, and lineal descendants, and any trust for the primary benefit of such persons."

(c) EFFECTIVE DATE.—The amendments made by this section shall be applicable with respect to taxable years beginning after December 31, 1950. The determination as to whether a person shall be recognized as a partner for income tax purposes for any taxable year beginning before January 1, 1951, shall be made as if this section had not been enacted and without inferences drawn from the fact that this section is not expressly made applicable with respect to taxable years beginning before January 1, 1951. In applying this subsection where the taxable year of any family partner is different from the taxable year of the partnership—

(1) if a taxable year of the partnership beginning in 1950 ends within or with, as to all of the family partners, taxable years which begin in 1951, then the amendments made by this section shall be applicable with respect to all distributive shares of income derived by the family partners from such taxable year of the partnership beginning in 1950, and

(2) if a taxable year of the partnership ending in 1951 ends within or with a taxable year of any family partner which began in 1950, then the amendments made by this section shall not be applicable with respect to any of the distributive shares of income derived by the family partners from such taxable year of the partnership.

**SEC. 341. WAR LOSSES.**

(a) TAX UPON WAR LOSS RECOVERY.—Section 127 (c) (relating to recoveries included in gross income) is hereby amended to read as follows: <span style="float:right">56 Stat. 853.<br>26 U. S. C. § 127 (c).</span>

"(c) RECOVERIES.—

"(1) GENERAL RULE.—Upon the recovery in the taxable year of any money or property in respect of property considered under subsection (a) as destroyed or seized in any prior taxable year,

1963.1

# H.R. REP. 82-586, H.R. Rep. No. 586, 82ND Cong., 1ST Sess. 1951, 1951 U.S.C.C.A.N. 1781, 1951 WL 2414 (Leg.Hist.)

1.*1781 P.L. 82-183, REVENUE ACT OF 1951

Senate Report No. 82-781,

Sept. 18, 1951 (To accompany H.R. 4473)

House Report No. 82-586,

June 18, 1951 (To accompany H.R. 4473)

M. FAMILY PARTNERSHIPS

Section 312 of your committee's bill is intended to harmonize the rules governing interests in the so-called family partnership with those generally applicable to other forms of property or business. Two principles governing attribution of income have long been accepted as basic: (1) income from property is attributable to the owner of the property; (2) income from personal services is attributable to the person rendering the services. There is no reason for applying different principles to partnership income. If an individual makes a bona fide gift of real estate, or of a share of corporate stock, the rent or dividend income is taxable to *1814 the donee. Your committee's amendment makes it clear that, however the owner of a partnership interest may have acquired such interest, the income is taxable to the owner, if he is the real owner. If the ownership is real, it does not matter what motivated the transfer to him or whether the business benefited from the entrance of the new partner.

Although there is no basis under existing statutes for any different treatment of partnership interests, some decisions in this field have ignored the principle that income from property is to be taxed to the owner of the property. Many court decisions since the decision of the Supreme Court in Commissioner v. Culbertson (337 U.S. 733) have held invalid for tax purposes family partnerships which arose by virtue of a gift of a partnership interest from one member of a family to another, where the donee performed no vital services for the partnership. Some of these cases apparently proceed upon the theory that a partnership cannot be valid for tax purposes unless the intrafamily gift of capital is motivated by a desire to benefit the partnership business. Others seem to assume that a gift of a partnership interest is not complete because the donor contemplates the continued participation in the business of the donated capital. However, the frequency with which the Tax Court, since the Culbertson decision, has held invalid family partnerships based upon donations of capital, would seem to indicate that, although the opinions often refer to 'intention,' 'business purpose,' 'reality,' and 'control,' they have in practical effect reached results which suggest that an intrafamily gift of a partnership interest, where the donee performs no substantial services, will not usually be the basis of a valid partnership for tax purposes. We are informed that the settlement of many cases in the field is being held up by the

2271963.1

**H.R. REP. 82-586, H.R. Rep. No. 586** (cont'd)

reliance of the field offices of the Bureau of Internal Revenue upon some such theory. Whether or not the opinion of the Supreme Court in Commissioner v. Tower (327 U.S. 280) and the opinion of the Supreme Court in Commissioner v. Culbertson (337 U.S. 733), which attempted to explain the Tower decision, afford any justification for the confusion is not material-- the confusion exists.

The amendment leaves the Commissioner and the courts free to inquire in any case whether the donee or purchaser actually owns the interest in the partnership which the transferor purports to have given or sold him. Cases will arise where the gift or sale is a mere sham. Other cases will arise where the transferor retains so many of the incidents of ownership that he will continue to be recognized as a substantial owner of the interest which he purports to have given away, as was held by the Supreme Court in an analogous trust situation involved in the case of Helvering v. Clifford (309 U.S. 351). The same standards apply in determining the bona fides of alleged family partnerships as in determining the bona fides of other transactions between family members. Transactions between persons in a close family group, whether or not involving partnership interests, afford much opportunity for deception and should be subject to close scrutiny. All the facts and circumstances at the time of the purported gift and during the periods preceding and following it may *1815 be taken into consideration in determining the bona fides or lack of bona fides of a purported gift or sale.

Not every restriction upon the complete and unfettered control by the donee of the property donated will be indicative of sham in the transaction. Contractual restrictions may be of the character incident to the normal relationships among partners. Substantial powers may be retained by the transferor as a managing partner or in any other fiduciary capacity which, when considered in the light of all the circumstances, will not indicate any lack of true ownership in the transferee. In weighing the effect of a retention of any power upon the bona fides of a purported gift or sale, a power exercisable for the benefit of others must be distinguished from a power vested in the transferor for his own benefit.

Since legislation is now necessary to make clear the fundamental principle that, where there is a real transfer of ownership, a gift of a family partnership interest is to be respected for tax purposes without regard to the motives which actuated the transfer, it is considered appropriate at the same time to provide specific safeguards-- whether or not such safeguards may be inherent in the general rule-- against the use of the partnership device to accomplish the deflection of income from the real owner.

Therefore the bill provides that in the case of any partnership interest created by gift the allocation of income according to the terms of the partnership agreement shall be controlling for income tax purposes except when the shares are allocated without proper allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the allocation to the donated capital is proportionately greater than that attributable to the donor's capital. In such cases a reasonable allowance will be made for the services rendered

2271963.1

**H.R. REP. 82-586, H.R. Rep. No. 586** (cont'd)

by the partners, and the balance of the income will be allocated according to the amount of capital which the several partners have invested. However, the distributive share of a partner in the earnings of the partnership will not be diminished because of absence due to military service. When more than one member of a family is a member of a partnership all interests purchased by one member of the family from another will be treated as though the transfer were made by gift. For this purpose the family of an individual includes his spouse, ancestors, lineal descendants, and any trust for the primary benefit of such persons.

Section 313 applies to taxable years beginning after December 31, 1950. No inferences are to be drawn from its enactment with respect to taxable years beginning prior to January 1, 1951.

\*          \*          \*          \*          \*

SECTION 313. FAMILY PARTNERSHIPS

This section amends section 3797(a)(2) of, and adds a new section 191 to, the code to provide for the tax treatment of family partnerships as explained beginning on page 67 in the general discussion section of this report.

\*          \*          \*          \*          \*

30

2271963.1

**S. REP. 82-781, S. Rep. No. 781, 82ND Cong., 1ST Sess. 1951, 1951 U.S.C.C.A.N. 1968, 1951 WL 2415 (Leg.Hist.)**

1.*1969 P.L. 82-183, REVENUE ACT OF 1951

Senate Report No. 82-781,

Sept. 18, 1951 (To accompany H.R. 4473)

House Report No. 82-586,

June 18, 1951 (To accompany H.R. 4473)

7. Family partnerships

Section 339 of your committee's bill is intended to harmonize the rules governing interests in the so-called family partnership with those generally applicable to other forms of property or business. Two principles governing attribution of income have long been accepted as basic: (1) income from property is attributable to the owner of the property; (2) income from personal services is attributable to the person rendering the services. There is no reason for applying different principles to partnership income. If an individual makes a bona fide gift of real estate, or of a share of corporate stock, the rent or dividend income is taxable to the donee. Your committee's amendment makes it clear that, however the owner of a partnership interest may have acquired such interest, the income is taxable to the owner, if he is the real owner. If the ownership is real, it does not matter what motivated the transfer to him or whether the business benefited from the entrance of the new partner.

Although there is no basis under existing statutes for any different treatment of partnership interests, some decisions in this field have ignored the principle that income from property is to be taxed to the owner of the property. Many court decisions since the decision of the Supreme Court in Commissioner v. Culbertson (337 U.S. 733) have held invalid for tax purposes family partnerships which arose by virtue of a gift of a partnership interest from one member of a family to another, where the donee performed no vital services for the partnership. Some of these cases *2009 apparently proceed upon the theory that a partnership cannot be valid for tax purposes unless the intrafamily gift of capital is motivated by a desire to benefit the partnership business. Others seem to assume that a gift of a partnership interest is not complete because the donor contemplates the continued participation in the business of the donated capital. However, the frequency with which the Tax Court, since the Culbertson decision, has held invalid family partnerships based upon donations of capital, would seem to indicate that, although the opinions often refer to 'intention,' 'business purpose,' 'reality,' and 'control,' they have in practical effect reached results which suggest that an intrafamily gift of a partnership interest, where the donee

31

2271963.1

## S. REP. 82-781, S. Rep. No. 781 (cont'd)

performs no substantial services, will not usually be the basis of a valid partnership for tax purposes. We are informed that the settlement of many cases in the field is being held up by the

reliance of the field offices of the Bureau of Internal Revenue upon some such theory. Whether or not the opinion of the Supreme Court in Commissioner v. Tower (327 U.S. 280) and the opinion of the Supreme Court in Commissioner v. Culbertson (337 U.S. 733), which attempted to explain the Tower decision, afford any justification for the confusion is not material-- the confusion exists.

The amendment leaves the Commissioner and the courts free to inquire in any case whether the donee or purchaser actually owns the interest in the partnership which the transferor purports to have given or sold him. Cases will arise where the gift or sale is a mere sham. Other cases will arise where the transferor retains so many of the incidents of ownership that he will continue to be recognized as a substantial owner of the interest which he purports to have given away, as was held by the Supreme Court in an analogous trust situation involved in the case of Helvering v. Clifford (309 U.S. 351). The same standards apply in determining the bona fides of alleged family partnerships as in determining the bona fides of other transactions between family members. Transactions between persons in a close family group, whether or not involving partnership interest, afford much opportunity for deception and should be subject to close scrutiny. All the facts and circumstances at the time of the purported gift and during the periods preceding and following it may be taken into consideration in determining the bona fides or lack of bona fides of a purported gift or sale.

Not every restriction upon the complete and unfettered control by the donee of the property donated will be indicative of sham in the transaction. Contractual restrictions may be of the character incident to the normal relationships among partners. Substantial powers may be retained by the transferor as a managing partner or in any other fiduciary capacity which, when considered in the light of all the circumstances, will not indicate any lack of true ownership in the transferee. In weighing the effect of a retention of any power upon the bona fides of a purported gift or sale, a power exercisable for the benefit of others must be distinguished from a power vested in the transferor for his own benefit.

*2010 Since legislation is now necessary to make clear the fundamental principle that, where there is a real transfer of ownership, a gift of a family partnership interest is to be respected for tax purposes without regard to the motives which actuated the transfer, it is considered appropriate at the same time to provide specific safeguards-- whether or not such safeguards may be inherent in the general rule-- against the use of the partnership device to accomplish the deflection of income from the real owner.

Therefore, the bill provides that in the case of any partnership interest created by gift the

2271963.1

**S. REP. 82-781, S. Rep. No. 781** (cont'd)

allocation of income, according to the terms of the partnership agreement, shall be controlling for income-tax purposes except when the shares are allocated without proper allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the allocation to the donated capital is proportionately greater than that attributable to the donor's capital. In such cases a reasonable allowance will be made for the services rendered by the partners, and the balance of the income will be allocated according to the amount of capital which the several partners have invested. However, the distributive share of a partner in the earnings of the partnership will not be diminished because of absence due to military service. When more than one member of a family is a member of a partnership, all interests purchased by one member of the family from another will be treated as though the transfer were made by gift. For this purpose the family of an individual includes his spouse, ancestors, lineal descendants, and any trust for the primary benefit of such persons.

The amendment made by the House bill was made applicable only to taxable years beginning after December 31, 1950, with the express intention that no inferences were to be drawn from the enactment of the amendment with respect to taxable years beginning prior to January 1, 1951. Apparently with respect to prior taxable years the House amendment would have left the status of family partnerships to be determined under existing law. As the above discussion clearly indicates, the application of existing law has been extremely uncertain. Your committee believes that it is equally important to establish a rule which can be used with respect to those prior years, thus minimizing the necessity for litigation in this area. Therefore, your committee has provided that the amendment shall, at the election of any member of such a partnership, be effective with respect to any open taxable year since December 31, 1938, that date being just prior to the enactment of the Code. Such an election will be valid only if any other members of the partnership whose taxable income would be increased consents to the assessment and collection of such deficiency, or if the taxpayer who would be entitled to a refund or reduction of his tax liability consents to the reduction of such refund or tax decrease by the amount of the related taxpayer's additional tax.

33

545

SUPPLEMENTAL REPORT

[Senate Report No. 781, Part 2, Eighty-second Congress, First Session, Calendar No. 737]

Mr. George, from the Committee on Finance, submitted the following supplemental report [to accompany H. R. 4473]:

## DETAILED DISCUSSION OF THE TECHNICAL PROVISIONS OF THE BILL

### TITLE I—INCREASE IN INCOME TAX RATES

585

### SECTION 339. FAMILY PARTNERSHIPS

Subsections (a) and (b) of this section amend section 3797(a)(2) of, and add a new section 191 to, the Code to provide for the tax treatment of family partnerships as explained beginning on page 485 in part 1 of this report.

Subsection (c)(1) provides that, in general, the amendments made by section 339 (a) and (b) are to be applicable only with respect to taxable years beginning after December 31, 1950. Section 339(c)(2), however, provides that such amendments, at the election of the taxpayer made in accordance with regulations prescribed by the Secretary of the Treasury, shall also be applicable to taxable years beginning after December 31, 1938, and before January 1, 1951. The election does not have to be with respect to all such taxable years but will be applicable only to such years as are specified by the taxpayer in making the election. The election for any taxable year will not be valid unless, prior to the expiration of 90 days after the filing of the election (or such longer period as the Secretary may by regulations prescribe) each family partner of the taxpayer files, in accordance with the regulations, a written consent to have the amendments apply to his taxable years which corresponds to the taxable years for which the election is made by the taxpayer. In lieu of such consent by any family partner, however, there may be paid, under regulations prescribed by the Secretary and within the time provided for filing such consent, an amount equal to the deficiency and interest which would be assessed with respect to such family partner if he filed

586

such consent. The election and any consent filed in respect of the election shall be applicable only to such partnerships as are specified in the election. The period of limitations provided in sections 275 and 276 of the Internal Revenue Code on the making of assessments and the beginning of distraint or a proceeding in court for collection shall, with respect to any deficiency and interest thereon resulting from such election or consent, include one year following the date such election or consent is filed if such period of limitations otherwise would expire prior to the end of such 1-year period; such assessment and collection may be made notwithstanding any provision of law or any rule of law which otherwise would prevent such assessment and collection. If an election by a taxpayer is filed for a taxable year for which allowance of credit or refund of an overpayment of tax is barred, at the time of filing such election, by any law or rule of law, then any consent filed by a family partner of a taxpayer with respect to such year shall be void.

Section 339(c)(3) provides special rules for applying the amendments made by section 339 (a) and (b) in certain cases where the taxable year of the taxpayer or a family partner is different from the taxable year of the partnership. If a taxable year of a partnership which ends in 1951 ends within or with a taxable year of the taxpayer or a family partner which began before January 1, 1951, the amendments made by section 339 (a) and (b) shall be applicable, with respect to the distributive shares of income derived by the taxpayer and the family partners from such taxable year of the partnership, only pursuant to the provisions of section 339(c)(2), notwithstanding the fact that the general rule provided in section 339(c)(1) might otherwise be applicable to some of the partners. Similarly, if a taxable year of a partnership which ended in 1939 ended within or with a taxable year of a taxpayer or a family partner which began before January 1, 1939, the amendments made by section 339 (a) and (b) shall not be applicable with respect to any of the distributive shares of income derived by the taxpayer and the family partners from such taxable year of the partnership, notwithstanding the fact that the provisions of section 339, relative to the retroactive application of the amendments made by section 339 (a) and (b), might otherwise be applicable to some of the partners.

The term "family partner," for purposes of section 339(c), means any person who, upon the filing of the consent described above, would be liable for a deficiency attributable to income which, but for the application of the amendments made by section 339 (a) and (b), would be considered as income of the taxpayer.

### SECTION 340. WAR LOSSES

34

**H. Conf. R. No. 82-1213 (1951),** *reprinted in* **1951-2 C.B. 622, 633-34.**

Amendment No. 91:

This amendment provides for retroactive application to taxable years beginning after December 31, 1938, and before January 1, 1951, of the provisions added by the bill to the Internal Revenue Code with respect to the treatment of family partnerships for income tax purposes, which provisions are applicable generally to taxable years beginning after December 31, 1950. The House recedes with an amendment revising the effective date provision to provide that the amendments made by the bill with respect to family partnerships shall be applicable only with respect to taxable years beginning after December 31, 1950, and to provide rules for cases where the taxable year of the partner differs from that of the partnership.
In applying the proposed treatment of family partnerships to taxable years beginning after December 31, 1950, where the taxable year of a partnership begins in 1950 and ends within or with, as to all the family partners, taxable years which begin in 1951, the proposed treatment shall apply to all distributive shares derived by the family partners from the taxable year of the partnership beginning in 1950; however, where a taxable year of the partnership ending in 1951 (whether beginning in 1950 or 1951) ends within or with a taxable year of a family partner which began in 1950, the proposed treatment is not applicable to any of the distributive shares of income derived by the family partners from such taxable year of the partnership

35

CERTIFICATE OF SERVICE

I certify that service of the United States' Response Brief Regarding Section 704(e) has

been made this 2nd day of March, 2007, on plaintiff's counsel by electronic mail to David Curtin

(DCurtin@McKeeNelson.com) and by express mail, to the following address:

David Curtin, Esquire
McKee Nelson LLP
1919 M Street, N.W., Suite 800
Washington, D.C. 20036


Robert J. Higgins
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C.  20044
(202) 307-6440

2270182.11