IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIFD III-E INC., the Tax Matters Partner of CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case Nos.: 3:01-CV-01839 (SRU) (lead case) <br> 3:01-CV-01840 (SRU) |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW ON REMAND REGARDING PENALTIES**

I.  **PROPOSED FINDINGS OF FACT**

1.  GECC's decision to enter into the Castle Harbour transaction was principally motivated by non-tax business objectives. JX 8 at 0097297; DX 10 at BB0669-72; JX 16 at 0076301; Tr. at 152:1-7, 154:7 - 155:12, 159:3-14, 162:17 - 163:5 (7/21/04, Lewis); Tr. at 72:8-13, 77:13 - 78:2 (7/21/04, O'Reilly); Tr. at 452:4-10, 452:23 - 453:16, 455:12-22, 456:9-14 (7/23/04, Nayden); Tr. at 77:22 - 78:2, 95:10 - 97:10 (7/21/04, O'Reilly); Tr. at 379:4 - 381:9 (7/22/04, Parke).

2.  The principal purpose of the Castle Harbour transaction was not avoidance or evasion of federal income tax. *Id.*

II. **PROPOSED CONCLUSIONS OF LAW**

    A.  **TEFRA**

1.  A "partnership item" is "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A," but only to the extent that, under

regulations, "such item is more appropriately determined at the partnership level than at the partner level." I.R.C. § 6231(a)(3). Judicial determinations of the proper treatment of partnership items are made in partnership-level proceedings. I.R.C. §§ 6221, 6226(f), 6230(c)(4).

2. Penalties are not partnership items. They are "affected items" that are determined at the partner level by direct assessment of a computational adjustment. *See* I.R.C. §§ 6230(a)(2)(A)(i), 6231(a)(6); Treas. Reg. § 301.6231(a)(3)-1(c)(4). A partner that is assessed a penalty may challenge that assessment in a partner-level proceeding by paying the penalty and instituting a suit for refund. *See* I.R.C. § 6230(c)(1)(C), (c)(3).

3. In 1997 Congress amended the TEFRA provisions to provide for partnership-level determination of certain penalty-related issues. Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1238(a), (b)(1), 111 Stat. 788, 1026 (1997) (codified at I.R.C. §§ 6221, 6226(f)).

4. Partnership-level determinations do not include partner-level defenses to penalties, which may be raised only in partner-level proceedings. I.R.C. § 6230(c)(4); Temp. Treas. Reg. § 301.6221-1T(c); *see* Treas. Reg. § 301.6221-1(c).

5. Partner-level defenses include those that are personal to the partner or are dependent on the partner's separate return and cannot be determined at the partnership level. I.R.C. § 6230(c)(4); Temp. Treas. Reg. § 301.6221-1T(d); *see* Treas. Reg. § 301.6221-1(d).

**B.    Penalties**

6. Section 6662 imposes a 20% penalty on the amount of any "substantial understatement" of tax. I.R.C. § 6662(a), (b)(2).

7. For 1997 and 1998, the threshold understatement for imposition of the penalty against a corporation was the greater of 10% or $10,000 of the tax that should have been shown on the return. I.R.C. § 6662(d)(1)(A), (B) (1998).

8. Although the 10% or $10,000 determination is a threshold requirement for application of the penalty, it will vary from partner to partner; thus, the regulations describe it as a "partner level defense." Temp. Treas. Reg. § 301.6221-1T(d); *see* Treas. Reg. § 301.6221-1(d).

9. The statute provides for a reduction of the understatement by the portion of the understatement attributable to "the treatment of any item by the taxpayer if there is or was substantial authority for such treatment." I.R.C. § 6662(d)(2)(B)(i).

10. Under the applicable regulations, "substantial authority" is an objective standard that "involv[es] an analysis of the law and application of the law to the relevant facts." Treas. Reg. § 1.6662-4(d)(2).

11. Substantial authority exists for the tax treatment of an item if "the weight of authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary treatment." Treas. Reg. § 1.6662-4(d)(3).

12. The authorities supporting a finding of substantial authority generally include statutory and case law, regulations, legislative history and explanatory statements, and IRS rulings or pronouncements. Treas. Reg. § 1.6662-4(d)(3)(iii).

13. Substantial authority is measured as of the date on which the return containing the item is filed or on the last day of the taxable year to which the return relates. Treas. Reg. § 1.6662-4(d)(3)(iv)(C).

14. Under the TEFRA statutory provisions and regulations, substantial authority is properly determined at the partnership level. *See* Temp. Treas. Reg. § 301.6221-1T(c), (d); Treas. Reg. § 301.6221-1(c), (d).

15. There was substantial authority for Castle Harbour's treatment of the Banks as partners on its federal partnership returns for the 1997 and 1998 tax years.

16. As applicable to transactions entered into in 1993, section 6662 also provides that, if an understatement is attributable to a "tax shelter," the taxpayer must show, in addition to substantial authority, that it "reasonably believed" that its tax return treatment was "more likely than not" the correct treatment. I.R.C. § 6662(d)(2)(C)(i)(II) (1993).

17. For purposes of triggering the reasonable belief requirement, the section 6662 regulations define "tax shelter" as a partnership, entity, plan or arrangement of which the principal purpose is to avoid or evade federal income tax. Treas. Reg. § 1.6662-4(g)(2)(i).

18. The section 6662 regulations provide that the "principal purpose" of an entity, plan or arrangement is not tax avoidance if the purpose is the claiming of a tax benefit "in a manner consistent with the statute and Congressional purpose." Treas. Reg. § 1.6662-4(g)(2)(ii).

19. Under the TEFRA statute and regulations, whether a transaction is a tax shelter for purposes of the substantial understatement penalty properly should be determined at the partnership level. I.R.C. § 6662(d)(2)(C)(ii); Treas. Reg. § 1.6662-4(g)(2).

20. The Castle Harbour transaction was not a tax shelter for purposes of the substantial understatement penalty.

21. Under the TEFRA statute and regulations, whether a taxpayer "reasonably believed" that its tax return treatment was "more likely than not" the correct treatment for purposes of

the substantial understatement penalty is properly determined at the partner level. *See* Temp. Treas. Reg. § 301.6221-1T(c), (d); Treas. Reg. § 301.6221-1(c), (d).

22. Section 6662 imposes a 20% penalty based upon "negligence or disregard of rules or regulations." I.R.C. § Section 6662(a), (b)(1).

23. A tax return position with a "reasonable basis" is not negligent under the applicable regulations. Treas. Reg. § 1.6662-3(b).

24. "Reasonable basis" is an objective standard that is less stringent than "substantial authority" but "significantly higher than not frivolous or not patently improper." Treas. Reg. §§ 1.6662-3(b)(3)(ii) (1997) (attached hereto as Appendix 2H), 1.6662-4(d)(2) (1997) (attached hereto as Appendix 2I). A return position that is "reasonably based on one or more of the authorities set forth in [the substantial authority regulations will] . . . generally satisfy the reasonable basis standard." Treas. Reg. § 1.6662-3(b)(3).

25. There was a reasonable basis for Castle Harbour's treatment of the Banks as partners on its federal partnership returns for the 1997 and 1998 tax years and, therefore, such positions were not attributable to negligence.

26. Section 6664(c)(1) provides that "[n]o penalty shall be imposed under section 6662 . . . with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion."

27. Under the TEFRA statutory provisions and regulations, whether a taxpayer had "reasonable cause" with respect to an underpayment is properly determined at the partner level. *See* Temp. Treas. Reg. § 301.6221-1T(c), (d); Treas. Reg. § 301.6221-1(c), (d).

5

Respectfully submitted this 2nd day of March 2007,

                    PLAINTIFF, TIFD III-E INC., the Tax Matters Partner of
                    CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY

                    */s/ Ann H. Rubin*
                    Ann H. Rubin, ct04486
                    Anthony M. Fitzgerald, ct04167
                    CARMODY & TORRANCE LLP
                    195 Church Street, P.O. Box 1950
                    New Haven, Connecticut 06509-1950
                    Telephone: (203) 777-5501
                    Facsimile: (203) 784-3199
                    Email: arubin@carmodylaw.com
                           afitzgerald@carmodylaw.com

OF COUNSEL

William F. Nelson, ct22883
David J. Curtin, ct22881
John A. Galotto, ct22882
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone: (202) 775-1880
Facsimile: (202) 775-8586
Email: wnelson@mckeenelson.com
       dcurtin@mckeenelson.com
       jgalotto@mckeenelson.com

Suzanne Feese, ct23162
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 572-3566
Facsimile: (404) 572-5100
Email: sfeese@kslaw.com