# INTERNAL REVENUE CODE

## 1993

## Volume 2

U. S. CODE
CONGRESSIONAL & ADMINISTRATIVE NEWS

Case 3:01-cv-01839-SRU    Document 119-11    Filed 03/02/2007    Page 2 of 4

PART II—ACCURACY-RELATED AND FRAUD PENALTIES

Section
6662. Imposition of accuracy-related penalty.
6663. Imposition of fraud penalty.
6664. Definitions and special rules.

## § 6662. Imposition of accuracy-related penalty

(a) **Imposition of penalty.**—If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.

(b) **Portion of underpayment to which section applies.**—This section shall apply to the portion of any underpayment which is attributable to 1 or more of the following:

(1) Negligence or disregard of rules or regulations.

(2) Any substantial understatement of income tax.

(3) Any substantial valuation misstatement under chapter 1.

(4) Any substantial overstatement of pension liabilities.

(5) Any substantial estate or gift tax valuation understatement.

This section shall not apply to any portion of an underpayment on which a penalty is imposed under section 6663.

(c) **Negligence.**—For purposes of this section, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term "disregard" includes any careless, reckless, or intentional disregard.

(d) **Substantial understatement of income tax.—**

(1) **Substantial understatement.—**

(A) **In general.**—For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of—

(i) 10 percent of the tax required to be shown on the return for the taxable year, or

(ii) $5,000.

(B) **Special rule for corporations.**—In the case of a corporation other than an S corporation or a personal holding company (as defined in section 542), paragraph (1) shall be applied by substituting "$10,000" for "$5,000".

(2) **Understatement.—**

(A) **In general.**—For purposes of paragraph (1), the term "understatement" means the excess of—

(i) the amount of the tax required to be shown on the return for the taxable year, over

(ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).

(B) **Reduction for understatement due to position of taxpayer or disclosed item.**—The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to—

(i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or

(ii) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return.

(C) **Special rules in cases involving tax shelters.—**

(i) **In general.**—In the case of any item attributable to a tax shelter—

(I) subparagraph (B)(ii) shall not apply, and

(II) subparagraph (B)(i) shall not apply unless (in addition to meeting the requirements of such subparagraph) the taxpayer reasonably believed that the tax treatment of such item by the taxpayer was more likely than not the proper treatment.

(ii) **Tax shelter.**—For purposes of clause (i), the term "tax shelter" means—

(I) a partnership or other entity,

(II) any investment plan or arrangement, or

(III) any other plan or arrangement,

if the principal purpose of such partnership, entity, plan, or arrangement is the avoidance or evasion of Federal income tax.

(D) **Secretarial list.**—The Secretary shall prescribe (and revise not less frequently than annually) a list of positions—

(i) for which the Secretary believes there is not substantial authority, and

(ii) which affect a significant number of taxpayers.

Such list (and any revision thereof) shall be published in the Federal Register.

(e) **Substantial valuation misstatement under chapter 1.—**

(1) **In general.**—For purposes of this section, there is a substantial valuation misstatement under chapter 1 if—

(A) the value of any property (or the adjusted basis of any property) claimed on any return of tax imposed by chapter 1 is 200 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be), or

(B)(i) the price for any property or services (or for the use of property) claimed on any such return in connection with any transaction between persons described in section 482 is 200 percent or more (or 50 percent or less) of the amount determined under section 482 to be the correct amount of such price, or

(ii) the net section 482 transfer price adjustment for the taxable year exceeds $10,000,000.

(2) **Limitation.**—No penalty shall be imposed by reason of subsection (b)(3) unless the portion of the underpayment for the taxable year attributable to substantial valuation misstatements under chapter 1 exceeds $5,000 ($10,000 in the case of a corporation other than an S corporation or a personal holding company (as defined in section 542)).

(3) **Net section 482 transfer price adjustment.**—For purposes of this subsection—

(A) **In general.**—The term "net section 482 transfer price adjustment" means, with respect to any taxable year, the net increase in taxable income for the taxable year (determined without regard to any amount carried to such taxable year from another taxable year) resulting from adjustments under section 482 in the price for any property or services (or for the use of property).

(B) **Certain adjustments excluded in determining threshold.**—For purposes of determining whether the $10,000,000 threshold requirement of paragraph (1)(B)(ii) is met, there shall be excluded—

(i) any portion of the net increase in taxable income referred to in subparagraph (A) which is attributable to any redetermination of a price if it is shown that there was a reasonable cause for the taxpayer's determination of such price and that the taxpayer acted in good faith with respect to such price, and

(ii) any portion of such net increase which is attributable to any transaction solely between foreign corporations unless, in the case of any of such corporations, the treatment of such transaction affects the determination of income from sources within the United States or taxable income effectively connected with the conduct of a trade or business within the United States.

(C) **Special rule.**—If the regular tax (as defined in section 55(c)) imposed by chapter 1 on the taxpayer is determined by reference to an amount other than taxable income, such amount shall be treated as the taxable income of such taxpayer for purposes of this paragraph.

(f) **Substantial overstatement of pension liabilities.**—

(1) **In general.**—For purposes of this section, there is a substantial overstatement of pension liabilities if the actuarial determination of the liabilities taken into account for purposes of computing the deduction under paragraph (1) or (2) of section 404(a) is 200 percent or more of the amount determined to be the correct amount of such liabilities.

(2) **Limitation.**—No penalty shall be imposed by reason of subsection (b)(4) unless the portion of the underpayment for the taxable year attributable to substantial overstatements of pension liabilities exceeds $1,000.

(g) **Substantial estate or gift tax valuation understatement.**—

(1) **In general.**—For purposes of this section, there is a substantial estate or gift tax valuation understatement if the value of any property claimed on any return of tax imposed by subtitle B is 50 percent or less of the amount determined to be the correct amount of such valuation.

(2) **Limitation.**—No penalty shall be imposed by reason of subsection (b)(5) unless the portion of the underpayment attributable to substantial estate or gift tax valuation understatements for the taxable period (or, in the case of the tax imposed by chapter 11, with respect to the estate of the decedent) exceeds $5,000.

(h) **Increase in penalty in case of gross valuation misstatements.**—

(1) **In general.**—To the extent that a portion of the underpayment to which this section applies is attributable to one or more gross valuation misstatements, subsection (a) shall be applied with respect to such portion by substituting "40 percent" for "20 percent".

(2) **Gross valuation misstatements.**—The term "gross valuation misstatements" means—

(A) any substantial valuation misstatement under chapter 1 as determined under subsection (e) by substituting—

(i) "400 percent" for "200 percent" each place it appears,

(ii) "25 percent" for "50 percent", and

(iii) "$20,000,000" for "$10,000,000",

(B) any substantial overstatement of pension liabilities as determined under subsection (f) by substituting "400 percent" for "200 percent", and

(C) any substantial estate or gift tax valuation understatement as determined under subsection (g) by substituting "25 percent" for "50 percent".

(Added Pub.L. 101–239, Title VII, § 7721(a), Dec. 19, 1989, 103 Stat. 2395, and amended Pub.L. 101–508, Title XI, § 11312(a), (b), Nov. 5, 1990, 104 Stat. 1388–454, 1388–455.)

### Editorial Notes

**Prior Provisions.** A prior section 6662, Act Aug. 16, 1954, c. 736, 68A Stat. 827, § 6659; May 14, 1960, Pub.L. 86–470, § 1, 74 Stat. 132; Dec. 30, 1969, Pub.L. 91–172, Title I, § 101(j)(51), 83 Stat. 531; Sept. 2, 1974, Pub.L. 93–406, Title II, § 1016(a)(19), 88 Stat. 931; renumbered § 6660, Aug. 13, 1981, Pub.L. 97–34, Title VII, § 722(a)(1), 95 Stat. 341; renumbered § 6662, Sept. 3, 1982, Pub.L. 97–248, Title III, § 323(a), 96 Stat. 613, directing that additions be treated as tax and setting the procedure for assessing certain additions to tax, was omitted in the general revision of accuracy-related penalties under Pub.L. 101–239. See section 6665 of this title.

**Effective Date of 1990 Amendment.** Section 11312(c) of Pub.L. 101–508 provided that: "The amendments made by this section [amending subsecs. (b)(3), (e) and (h)(2)(A) of this section] shall apply to taxable years ending after the date of the enactment of this Act [Nov. 5, 1990]."

**Effective Date.** Section applicable to returns the due date for which (determined without regard to extensions) is after Dec. 31, 1989, see section 7721(d) of Pub.L. 101–239, set out as a note under section 461 of this title.

## § 6663. Imposition of fraud penalty

**(a) Imposition of penalty.**—If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.

**(b) Determination of portion attributable to fraud.**—If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud.

**(c) Special rule for joint returns.**—In the case of a joint return, this section shall not apply with respect to a spouse unless some part of the underpayment is due to the fraud of such spouse.

(Added Pub.L. 101–239, Title VII, § 7721(a), Dec. 19, 1989, 103 Stat. 2397.)

### Editorial Notes

**Effective Date.** Section applicable to returns the due date for which (determined without regard to extensions) is after Dec. 31, 1989, see section 7721(d) of Pub.L. 101–239, set out as a note under section 461 of this title.

## § 6664. Definitions and special rules

**(a) Underpayment.**—For purposes of this part, the term "underpayment" means the amount by which any tax imposed by this title exceeds the excess of—

(1) the sum of—

(A) the amount shown as the tax by the taxpayer on his return, plus

(B) amounts not so shown previously assessed (or collected without assessment), over

(2) the amount of rebates made.

For purposes of paragraph (2), the term "rebate" means so much of an abatement, credit, refund, or other repayment, as was made on the ground that the tax imposed was less than the excess of the amount specified in paragraph (1) over the rebates previously made.

**(b) Penalties applicable only where return filed.**—The penalties provided in this part shall apply only in cases where a return of tax is filed (other than a return prepared by the Secretary under the authority of section 6020(b)).

**(c) Reasonable cause exception.**—

(1) **In general.**—No penalty shall be imposed under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.

(2) **Special rule for certain valuation overstatements.**—In the case of any underpayment attributable to a substantial or gross valuation overstatement under chapter 1 with respect to charitable deduction property, paragraph (1) shall not apply unless—

(A) the claimed value of the property was based on a qualified appraisal made by a qualified appraiser, and

(B) in addition to obtaining such appraisal, the taxpayer made a good faith investigation of the value of the contributed property.

(3) **Definitions.**—For purposes of this subsection—

(A) **Charitable deduction property.**—The term "charitable deduction property" means any property contributed by the taxpayer in a contribution for which a deduction was claimed under section 170. For purposes of paragraph (2), such term shall not include any securities for which (as of the date of the contribution) market quotations are readily available on an established securities market.

(B) **Qualified appraiser.**—The term "qualified appraiser" means any appraiser meeting the requirements of the regulations prescribed under section 170(a)(1).

(C) **Qualified appraisal.**—The term "qualified appraisal" means any appraisal meeting the requirements of the regulations prescribed under section 170(a)(1).

(Added Pub.L. 101–239, Title VII, § 7721(a), Dec. 19, 1989, 103 Stat. 2398.)

### Editorial Notes

**Effective Date.** Section applicable to returns the due date for which (determined without regard to extensions) is after Dec. 31, 1989, see section 7721(d) of Pub.L. 101–239, set out as a note under section 461 of this title.