# U.S. Revenue Acts

## 1954 Legislative Histories & Congressional Documents

Edited by
B. Reams, Jr.



2

Union Calendar No. 1635

| 83D CONGRESS<br>2d Session | SENATE | REPORT<br>No. 1622 |
|---|---|---|

# INTERNAL REVENUE CODE OF 1954

## REPORT

OF THE

## COMMITTEE ON FINANCE
### UNITED STATES SENATE

TO ACCOMPANY

## H. R. 8300

A BILL TO REVISE THE INTERNAL REVENUE LAWS
OF THE UNITED STATES



JUNE 18, 1954.—Ordered to be printed

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1954

48599°

*Section 704. Partner's distributive share*

With the exception of subsection (e), relating to family partnerships, the provisions of this section are new. However, they are substantially in accord with existing practice.

Subsection (a) provides the general rule that a partner's distributive share of partnership income, gain, loss, deduction, or credit, is to be determined by the partnership agreement.

Subsection (b) provides that, where the partnership agreement does not provide specifically for the manner of sharing one or more of the items set forth in section 702 (a) (other than paragraph (9) thereof), then, each partner's distributive share of such item shall be determined in accordance with his distributive share, as prescribed in the partnership agreement, of partnership income or loss, exclusive of the items required to be treated separately. In the case of a partnership where there is a different ratio for sharing income than that applicable for sharing losses, the income ratio shall be applicable if the partnership has taxable income in the particular taxable year, and the loss ratio shall be applicable in any year in which the partnership has a loss.

Subsection (b) further provides that if the principal purpose of any provision in the partnership agreement dealing with a partner's distributive share of a particular item is to avoid or evade the Federal income tax, the partner's distributive share of that item shall be redetermined in accordance with his distributive share of partnership income or loss described in section 702 (a) (9). For example, if the provisions of a partnership agreement allocate all partnership loss on the sale of depreciable property used in trade or business to one partner, or allocate a greater portion of foreign tax payments to one partner while allocating to the other partner or partners an equivalent amount of partnership loss or deduction of a different nature, such provisions may be disregarded if the principal purpose is tax avoidance or evasion. Such items would then be attributed to all the partners in accordance with the provisions of the partnership agreement for sharing partnership income or losses generally.

Where, however, a provision in a partnership agreement for a special allocation of certain items has substantial economic effect and is not merely a device for reducing the taxes of certain partners without actually affecting their shares of partnership income, then such a provision will be recognized for tax purposes. For example, a partnership agreement whereby a member of the firm who is resident in Puerto Rico is to receive a percentage of the income derived from sources within Puerto Rico which is greater than his distributive share of partnership income generally, will be recognized for tax purposes. Similarly, an agreement under which one partner is to receive all the interest income of the partnership from tax exempt bonds, and the other partner is to receive all the dividend income from stock, will be given effect, unless it is a device for the allocation of the interest exemption without any real economic effect on either partner's share of the total partnership income.

The provisions of subsection (c) contained in the House bill have been amended by your committee in several respects. Paragraph (1) retains the rule of the House bill that items of depreciation, depletion, or gain or loss arising with respect to property which has been contributed to the partnership shall be treated in the same manner as though such items arose with respect to property purchased by the

48599°—54——25

partnership. However, paragraph (2), which has been added by your committee, permits the partners to allocate by partnership agreement items of depreciation, depletion, or gain or loss with respect to contributed property in order to reflect the difference between the basis and the value of such property at the time of its contribution to the partnership. In addition, paragraph (3), added by your committee, provides that undivided interests in property which has been contributed to a partnership shall, under certain conditions, be treated as if the property had continued to be held in undivided interests. Subsection (c), as revised, deals only with contributed property. In the case of a transfer of a partnership interest, the treatment of depreciation, depletion, or gain or loss is determined under section 743.

Paragraph (1) provides that, except as otherwise provided in paragraphs (2) and (3), items of income, gain, loss, deduction, or credit arising with respect to property contributed by a partner shall be allocated among the partners in the same manner as similar items arising with respect to property purchased by the partnership. For example, if a partner contributes to a partnership property with an adjusted basis less than its value at the time of contribution, the gain upon the sale of such property by the partnership will, under paragraph (1), be taxable to each of the partners in accordance with his distributive share of gains in the identical manner as if the property had been purchased by the partnership. Depreciation on contributed property will also be allocated among the partners without regard to which partner contributed the property. This treatment was adopted as the general rule in the interest of simplification. While the rule may result in possible detriment (or gain) to noncontributing partners, it should be noted that there will, in general, be a corresponding loss (or gain) to such partners upon sale or disposition of their interest in the partnership.

Paragraph (1) may be illustrated as follows:

Assume that A and B form an equal partnership. A contributes property worth $1,000 with an adjusted basis of $400. B contributes $1,000 in cash. Under the provisions of section 722, the basis of A's partnership interest is $400. The basis of B's interest is $1,000. If the contributed property depreciates at the annual rate of 10 percent, the partnership will have an annual depreciation deduction of $40, which results in a deduction of $20 in computing each partner's distributive share of partnership income. Thus, at the end of the first year, the basis of the contributed property will be $360. If the partnership has no operating income or deductions, each partner will have a loss of $20. A's basis for his interest will be $380 ($400, the original basis of his interest, reduced by the loss of $20). B's basis for his interest will be $980 ($1,000 less than $20).

If the property is sold in the second year of partnership operations for $900, the partnership gain will be $540 ($900, the amount realized, less the basis of $360). Each partner's share of the $540 gain will be $270. If we assume that the partnership engaged in no other transactions that year, each partner will have a capital gain of $270 from the partnership to report. A's basis for his interest will then be $650 (the basis of $380 increased by the gain of $270). B's basis will be $1,250 (the basis of $980 increased by the gain of $270). If the partnership is then liquidated, and its assets consisting of $1,900 in

cash are distributed to the partners pro rata, A will have a capital gain of $300 ($950, the amount received, less $650, the basis of the interest). B will have a capital loss of $300 (the excess of B's basis, $1,250, over the amount received, $950).

Under paragraph (2), depreciation, depletion, or gain or loss with respect to contributed property may, if the partners so provide in the partnership agreement, be allocated among the partners in a manner which takes account of the difference between the basis and the fair market value of contributed property at the time of contribution. The appreciation or depreciation represented by the difference between the basis and value of contributed property at the time of contribution may thus be attributed to the contributing partner upon a subsequent sale or exchange of the property by the partnership. Such appreciation or depreciation may also be used to determine the amount of depreciation or depletion with respect to such property allowable to the contributing partner and the non-contributing partners. In any case, however, the total gain, loss, or depreciation allocated to the partners may not differ from the amount of gain or loss realized by the partnership, or the depreciation or depletion allowable to it. The difference between basis and value represents, under the optional treatment provided in paragraph (2), a postponed gain or loss to the contributing partner to be realized by him when such property is sold or which is, in substance, amortized by him annually through the effect or the depreciation or depletion allowances.

Paragraph (2) may be illustrated as follows:

Assume that partners A and B, in the illustration set forth above, agree to attribute the potential gain represented by the difference between the basis and the fair market value of the property contributed to A to the contributor. Since B, who contributed $1,000 in cash, has, in effect, purchased an undivided half interest in the property for $500, and since the property depreciates at an annual rate of 10 percent, B should be entitled to a deduction of $50 per year. But since the partnership is allowed only $40 per year (10 percent of $400), no more than this amount may be allocated to B. Therefore the partners agree that the $40 deduction for depreciation is to be allocated $40 to B and $0 to A, the contributor. At the end of the first year, the basis of the contributed property will be $360. Since the $40 deduction is allocated entirely to B, if the partnership has no operating income or deductions, A will have no gain or loss, and B will have a loss of $40. A's basis for his interest will remain $400. B's basis for his interest will be $960 ($1,000, the original basis of his interest, reduced by the loss of $40).

Assume further that the partners agree that upon a sale of the contributed property, the portion of the proceeds attributable to the excess of its fair market value (as depreciated) over its basis upon contribution (as depreciated) shall result in gain to the contributing partner. If the property is sold in the second year of partnership operations for $900, the partnership gain of $540 ($900, the amount realized, less the basis of $360) must be allocated to the partners under the terms of the agreement. The original fair market value of the property (as depreciated) is $900 ($1,000, original value, less $100, depreciation based on such value). Under the terms of the partnership agreement the difference between the $900 and the basis of the property, $360, or $540, represents the portion of the gain to be

allocated to A. None of the gain is allocated to B. (If the property were sold for more than $900, the gain in excess of $540 would be divided between the partners in accordance with their agreement for sharing gains, here, equally. If the property were sold for less than $900, the entire gain would be allocated to A and nothing to B.) If we assume that the partnership engaged in no other transactions that year, A will report a capital gain of $540, and B, no gain or loss. A's basis for his interest will then be $940 ($400, his original basis, increased by the gain of $540). B's basis will be $960 (his original basis of $960 unchanged by any gain or loss). If the partnership is then liquidated, and its assets, consisting of $1,900 in cash, are distributed to the partners pro rata, A will have a capital gain of $10 ($950, the amount received, less $940, the basis of his interest). B will have a capital loss of $10 (the excess of B's basis, $960, over the amount received, $950).

Paragraph (3) provides for a special allocation among the partners of items arising with respect to undivided interests in property contributed by the partners to the partnership. Depreciation, depletion, or gain or loss with respect to such property shall be determined in the same manner as though such undivided interests continued to be held by the partners outside of the partnership. This provision is applicable only in the absence of a partnership agreement providing otherwise, and only with respect to property contributed to a partnership by all of its partners. The relative interests of the partners in the property prior to contribution must be in the same ratio as their interests in the capital and profits of the partnership subsequent to contribution. The rule stated in this paragraph applies both to the case where partners consciously contribute undivided interests to a partnership and to the case where owners of undivided interests in property, by virtue of engaging in business activity, are determined to be a partnership and required to file a partnership information return.

Paragraph (3) may be illustrated as follows:

A and B are tenants in common owning undivided one-half interests in real estate consisting of a factory and the land on which the factory is situated. They each contribute their respective undivided interests in the real estate to a partnership in which the profits are to be divided equally and the assets are to be divided equally on dissolution. It is immaterial whether such a contribution is expressly made in exchange for interests in a partnership, or whether a partnership is held to exist by virtue of the joint conduct of a business by A and B. A's basis for his undivided one-half interest is $4,000, of which $1,000 is allocable to the land and $3,000 to the factory. B's basis for his undivided one-half interest is $10,000, of which $3,000 is allocable to the land and $7,000 to the factory. The partnership agreement contains no provision as to the allocation of depreciation or as to the allocation of gain or loss on a sale of the property by the partnership. The factory depreciates at a rate of 5 percent a year. The annual allowance for depreciation to the partnership of $500 (5 percent of $10,000) will be allocated between the partners by allowing A a deduction of $150 (5 percent of $3,000, his basis for the factory), and by allowing B a deduction of $350 (5 percent of $7,000, his basis for the factory). At the end of the first year of partnership operation, A's basis for his undivided interest in the factory would

be $2,850 ($3,000 less $150), and B's basis would be $6,650 ($7,000 less $350).

If the partnership, at the end of the first year's operation, sells the factory and land for $20,000, each partner's share of the gain, would be determined as follows: Since A's share of the proceeds is $10,000, and his basis for the contributed property is $3,850 ($1,000 for the land and $2,850 for the factory), his capital gain from the sale is $6,150. Since B's share of the proceeds is also $10,000, and his basis in the contributed property is $9,650 ($3,000 for the land and $6,650 for the factory), his capital gain is $350.

The allocation thus illustrated under paragraph (3) also applies if the partners contribute to the partnership additional property not held in the form of undivided interests, but only if their interests in partnership profits and capital correspond with their undivided interests in property contributed to the partnership. If, for example, A, by virtue of a further contribution of cash or property to the partnership, is to receive 60 percent of partnership profits, and B, 40 percent, then, in the absence of a specific agreement, the method of allocation with respect to depreciation and gain arising from the real estate, described above, would no longer apply, and such items would be divided in accordance with the division of partnership income and loss generally. Of course, if the partners agree at the time of A's further contribution that depreciation with respect to the real estate will continue to be allocated in the same manner as it was prior to the contribution, and that the gain or loss to each partner upon a sale of such property will be determined in accordance with the basis of A's and B's respective undivided interests, then such an agreement will be given effect under paragraph (2).

Subsection (d) of the House bill provides a limitation on the amount of partnership loss, ordinary or capital, allowable to a partner. A partner's distributive share of such loss will be allowed only to the extent of the basis of his interest in the partnership at the end of the partnership taxable year in which the loss occurred. Under the House bill, the entire loss is to be recognized immediately, and the amount thereof in excess of the basis of the partner's interest was treated as a loan from the partnership to the partner. To the extent that the partner's obligation is canceled by the partnership, section 737 of the House bill provides that the partner will be treated as having received a distribution in money from the partnership.

Your committee has revised subsection (d) of the House bill to provide that any loss in excess of the basis of a partner's partnership interest may be allowed as a deduction only at the end of the partnership year in which the loss is repaid, either directly, or out of future profits.

Subsection (d), as amended, may be illustrated as follows. Assume that a partner has a basis of $50 for his interest, and his distributive share of partnership loss is $100. Under the subsection, the partner's distributive share of the loss would be limited to $50, thereby decreasing the basis of his interest to zero. The remaining $50 loss would not be recognized, unless the partner makes a further contribution of $50. If, however, the partner repays the $50 loss to the partnership out of his share of partnership income for the following year, then the additional $50 loss will be recognized at the end of the year in which such repayment is made.

384        INTERNAL REVENUE CODE OF 1954

Subsection (e) contains the family partnership provisions formerly found in sections 191 and 3797 (a) (2) of the 1939 Code.

*Section 705. Determination of basis of partner's interest*

The provisions of this section in the House bill have been amended by technical changes, and by adding an alternative rule, subsection (b), for determining the basis of a partner's interest.

While there are no provisions in the 1939 Code analogous to the provisions in this section, the rules provided are in accord with existing practice.

Subsection (a) states the general rule for determining the basis of a partner's interest. Paragraph (1) provides that the unadjusted basis of a partner's interest in a partnership shall be determined in accordance with section 722 (relating to contributions to a partnership) and section 742 (relating to transfers of partnership interests). The unadjusted basis so determined is to be increased by any further contributions and by the partner's distributive share of partnership taxable income (including capital gains), his distributive share of any tax exempt receipts of the partnership, and the excess of his deduction for depletion over the basis of his interest in the depletable property. To the extent that a partnership incurs liabilities, each partner will be considered, under section 752, to have made a contribution in money equal to his pro rata share of such liabilities.

Paragraph (2) provides that the basis of a partner's interest is to be decreased (but not below zero) by his distributive share of partnership losses (including capital losses), partnership expenditures which are neither deductible nor chargeable to capital, and by distributions to the partner from the partnership (including the amount of his share of partnership liabilities discharged).

The adjustments to the basis of a partner's interest are necessary to prevent unintended benefit or detriment to the partners. Thus, a partner's share of nontaxable income (such as exempt income or depletion allowances in excess of basis) is added to the basis of his interest in the partnership so that the benefit of such tax-exempt income will not be lost to the partner. Otherwise, the partner would eventually incur a capital gain with respect to such amounts. Similarly, the partner's share of nondeductible expenditures must be deducted from his basis in order to prevent such amounts from eventually constituting capital loss to him.

Subsection (b) states an alternative rule for the determination of the basis of a partner's interest. It permits the Secretary or his delegate to prescribe the circumstances under which the basis of an interest may be determined without using the profit and loss method provided in subsection (a). Under the alternative method, there would be attributed to each partner a proportionate share of the total basis of the assets of the partnership. This method of determining basis will be suitable primarily for simple partnerships. The alternative rule may also be employed, however, in the case of more complex partnerships, to the extent permitted by regulations. In such cases adjustments would be required in order to yield substantially the same result as the rule stated in subsection (a). For example, adjustments would be necessary to reflect any discrepancy in the basis of the partnership interests as a result of contributed property, transfers of partnership interests, or distributions of property in kind to the partners.