| 98th Congress<br>2d Session | COMMITTEE PRINT | S. Prt. 98-169<br>Vol. I |
|---|---|---|

# DEFICIT REDUCTION ACT OF 1984

## EXPLANATION OF PROVISIONS APPROVED BY THE COMMITTEE ON MARCH 21, 1984

## COMMITTEE ON FINANCE
## UNITED STATES SENATE

### Volume I



APRIL 2, 1984

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1984

32-502 O

For Sale by the Superintendent of Documents, U.S. Government Printing Office
Washington, D.C. 20402

212

the taxpayer has, or at any time had, a collapsible view will be treated as collapsible property (*i.e.*, property described in section 341(b)(1)) even if it is two-thirds or more realized. Section 1221(l) property which is not collapsible property, and which never was collapsible property, need not be aggregated under this rule.

### Effective Date

These amendments would be effective to sales, exchanges, and distributions made after December 31, 1984.

### Revenue Effect

This provision will increase fiscal year budget receipts by $8 million in 1985, $81 million in 1986, $256 million in 1987, $351 million in 1988, and $382 million in 1989.

## E. Partnership Provisions

### 1. Partnership Allocations With Respect to Contributed Property
(sec. 55 of the bill and sec. 704 of the Code)

#### Present Law

*Partnership allocations generally.*—A partner's distributive share of partnership income, gain, loss, deduction, or credit (or items thereof) is generally governed by the partnership agreement (sec. 704(b)). However, if the allocation provided by the agreement does not have substantial economic effect, these items are reallocated for tax purposes in accordance with the partner's interest in the partnership, determined by taking into account all facts and circumstances. Proposed Treasury regulations provide that, in general, an allocation has economic effect if (1) the allocation is reflected by an appropriate increase or decrease in the partner's capital account, (2) liquidation proceeds (if any) are to be distributed in accordance with the partners' capital account balances, and (3) any partner with a deficit in his capital account following the distribution of liquidation proceeds is required to restore the amount of such deficit to the partnership. The economic effect of the allocation must be substantial in relation to the tax effect for the allocation provided for in the agreement to have substantial economic effect.[1]

*Property contributed to a partnership.*—Under present law (sec. 704(c)), when property is contributed to a partnership, the partnership may (but is not required to) allocate depreciation, depletion, or gain or loss with respect to the contributed property so as to take account of the variation between the basis of the property to the partnership and its fair market value at the time of contribution. If the partnership does not make allocations on this basis, the allocations are made as if the property had been purchased by the partnership.

A shifting of income or losses among partners that does not reflect the economic burdens borne by the parties may occur if a partnership does not elect to allocate depreciation, depletion, and gain or loss with respect to contributed property so as to take account of the variation between the basis and the fair market value of the contributed property. For example, if partner A contributes property with a basis of $200 and a value of $100 while partner B contributes $100 in cash to a partnership, and the initial capital accounts of the partners are each set at $100 (the fair market value of their contributions), some taxpayers contend that absent specific allocations of the loss under the partnership agreement, a subsequent sale of the property for $100 would result in an allocation of

---

[1] Prop. Treas. Reg. sec. 1.704-1(b)(2)(ii), 48 Fed. Reg. 9871 (March 9, 1983).

(213)

Case 3:01-cv-01839-SRU    Document 119-13    Filed 03/02/2007    Page 3 of 4

216

disparities between the value and adjusted basis of contributed property (determined at the time of contribution) among partners than required by the new rules by substituting items not described in section 704(c) for items described in section 704(c) and vice versa, provided that there is no tax avoidance potential.[2] Similarly, to limit the burden of recordkeeping requirements for small operating partnerships, if no tax avoidance potential exists, the regulations may permit (i) aggregation of properties with fair market values greater than their respective adjusted basis that are contributed by a single partner and aggregation of properties with fair market values less than their respective adjusted basis that are contributed by a single partner (ii) differences of less than 15% (but not exceeding $10,000) between the adjusted basis and the fair market value of any aggregated properties to be accounted for in a manner consistent with existing section 704(c)(1), and (iii) differences between the adjusted basis and the fair market value of contributed properties to be eliminated more slowly than required by the new rules through allocations solely of gain or loss on the disposition of such properties (without requiring special allocations of depreciation or depletion).

The bill also eliminates a present law rule for the treatment of contributions of undivided interests in property to a partnership by the various owners of the undivided interest. This rule, which allowed the partnership to treat the property as if it had not been contributed to the partnership, is made unnecessary by the provision of the bill requiring allocations of depreciation, depletion, and gain or loss to reflect the difference between the basis of property and its fair market value at the time of the contribution.

The bill also makes two conforming amendments in sections 613A(c)(7)(D) (relating to percentage depletion) and 743(b) (relating to optional adjustment to basis).

The committee expects that regulations issued under this provision will provide that, with respect to contributions made before the regulations are issued, the partnership has complied with the requirements of the provision if allocations with respect to contributed property have been made in accordance with the existing regulations under section 704(c)(2) providing for sharing of depreciation, depletion, and gain or loss among the partners so as to take into account fully the variation between the adjusted basis of the property to the partnership and its fair market value at the time of the contribution.

*Effective Date*

The provision is effective with respect to property contributed to a partnership after March 31, 1984, in taxable years ending after that date.

---

[2] In addition, it may be appropriate to amend example (2) of Treas. Reg. sec. 1.704-1(c) to provide that if the property there is sold for a price exceeding $9,000, the gain represented by the first $200 of such excess would be allocated to partner C.

$50 of loss to each partner, thereby shifting $50 of loss from A to B; The shifting of the loss could be effective so long as the partnership remained in existence however, the pre-contribution loss would be effectively reallocated to the contributing partner if the partnership were liquidated. Some taxpayers contend that a similar shifting of gain can be accomplished in the case of a contribution of appreciated property to a partnership.

*Reasons for Change*

Although the committee believes that the underlying theory of the present law partnership provisions that taxpayers should be able to pool their resources for productive uses without triggering gain or loss is appropriate, it believes that special rules are needed to prevent an artificial shifting of tax consequences between the partners with respect to pre-contribution gain or loss. This is particularly important since the various partners may have different tax positions. For example, a partner to whom gain could be shifted in the absence of the bill's provisions could be tax-exempt, could have a lower marginal rate than the contributing partner, or could have expiring net operating loss carryovers. The committee has not provided a similar rule when cash is contributed to an ongoing partnership which has property with a value more than, or less than, its adjusted basis because it believes that this issue may have been adequately dealt with in proposed Treas. Reg. sec. 1.704-1(b)(4)(i).

*Explanation of Provision*

The bill provides a new rule regarding allocations with respect to property contributed to a partnership. Under the new rule, depreciation, depletion, and gain or loss with respect to items of contributed property are to be shared among the partners, pursuant to Treasury regulations, so as to take account of the difference between the partnership's basis for the property and the fair market value of the property at the time of contribution. It is anticipated that the regulations under this provision generally will provide for the same result that is achieved under present law when a partnership elects with respect to all relevant items to provide for sharing of depreciation, depletion, and gain or loss among the partners so as to take into account fully the difference between the basis of the property to the partnership and its fair market value at the time of the contribution. Generally, the fair market value of contributed property will be determined by reference to the arm's-length dealings of the various partners as reflected in their capital accounts if the parties have sufficiently adverse interests and normally will not be upset by the Treasury except in cases of manipulation or abuse. The committee anticipates that the regulations may require a partnership to file a statement of the agreed fair market value of contributed property with the partnership return for the year in which the contribution is made. Under the provision a partnership will generally be required, rather than being permitted (as under present law), to allocate "built-in" gain or loss on contributed property to the contributing partner. It is anticipated that the regulations will permit partners to agree to a more rapid elimination of

## 2. Retroactive Allocations (sec. 56 of the bill and sec. 706 of the Code)

### Present Law

*General rules*

The Tax Reform Act of 1976 amended the partnership provisions to preclude a partner who acquires his interest late in the taxable year from deducting partnership expenses incurred prior to his entry into the partnership (so-called "retroactive allocations" of partnership losses). The 1976 Act provided that when partners' interests change during the taxable year, each partner's share of various items of partnership income gain, loss, deduction and credit is to be determined by taking into account each partner's varying interest in the partnership during the taxable year.

Present law allows two basic methods for determining the amount of a partnership's income, gain, loss, deduction, and credit which may be allocated to a partner entering during the taxable year. The first method provides for an "interim closing," of the partnership books whenever a new partner enters the partnership. This method traces partnership income, gain, loss, deduction, and credit to the particular segment of the partnership taxable year during which it is incurred. For example, a partner admitted on December 1 to a partnership using a calendar taxable year could be allocated only his share of items incurred by the partnership during the month of December.

The second allocation method allowed by present law provides for a proration of partnership income, gain, loss, deduction, and credit for the entire taxable year. This proration generally is based on the number of days in the partnership taxable year during which the entering partner is a member of the partnership. The entering partner's share of each partnership item for the taxable year is determined by multiplying this fraction by the amount of partnership income, gain, loss, deduction, and credit that the partner would have been allocated had he been a partner for the entire partnership taxable year. For example, a partner admitted on December 1 to a partnership having a calendar year taxable year would be allocated 1/12 of his hypothetical share of items for the entire partnership taxable year, regardless of the point during the year at which these expenses were incurred.

The legislative history of the 1976 Act provides that to avoid undue complexity, a partnership may use a convention (for both the interim closing and proration methods) under which partners are treated as entering on a semi-monthly basis. That is, partners entering in the first half of a month can all be treated as entering on the first day of the month and partners entering in the last half

(217)

---

### Revenue Effect

This provision will increase fiscal years budget receipts by $4 million in 1984, $61 million in 1985, $147 million in 1986, $178 million in 1987, $240 million in 1988, and $298 million in 1989.

216