# Federal Tax Regulations

## 2000

### Volume 5

U.S. CODE
CONGRESSIONAL & ADMINISTRATIVE NEWS

§ 301.6213-1

payment is made before the mailing of a notice of deficiency, the district director or the director of the regional service center is not prohibited by section 6213(a) from assessing such amount, and such amount may be assessed if such action is deemed to be proper. If such amount is assessed, the assessment is taken into account in determining whether or not there is a deficiency for which a notice of deficiency must be issued. Thus, if such payment satisfies the taxpayer's tax liability, no notice of deficiency will be mailed and the Tax Court will have no jurisdiction over the matter. In any case in which there is a controversy as to the correct amount of the tax liability, the assessment of any amount pursuant to the provisions of section 6213(b)(3) shall in no way be considered to be the acceptance of an offer by the taxpayer to settle such controversy.

(4) *Jeopardy.* If the district director believes that the assessment or collection of a deficiency will be jeopardized by delay, such deficiency shall be assessed immediately, as provided in section 6861(a).

(c) *Failure to file petition.* If no petition is filed with the Tax Court within the period prescribed in section 6213(a), the district director or the director of the regional service center shall assess the amount determined as the deficiency and of which the taxpayer was notified by registered or certified mail and the taxpayer shall pay the same upon notice and demand therefor. In such case the district director will not be precluded from determining a further deficiency and notifying the taxpayer thereof by registered or certified mail. If a petition is filed with the Tax Court the taxpayer should notify the district director who issued the notice of deficiency that the petition has been filed in order to prevent an assessment of the amount determined to be the deficiency.

(d) *Waiver of restrictions.* The taxpayer may at any time by a signed notice in writing filed with the district director waive the restrictions on the assessment and collection of the whole or any part of the deficiency. The notice must in all cases be filed with the district director or other authorized official under whose jurisdiction the audit or other consideration of the return in question is being conducted. The filing of such notice with the Tax Court does not constitute filing with the district director within the meaning of the Code. After such waiver has been acted upon by the district director and the assessment has been made in accordance with its terms, the waiver cannot be withdrawn.

(e) *Suspension of filing period for certain chapter 42 and chapter 43 taxes.* The period prescribed by section 6213(a) for filing a petition in the Tax Court with respect to the taxes imposed by section 4941, 4942, 4943, 4944, 4945, 4951, 4952, 4955, 4971, or 4975, shall be suspended for any other period which the Commissioner has allowed for making correction under § 53.4963-1(e)(3). Where the time for filing a petition with the Tax Court has been suspended under the authority of this paragraph (e), the extension shall not be reduced as a result of the correction being made prior to expiration of the period allowed for making correction.

[32 FR 15241, Nov. 3, 1967; T.D. 7838, 47 FR 44250, Oct. 7, 1982; T.D. 8084, 51 FR 16305, May 2, 1986; T.D. 8628, 60 FR 62212, Dec. 5, 1995]

§ 301.6215-1 Assessment of deficiency found by Tax Court.

Where a petition has been filed with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed by the district director or the director of the regional service center and the unpaid portion of the amount so assessed shall be paid by the taxpayer upon notice and demand therefor.

[32 FR 15241, Nov. 3, 1967]

§ 301.6221-1T Tax treatment determined at partnership level (temporary).

(a) *In general.* A partner's treatment of partnership items on the partner's return may not be changed except as provided in sections 6222 through 6231 of the Code and the regulations thereunder. Thus, for example, if a partner treats an item on the partner's return consistently with the treatment of the item on the partnership return, the Internal Revenue Service generally cannot adjust the treatment of that item on the partner's return except through a partnership-level proceeding. Similarly, the taxpayer may not put partnership items in issue in a proceeding relating to nonpartnership items. For example, the taxpayer may not offset a potential increase in taxable income based on changes in nonpartnership items by a potential decrease based on partnership items.

(b) *Restrictions inapplicable after items become nonpartnership items.* Section 6221 and paragraph (a) of this section cease to apply to items arising from a partnership with respect to a partner when those items cease to be partnership

items with respect to that partner under section 6231(b).

**(c) Penalties determined at partnership level (partnership taxable years ending after August 5, 1997).** Any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item, shall be determined at the partnership level. Partner level defenses to such items can only be asserted through refund actions following assessment and payment. Assessment of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be made based on partnership level determinations. Partnership level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner level defenses specified in paragraph (d) of this section.

**(d) Partner level defenses.** Partner level defenses to any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item, may not be asserted in the partnership level proceeding, but may be asserted through separate refund actions following assessment and payment. See section 6230(c)(4). Partner level defenses are limited to those that are personal to the partner or are dependant upon the partner's separate return, and cannot be determined at the partnership level. Examples of these determinations are: whether any applicable threshold underpayment of tax has been met with respect to the partner or whether the partner has met the criteria of section 6664(b)(penalties applicable only where return is filed), or section 6664(c)(1)(reasonable cause exception) subject to partnership level determinations as to the applicability of section 6664(c)(2).

**(e) Cross reference.** See §§ 301.6231(c)-1T and 301.6231(c)-2T for special rules relating to certain applications and claims for refund based on losses, deductions, or credits from abusive tax shelter partnerships.

[T.D. 8128, 52 FR 6781, March 5, 1987; T.D. 8808, 64 FR 3838, Jan. 26, 1999]

### § 301.6222(a)-1T Consistent treatment of partnership items (temporary).

(a) **In general.** The treatment of a partnership item on the partner's return shall be consistent with the treatment of that item by the partnership in all respects including the amount, timing, and characterization of the item.

(b) **Treatment must be consistent with partnership return.** The treatment of a partnership item on the partner's return shall be consistent with the treatment of that item on the partnership return. Thus, a partner who treats an item consistently with a schedule or other information furnished to the partner by the partnership has not satisfied the requirement of paragraph (a) of this section if the treatment of that item is inconsistent with the treatment of the item on the partnership return actually filed. For rules relating to the election to be treated as having reported the inconsistency where the partner treats an item consistently with an incorrect schedule, see § 301.6222(b)-3T.

(c) **Examples.** The following examples illustrate the principles set forth in this section.

*Example 1.* B is a partner of Partnership P. Both B and P use the calendar year as the taxable year. In December 1983, P receives an advance payment for services to be performed in 1984 and reports this amount as income for calendar year 1983. However, B reports B's distributive share of this amount on B's income tax return for 1984 and not on B's return for 1983. B's treatment of this partnership item is inconsistent with the treatment of the item by P.

*Example 2.* Partnership P incurred certain start-up costs before P was actively engaged in its business. P capitalized these costs. C, a partner in P, deducted C's proportionate share of these start-up costs. C's treatment of the partnership expenditure is inconsistent with the treatment of that item by P.

*Example 3.* D is a partner in partnership P which reports a loss of $100,000 on its return, $5,000 of which it reports on the Schedule K-1 attached to its return as D's distributive share. However, P reports $15,000 as D's distributive share of P's loss on the Schedule K-1 furnished to D. D reports the $15,000 loss on D's income tax return. D has not satisfied the consistency requirement. See, however, § 301.6222 (b)-3 for an election to be treated as having reported the inconsistency.

[T.D. 8128, 52 FR 6781, March 5, 1987]

### § 301.6222(a)-2T Application of consistency and notification rules to indirect partners (temporary).

(a) **In general.** The consistency requirement of § 301.6222(a)-1T is generally applied with respect to the source partnership. For purposes of this section, the term "source partnership" means the partnership (within the meaning of section 6231(a)(1)) from which the partnership item originates.

(b) **Indirect partner files consistently with source partnership.** An indirect partner who treats an item from a source partnership in a manner which is consistent with the treatment of that item on the return of the source partnership satisfies the consistency requirement of section 6222(a) regardless of whether the indirect partner treats that item in a manner which is consistent