# Federal Tax Regulations

## 1997

### Volume 4

U.S. CODE
CONGRESSIONAL & ADMINISTRATIVE NEWS

§§ 1.6662–1 through 1.6662–3 (as contained in 26 CFR part 1 revised April 1, 1995) relating to those penalties will apply to such returns.

(3) **Special rules for tax shelter items.** Sections 1.6662–4(g)(1) and 1.6662–4(g)(4) apply to returns the due date of which (determined without regard to extensions of time for filing) is after September 1, 1995. Except as provided in the last sentence of this paragraph (d)(3), §§ 1.6662–4(g)(1) and 1.6662–4(g)(4) (as contained in 26 CFR part 1 revised April 1, 1995) apply to returns the due date of which (determined without regard to extensions of time for filing) is on or before September 1, 1995 and after December 31, 1989. For transactions occurring after December 8, 1994, §§ 1.6662–4(g)(1) and 1.6662–4(g)(2) (as contained in 26 CFR part 1 revised April 1, 1995) are applied taking into account the changes made to section 6662(d)(2)(C) (relating to the substantial understatement penalty for tax shelter items of corporations) by section 744 of Title VII of the Uruguay Round Agreements Act, Pub. L. 103–465 (108 Stat. 4809).

[T.D. 8381, 56 FR 67498, Dec. 31, 1991; T.D. 8617, 60 FR 45664, Sept. 1, 1995]

## § 1.6662–3 Negligence or disregard of rules or regulations.

(a) **In general.** If any portion of an underpayment, as defined in section 6664(a) and § 1.6664–2, of any income tax imposed under subtitle A of the Code that is required to be shown on a return is attributable to negligence or disregard of rules or regulations, there is added to the tax an amount equal to 20 percent of such portion. The penalty for disregarding rules or regulations does not apply, however, if the requirements of § 1.6662–3(c)(1) are satisfied and the position in question is adequately disclosed as provided in § 1.6662–3(c)(2), or to the extent that the reasonable cause and good faith exception to this penalty set forth in § 1.6664–4 applies. In addition, if a position with respect to an item is contrary to a revenue ruling or notice (other than a notice of proposed rulemaking) issued by the Internal Revenue Service and published in the Internal Revenue Bulletin, this penalty does not apply if the position has a realistic possibility of being sustained on its merits. See § 1.6694–2(b) of the preparer penalty regulations for a description of the realistic possibility standard.

(b) **Definitions and rules**—(1) *Negligence.* The term negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. "Negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. A position with respect to an item is attributable to negligence if it lacks a reasonable basis. Negligence is strongly indicated where—

(i) A taxpayer fails to include on an income tax return an amount of income shown on an information return, as defined in section 6724(d)(1);

(ii) A taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to be "too good to be true" under the circumstances;

(iii) A partner fails to comply with the requirements of section 6222, which requires that a partner treat partnership items on its return in a manner that is consistent with the treatment of such items on the partnership return (or notify the Secretary of the inconsistency); or

(iv) A shareholder fails to comply with the requirements of section 6242, which requires that an S corporation shareholder treat subchapter S items on its return in a manner that is consistent with the treatment of such items on the corporation's return (or notify the Secretary of the inconsistency).

(2) *Disregard of rules or regulations.* The term disregard includes any careless, reckless or intentional disregard of rules or regulations. The term "rules or regulations" includes the provisions of the Internal Revenue Code, temporary or final Treasury regulations issued under the Code, and revenue rulings or notices (other than notices of proposed rulemaking) issued by the Internal Revenue Service and published in the Internal Revenue Bulletin. A disregard of rules or regulations is "careless" if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. A disregard is "reckless" if the taxpayer makes little or no effort to determine whether a rule or regulation exists, under circumstances which demonstrate a substantial deviation from the standard of conduct that a reasonable person would observe. A disregard is "intentional" if the taxpayer knows of the rule or regulation that is disregarded. Nevertheless, a taxpayer who takes a position contrary to a revenue ruling or a notice has not disregarded the ruling or notice if the contrary position has

§ 1.6662-4

a realistic possibility of being sustained on its merits.

**(3) Reasonable basis—(i) In general.** [Reserved]

**(ii) Relationship to other standards.** The reasonable basis standard is significantly higher than the not frivolous standard applicable to preparers under section 6694 and defined in § 1.6694-2(c)(2).

**(c) Exception for adequate disclosure—(1) In general.** No penalty under section 6662(b)(1) may be imposed on any portion of an underpayment that is attributable to a position contrary to a rule or regulation if the position is disclosed in accordance with the rules of paragraph (c)(2) of this section and, in case of a position contrary to a regulation, the position represents a good faith challenge to the validity of the regulation. This disclosure exception does not apply, however, in the case of a position that does not have a reasonable basis or where the taxpayer fails to keep adequate books and records or to substantiate items properly.

**(2) Method of disclosure.** Disclosure is adequate for purposes of the penalty for disregarding rules or regulations if made in accordance with the provisions of §§ 1.6662-4(f)(1), (3), (4), and (5), which permit disclosure on a properly completed and filed Form 8275 or 8275-R, as appropriate. In addition, the statutory or regulatory provision or ruling in question must be adequately identified on the Form 8275 or 8275-R, as appropriate. The provisions of § 1.6662-4(f)(2), which permit disclosure in accordance with an annual revenue procedure for purposes of the substantial understatement penalty, do not apply for purposes of this section.

**(d) Special rules in the case of carrybacks and carryovers—(1) In general.** The penalty for negligence or disregard of rules or regulations applies to any portion of an underpayment for a year to which a loss, deduction or credit is carried, which portion is attributable to negligence or disregard of rules or regulations in the year in which the carryback or carryover of the loss, deduction or credit arises (the "loss or credit year").

**(2) Transition rule for carrybacks to pre-1990 years.** A 20 percent penalty under section 6662(b)(1) is imposed on any portion of an underpayment for a carryback year, the return for which is due (without regard to extensions) before January 1, 1990, if—

(i) That portion is attributable to negligence or disregard of rules or regulations in a loss or credit year; and

(ii) The return for the loss or credit year is due (without regard to extensions) after December 31, 1989.

**(3) Example.** The following example illustrates the provisions of paragraph (d) of this section. This example does not take into account the reasonable cause exception under § 1.6664-4.

Example. Corporation M is a C corporation. In 1990, M had a loss of $200,000 before taking into account a deduction of $350,000 that M claimed as an expense in careless disregard of the capitalization requirements of section 263 of the Code. M failed to make adequate disclosure of the item for 1990. M reported a $550,000 loss for 1990 and carried back the loss to 1987 and 1988. M had reported taxable income of $400,000 for 1987 and $200,000 for 1988, before application of the carryback. The carryback eliminated all of M's taxable income for 1987 and $150,000 of taxable income for 1988. After disallowance of the $350,000 expense deduction and allowance of a $35,000 depreciation deduction with respect to the capitalized amount, the correct loss for 1990 was determined to be $235,000. Because there is no underpayment for 1990, the penalty for negligence or disregard of rules or regulations does not apply for 1990. However, as a result of the 1990 adjustments, the loss carried back to 1987 is reduced from $550,000 to $235,000. After application of the $235,000 carryback, M has taxable income of $165,000 for 1987 and $200,000 for 1988. This adjustment results in underpayments for 1987 and 1988 that are attributable to the disregard of rules or regulations on the 1990 return. Therefore, the 20 percent penalty rate applies to the 1987 and 1988 underpayments attributable to the disallowed carryback.

[T.D. 8381, 56 FR 67498, Dec. 31, 1991; T.D. 8617, 60 FR 45664, Sept. 1, 1995]

## § 1.6662-4 Substantial understatement of income tax.

**(a) In general.** If any portion of an underpayment, as defined in section 6664(a) and § 1.6664-2, of any income tax imposed under subtitle A of the Code that is required to be shown on a return is attributable to a substantial understatement of such income tax, there is added to the tax an amount equal to 20 percent of such portion. Except in the case of any item attributable to a tax shelter (as defined in paragraph (g)(2) of this section), an understatement is reduced by the portion of the understatement that is attributable to the tax treatment of an item for which there is substantial authority, or with respect to which there is adequate disclosure. General rules for determining the amount of an understatement are set forth in paragraph (b) of this section and more specific rules in the case of carrybacks and carryovers are set forth in paragraph (c) of this section. The rules for determining when substantial authority exists are set forth