IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Klamath Strategic Investment Fund, et al.,<br>    Plaintiffs,<br><br>v.<br><br><br>United States of America,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 5:04-cv-278-TJW |

### UNITED STATES' FIRST MOTION IN LIMINE

The United States moves to exclude all evidence relating to whether Harold Nix and Charles Patterson can be excused from penalties under the "reasonable cause" defense found in § 6664(c) of the Internal Revenue Code. Section 6664(c) provides an affirmative defense to accuracy and fraud related penalties for taxpayers who can show there was reasonable cause for their underpayment, and that they acted in good faith. The Court does not have jurisdiction to rule on any "reasonable cause" defense Nix and Patterson may attempt to raise here under § 6664(c), because such defenses are "partner items" not properly determined in a TEFRA proceeding such as this one.

**I.     TEFRA jurisdiction – generally**

This case is governed by TEFRA—the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), 26 U.S.C. §§ 6221-6233, which was enacted to "improve the auditing and adjustments of income tax items attributable to partnerships." *Alexander v. United States,* 44 F.3d 328, 330 (5th Cir. 1995). TEFRA sets forth the Court's jurisdiction to review adjustments to a partnership return. Under TEFRA, the tax treatment of any "partnership item" must be determined in a single proceeding at the partnership level. I.R.C. § 6221. *See also Weiner v.*

*United States,* 389 F.3d 152, 154 (5th Cir. 2004). Furthermore, the Court's jurisdiction in a TEFRA proceeding is *limited* to that treatment of partnership items. It is limited by § 6226(f), which provides:

> A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

"While TEFRA defines a 'partnership item' in technical terms, the provision generally encompasses items more appropriately determined at the partnership level than at the partner level." *Weiner,* 389 F.3d at 154 (internal quotation omitted). Under the legislative regulations the "partnership item" includes items of income, gain, loss, deduction, or credit of the partnership, tax-exempt income of the partnership, partnership liabilities, and nondeductible partnership expenditure. Treas. Reg. §301.6231(a)(3)-1(a)(1). The term "partnership item" also encompasses factors affecting the determination of partnership items, such as "accounting practices and the legal and factual determinations that underlie the determination of the amount, timing and characterization of items of income, credit, gain, loss, deduction, etc." All other items are defined as nonpartnership items. *Weiner,* 389 F.3d at 154; I.R.C. § 6231(a)(4). As discussed fully below, nonpartnership items, including "partner level items," cannot be decided in a TEFRA proceeding because the Court lacks jurisdiction over them.

2

**II.    The Court does not have jurisdiction in this TEFRA proceeding to determine whether Harold Nix and Cary Patterson may be excused from penalties under I.R.C. § 6664(c).**

Harold Nix and Charles Patterson cannot argue in this TEFRA proceeding that they should be excused from penalties under the "reasonable cause" defense found in 26 U.S.C. § 6664(c). Section 6664(c) provides an affirmative defense to accuracy and fraud related penalties, for taxpayers who can show there was reasonable cause for their underpayment, and that they acted in good faith. Although this Court has jurisdiction over all partnership items arising from Klamath and Kinabalu's 2000 tax year, and the initial application of penalties, it does not have jurisdiction over partner-level defenses to those penalties. *See* I.R.C. §§ 6621, 6226(e) and 6230(c)(1)(4).

Section 6226(e) limits the Court's jurisdiction to determine the "applicability of any penalty... which relates to an adjustment to a partnership item." This gives the Court jurisdiction to determine whether the initial elements for the application of a penalty have been met, but does not give the Court jurisdiction to determine defenses to the application of that penalty which are based on an individual partner's circumstances (partner level defenses). This rule is made explicitly clear by similar language in § 6230(c)(1)(4) which preserves the right of partners to file refund suits after a proceeding under § 6226 has been completed in order to challenge the application of penalties to their personal returns using defenses that are personal to them rather than to the partnership. This statutory framework was recently recognized by the Tax Court in *Santa Monica Pictures v. Commissioner*, T.C. Memo. 2005-104, 2005 WL 1111792 (U.S. Tax Court, 2005):

In the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026,

3

> Congress amended sec. 6221 to include, as an item to be determined at the partnership level, the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item, effective for partnership taxable years ending after Aug. 5, 1997. Consequently, we have jurisdiction in this partnership-level proceeding to decide issues relating to the sec. 6662 penalties that respondent determined. **Partner-level defenses, however, must be asserted in a separate refund action following assessment and payment.** See sec. 6230(c)(1)(C), (4); cf. sec. 301.6221-1(d), Proced. & Admin. Regs. (effective for partnership taxable years beginning on or after Oct. 4, 2001).

*Santa Monica Pictures,* at * 94, n. 187 (emphasis added). Like this case, Santa Monica Pictures involved tax years which preceded the October 4, 2001, effective date of Treasury Regulation § 301.6226(f)-1 cited by *Santa Monica Pictures*. Accordingly, the Tax Court's reliance on the statutory framework found in 26 U.S.C. § 6230(c)(1) and (4) demonstrates that the later effective regulation was consistent with limits on jurisdiction imposed by the statutes.

In relevant part, the regulation provides:

> (c) Penalties determined at partnership level. Any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be determined at the partnership level. Partner-level defenses to such items can only be asserted through refund actions following assessment and payment. Assessment of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be made based on partnership-level determinations. Partnership-level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner-level defenses specified in paragraph (d) of this section.
>
> (d) Partner-level defenses. Partner-level defenses to any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item may not be asserted in the partnership-level proceeding, but may be asserted through separate refund actions following assessment and payment. See section 6230(c)(4). Partner-level defenses are limited to those that are personal to the partner or are dependent upon the partner's separate return and cannot be determined at the partnership level. Examples of these determinations are whether any applicable threshold underpayment of tax has been met with respect to the partner or whether the partner has met the criteria of section 6664(b) (penalties applicable only where return is filed), or section 6664(c)(1) (reasonable

4

cause exception) subject to partnership-level determinations as to the applicability of section 6664(c)(2).

Treas. Reg. § 301.6226(f)-1 (effective for tax year beginning after Oct. 4, 2001). Although the Tax Court went on to review the reasonable cause defense of reliance on tax professionals in *Santa Monica Pictures*, it did so only because the tax losses at issue were reported on the partnership returns at issue in the case and the various tax opinion letters in question were allegedly relied upon in preparing those partnerships' tax returns. *Santa Monica Pictures*, at *1 - 2, and *101-112.

**III.    This Court should exclude from trial all evidence solely regarding a "reasonable cause" defense maintained by Nix or Patterson, because such evidence is irrelevant in this TEFRA proceeding.**

As discussed above, this Court does not have jurisdiction to rule upon an I.R.C. §6664(c) defense to accuracy and fraud related penalties. Therefore, Nix and Patterson are not entitled to argue such a defense to penalties in this case. Clearly, evidence that relates solely to such a defense is irrelevant in this proceeding, and the United States asks the Court to exclude all such evidence from trial. Such evidence includes, at a minimum, the testimony of Bruce Lemons, John Maxfield and Stuart Smith, as well as any testimony from any other witnesses relevant solely to this defense – specifically including all testimony regarding Nix and Patterson's purported reliance on the advice of tax professionals.

## CONCLUSION

If Harold Nix and Charles Patterson wish to assert I.R.C. §6664(c) defenses to penalties they must do it in a subsequent proceeding – there is no jurisdiction over such defenses here. Therefore, all evidence relating solely to §6664(c) defenses – including the testimony of Bruce Lemons, John Maxfield and Stuart Smith, as well as any testimony from any other witnesses relevant solely to this defense – should be excluded from trial as irrelevant.

MATTHEW D. ORWIG
United States Attorney

*/s/ Andrew L. Sobotka*
ANDREW L. SOBOTKA
Texas State Bar No. 18819900
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9736
(214) 880-9741 (fax)
Attorneys for United States

## Certificate of Service

It is hereby certified that service of the foregoing UNITED STATES' FIRST MOTION IN LIMINE has been made upon the following by the Court's ECF system this day 1st day of September, 2006.

Kent Jones
Sutherland Asbill & Brennan
Washington, DC
Fax: 202-637-9523
Email: kent.jones@sablaw.com

N Jerold Cohen
Sutherland Asbill & Brennan - Atlanta
999 Peachtree Street NE
Atlanta, Ga 30309-3996
Fax: 404-853-8806
Email: jerry.cohen@sablaw.com

Sheldon Kay
Sutherland Asbill & Brennan - Atlanta
999 Peachtree Street NE
Atlanta, Ga 30309-3996
Fax: 404-853-8806
Email: sheldon.kay@sablaw.com

Thomas Cullinan
Sutherland Asbill & Brennan - Atlanta
999 Peachtree Street NE
Atlanta, Ga 30309-3996
Fax: 404-853-8806
Email: tom.cullinan@sablaw.com

/s/ *Andrew L. Sobotka*
ANDREW L. SOBOTKA

IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Klamath Strategic Investment Fund, et al., <br> Plaintiffs, <br> <br> v. <br> <br> <br> United States of America, <br> Defendant. | ) <br> )    Case No. 5:04-cv-278-TJW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER GRANTING UNITED STATES' FIRST MOTION IN LIMINE

The United States' First Motion in Limine moves this Court for an order excluding from trial all evidence related only to whether Harold Nix and Charles Patterson can be excused from penalties under the "reasonable cause" defense found in § 6664(c) of the Internal Revenue Code. The Court does not have jurisdiction to rule on any reasonable cause defense Nix and Patterson may attempt to raise here under I.R.C. § 6664(c), because such defenses are "partner items" not properly determined in a TEFRA proceeding such as this one.

Therefore, for GOOD CAUSE SHOWN, the United States' First Motion in Limine is GRANTED. All evidence relating solely to I.R.C. § 6664(c) defenses – including the testimony of Bruce Lemons, John Maxfield and Stuart Smith, as well as documents and any testimony from other witnesses relevant solely to this defense – is hereby excluded from trial as irrelevant.