# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STOBIE CREEK INVESTMENTS, LLC, <br> JFW ENTERPRISES, INC., Tax Matters and <br> Notice Partner, <br>           Plaintiff, <br> v. <br> UNITED STATES OF AMERICA, <br>           Defendant. | ) <br> ) <br> ) <br> ) <br> )  No. 05-748 T <br> )  (Judge Block) <br> ) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
Chief, Court of Federal Claims Section

STUART D. GIBSON
  Senior Litigation Counsel
  U.S. Department of Justice
  Tax Division, Office of Civil Litigation
  Post Office Box 403
  Ben Franklin Station
  Washington D.C. 20044
  (202) 307-6586 (Phone)
  (202) 307-2504 (Fax)

CORY A. JOHNSON
  Trial Attorney, Court of Federal
  Claims Section

("Code"), regulations and Revenue Notices."[8] (See Motion to Compel, p. 4.) Plaintiff claims this information is relevant to a "reasonable cause" defense to penalties because its members, when they participated in the Son of Boss shelter, claim to have reasonably relied upon "interpretations that the IRS had given to such terms [*i.e.*, liability] over the course of decades." (See Motion to Compel, p. 4.) There are several problems with this alleged justification for the discovery.

### 1.  This Court Does Not Have Jurisdiction to Consider a Reasonable Cause Defense

The first problem with plaintiff's reliance on a "reasonable cause" defense to penalties as support for the above discovery is that the Court does not have jurisdiction over the issue. Although the Court has jurisdiction in this partnership proceeding to determine the initial applicability of penalties which relate to partnership items, the defense of reasonable cause under §6664(c) of the Code is a "partner level defense" that can be raised only in a separate refund action filed by a partner after this case is decided, and taxes and penalties have been assessed and paid. *See* 26 U.S.C. §§6221 and 6230(c)(4); and Treas. Regs. §§ 301.6221-1T(d) (effective for tax year 2000), 301.6221-1(d) and 301.6226(f)-1. Plaintiff's argument that its partners should not have to file separate refund actions to present this defense cannot trump the Congressionally-mandated statutory scheme, or void this black-letter law.[9]

---

[8] Although plaintiff refers to the interpretation of "terms," the only one identified is "liability," as used in § 752 of the Code and its accompanying regulations.

[9] Contrary to plaintiff's argument, Treas. Reg. § 1.6664-4(d) does not support its claim that this Court has jurisdiction to address a reasonable cause defense. That regulation merely provides that when a reasonable cause defense is considered, in a separate refund action filed by a partner, the court can consider both the partner's actions and those of the partnership.

-11-