IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2008 MAY 27  A 11: 12

U.S. DISTRICT COURT
BRIDGEPORT, CONN

TIFD III-E INC., the Tax Matters Partner of
CASTLE HARBOUR-I LIMITED-LIABILITY
COMPANY,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

Case Nos.: 3:01-CV-01839 (SRU) (lead case)
3:01-CV-01840 (SRU)

## PLAINTIFF'S MEMORANDUM REGARDING REQUIREMENT UNDER TEFRA TO CHARACTERIZE BANKS' INTERESTS AS DEBT OR EQUITY

    In arguing against application of section 704(e)(1) on remand, the government carefully avoids taking the position that the Dutch Banks' interests were debt for federal income tax purposes, and instead urges the Court to base its decision on a finding that the Banks' interests were "not equity." See United States Response Brief Regarding Section 704(e) at 2. The problem with the government's position is that TEFRA[1] does not allow the Court simply to conclude that the Banks' interests were "not equity." TEFRA requires that the Court render an affirmative decision on what the Banks' interests were for federal tax purposes, not simply a negative decision on what they were not.

    Under TEFRA, this Court has the jurisdiction and the obligation to determine all partnership items of Castle Harbour. I.R.C. § 6226(f). Section 6221 provides that the partnership-level proceeding "shall" determine the tax treatment of "any" partnership items.

---

[1] "TEFRA" refers to the Tax Equity and Fiscal Responsibility Act of 1982, PL 97-248, which enacted the unified partnership audit procedures under I.R.C. §§ 6221 to 6234.

255856v.5

I.R.C. §§ 6221, 6226(f). See PAA Management v. United States, 962 F.2d 212, 214 (2d Cir. 1992) ("[I]ncome derived from the partnership, called 'partnership item[s]' by the Code, generally must be determined at the partnership level . . . ."). The Code imposes this obligation on courts because without partnership-level legal and factual determinations, there is no basis on which to determine a partner's ultimate tax liability.[2]

Characterization of the Banks' interests in Castle Harbour is a partnership item and thus must be affirmatively decided in this partnership-level proceeding. See Treas. Reg. § 301.6231(a)(3)-1(a) ("For purposes of subtitle F of the Internal Revenue Code of 1954, the following items . . . are partnership items: . . . (1)(v) Partnership liabilities . . . . (4)(i) Contributions to the partnership. . . ."); FSA 1992 WL 1355894 ("partnership items include the total amount of the liabilities of the partnership [and] the amounts contributed to the partnership by the partners"); see also PK Ventures, Inc. v. Commissioner, T.C. Memo. 2006-36 (2006) ("The parties agree that the characterization of transfers from a partner to a TEFRA partnership as debt or equity is a "partnership item" that can be adjusted only upon issuance of an FPAA.") rev'd on other grounds Rose v. Comm'r, 2008 WL 1823309 (11th Cir. 2008).[3]

A partnership-level characterization of the Banks' interests is necessary to determine the ultimate tax liability of the Castle Harbour partners. The Banks invested $117 million in Castle Harbour and earned a profit of roughly 9.1%. If the Banks' interests were capital interests under section 704(e)(1), the Banks were partners and the allocations of income and losses to the Banks

---

[2] Not only are partnership-level determinations necessary to the ultimate determination of partner-level tax liability, a "partnership-level proceeding is the exclusive means for adjusting a partnership item." Katz v. Comm'r, 335 F.3d 1121, 1124 (10th Cir. 2003). Thus, a failure to characterize the Banks' investments at this stage may preclude future consideration of the issue altogether. See, e.g., Hudspath v. Comm'r, T.C. Memo. 2004-75 (holding that court lacks jurisdiction to consider partnership items in a partner-level proceeding); Blonein v. Comm'r, T.C. Memo. 2003-308 (same).

[3] The IRS's inclusion of an FPAA adjustment based on debt/equity recharacterization is an acknowledgement that resolution of the debt/equity question is a partnership item.

must be upheld for tax purposes. If the Banks' interests were not capital interests, the Court must determine the appropriate characterization of the Banks' investments.

The FPAAs do not contain a theory of adjustment that respects the Banks' interests as economically real while treating the Banks as neither partners nor lenders. The government attempts to gloss over its departure from the FPAAs by seeking a holding that "the partnership item adjustments made in the [FPAAs] . . . are sustained." United States Initial Brief on Remand at 19. The government then files a Proposed Judgment reallocating partnership income from the Banks to the GECC partners under the FPAA theory that Castle Harbour was a sham. Id. at Appendix 5. However, this Court already has concluded that the Banks' investments were part of an economically real transaction and that the investments were not shams. These holdings were neither appealed by the government nor disturbed by the Second Circuit. The net effect of the government's Proposed Judgment is to tax the GECC partners on the 9.1% return received by the Banks. See Plaintiff's Brief in Opposition in Opposition to Government's Initial Brief on Remand Regarding Penalties at note 31.

Nor can the government retreat to a position that the Second Circuit held that the Banks' investments were equity, but not a "bona fide equity partnership participation." In light of the objective standard established by section 704(e)(1), the tax law does not appear to recognize an interest that is equity generally for tax purposes but not an interest in a partnership. Thus, if the Court finds that the Banks were not partners under section 704(e)(1), it will be necessary for the Court to determine whether the Banks' interests were debt or were a heretofore unknown form of equity investment that does not convey partner status. In either case, the TEFRA rules require that the Court put a label on the interests held by the Banks.

The government's vague and confused approach does not answer how GECC and the Banks should treat the Banks' investments in Castle Harbour for tax purposes. If the Court decides against the taxpayer on the section 704(e)(1) issue, the IRS will compute an adjusted partner-level tax liability on the basis of partnership-level determinations.[4] See generally Treas. Reg. § 301.6231(a)(6)-1. A decision that contains no affirmative characterization of the Banks' investments in Castle Harbour would leave the economically real transfers of substantial sums of money to and from Castle Harbour as an unsolved mystery for tax purposes. Neither the TEFRA rules nor common sense allow for that result.

Dated this 20th day of May, 2008.

Respectfully submitted,

William F. Nelson, ct22883
David J. Curtin, ct22881
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:   (202) 775-1880
Facsimile:   (202) 775-8586
Email: wnelson@mckeenelson.com
       dcurtin@mckeenelson.com

Ann H. Rubin, ct04486
Anthony M. Fitzgerald, ct04167
CARMODY & TORRANCE LLP
195 Church Street, P.O. Box 1950
New Haven, Connecticut 06509-1950
Telephone:   (203) 777-5501
Facsimile:   (203) 784-3199

---

[4] Belying its vague approach to a proposed judgment, the government does appear to recognize that "it is important that some detail is provided in the form of judgment entered in order that the Internal Revenue Service and the taxpayers concerned understand the precise nature of outcome of the partnership proceeding." United States Initial Brief on Remand at 18.

Email: arubin@carmodylaw.com
afitzgerald@carmodylaw.com

255856v.5

5

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing PLAINTIFF'S MEMORANDUM REGARDING REQUIREMENT UNDER TEFRA TO CHARACTERIZE BANKS' INTERESTS AS DEBT OR EQUITY has been made today, May 20, 2008, by hand delivery in court to:

>Robert J. Higgins
>Trial Attorney, Tax Division
>U.S. Department of Justice
>555 4th Street, N.W., Rm. 8816
>Ben Franklin Station
>Washington, D.C. 20001

>*/s/ William F. Nelson*
>William F. Nelson, ct22883
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 200
>Washington, D.C. 20036
>Telephone:   (202) 775-1880
>Facsimile:    (202) 775-8586
>Email:         wnelson@mckeenelson.com

255856v.5

6