IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIFD III-E INC.,THE TAX MATTERS PARTNER OF CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | CASE NOS. 3:01CV01839(SRU)<br>3:01CV01840(SRU) |

**UNITED STATES' RESPONSE TO PLAINTIFF'S BENCH MEMO**

Plaintiff submitted a bench memorandum at the oral argument held in this case on May 20, 2008. The Court indicated that the United States may file a written response to that memorandum. Plaintiff's bench memorandum is offered in support of its contention that the Castle Harbour arrangement between the GE entities and the Dutch banks is a partnership under Internal Revenue Code § 704(e). Plaintiff's contention requires this Court to revisit conclusions reached by the Second Circuit in its decision and in its rejection of plaintiff's petition for rehearing. Plaintiff made the same arguments in its petition for rehearing, asking the court of appeals to reconsider its opinion in line with plaintiff's view of the correct facts. Essentially plaintiff seeks to enlarge the scope of the remand to this Court to consider the application of *Culbertson* in line with plaintiff's view of the correct facts. The Second Circuit declined to entertain either option. *TIFD III-E, Inc. v. United States,* 459 F.3d 220 (2d Cir. 2006), *r'hrng denied,* by unpublished order (Oct. 6, 2006) (for this Court's convenience, a copy of plaintiff's

rehearing petition is attached).[1] With due respect to the plaintiff, having lost these arguments in the court of appeals, its remedy was to make them to the Supreme Court, not to this Court on remand.

## A.   The Thrust of Plaintiff's Argument on Remand

Plaintiff's bench memorandum was submitted to bolster its argument that the arrangement formed by the GE subsidiaries and the Dutch Banks was a so-called "family partnership" for the purposes of § 704(e). In order to qualify for § 704(e) treatment, plaintiff must establish that the banks owned a capital interest in a partnership. Plaintiff recognizes that this is a formidable task because the Second Circuit's opinion appears to foreclose that argument. For example, the Second Circuit stated that the facts of this case "compel the conclusion that the IRS correctly determined that the Dutch banks were not bona fide equity participants in the partnership." 459 F.3d at 224. Further, the Second Circuit concluded "that the IRS properly refused to accept the partnership's characterization because the banks did not meaningfully share in the business risks of the partnership venture and their interest was overwhelmingly in the nature of secured debt." *Id.* at 227. The court of appeals recognized that the participants created documents that were designed to create the illusion of equity participation. "The partnership interests of the Dutch banks were designed to have a superficial appearance of equity participation, but in the end (in all but a negligible part) to function in the manner of a repayment

---

[1] In its opinion, the Second Circuit did not consider the parties' § 704(e) arguments, and it left to this Court the question whether that section may apply. 459 F.3d at 241 n19. To the extent that plaintiff is now suggesting that § 704(e) overruled *Culbertson,* and therefore that the Second Circuit completely misunderstood this case, we suggest that it is plaintiff that misunderstands the role of this Court on remand. The Second Circuit's decision, applying *Culbertson* to invalidate the partnership, cannot be revisited by the this court. Accordingly, we will not address that point further.

of a secured loan." *Id.* To further drive home the point, the court of appeals also concluded, 459 F.3d at 231,

> In sum, the Dutch banks' interest was overwhelmingly in the nature of a secured lender's interest, which would neither be harmed by poor performance of the partnership nor significantly enhanced by extraordinary profits. The banks had no meaningful stake in the success or failure of Castle Harbour. While their interest was not totally devoid of indicia of an equity participation in a partnership, those indicia were either illusory or insignificant in the overall context of the banks' investment. The IRS appropriately rejected the equity characterization.

Given the strong language in the Second Circuit's opinion, plaintiff must pull the proverbial rabbit out a hat in order to describe the banks as having, for tax purposes, a capital interest in a partnership, when, for tax purposes, the court of appeals already determined that the banks were not partners with a *bona fide* equity interest.

Plaintiff attempts to pave the way for its argument by noting its strong disagreement with the Second Circuit's opinion, and it spent a fair part of its argument explaining where it believes the Second Circuit went wrong. These arguments are not new. Plaintiff laid them out in its petition for rehearing that was filed with the court of appeals, and which the court of appeals quickly denied. The Court will notice many similarities between the arguments that plaintiff made during oral argument and the arguments that the court of appeals already rejected. Plaintiff apparently believes that if it can convince this Court to parse the Second Circuit's opinion, this Court somehow might reconcile the plaintiff's argument – that the Dutch Banks each had a capital interest – with the court of appeals opinion, including the statements and conclusions quoted above.

Noting that the court of appeals stopped short of calling the banks "creditors," plaintiff now argues that the Internal Revenue Code *requires* this Court to make the call that plaintiff

contends the court of appeals did not, *i.e.*, were the banks' interests debt, or were they equity? As we explain below, even assuming plaintiff is correct (which it is not) in its contention that the Second Circuit has not answered this question sufficiently, plaintiff is wrong when it argues that this Court must state whether the banks' interests were debt or equity. Nothing requires this Court to fall into plaintiff's binary trap. The question this Court needs to answer is whether the banks had a capital interest for the purposes of § 704(e). As we explained in our earlier brief, they did not.

**B.    The Scope of Judicial Review Under Section 6226(f)**

This Court's jurisdiction in a partnership proceedings is generally limited to the determination of "partnership items." I.R.C. § 6226(f). Section 6231(a)(3) defines "partnership item" as –

> [A]ny item required to be taken into account for the partnership's taxable year under any provision of subtitle A [of the Internal Revenue Code] to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

Treasury Regulations adopted under § 6231(a)(3) define the term "partnership item" to include the partnership aggregate and each partner's share of income, gain, loss, deduction, or credit of the partnership. Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i). The justiciability of determining any particular item, however, depends on whether that determination will affect a party's federal tax liability. *See Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner*, 249 F.3d 175, 182-183 (3d Cir. 2001) (court declined to rule on partnership items which might not affect the litigant's federal tax liability).

On its tax returns for 1993 through 1998, Castle Harbour allocated approximately $310,000,000 of income to the Dutch Banks rather than the GE entities. Since the Dutch Banks are not partners, then for federal tax purposes, that income must be allocated to the GE entities. Since the Dutch banks do not pay federal tax, there is no basis for this Court to determine allocation of partnership items to the banks, unless that allocation also affects the GE entities.[2]

Plaintiff argues that this Court must issue a declaratory judgment classifying the interest of the Dutch Banks as debt or equity in order to answer the question of whether the arrangement between the GE entities and the banks was a partnership for the purposes of § 704(e). Plaintiff further asserts that the only option for this Court is to declare the interest of the banks as equity or debt, there being no third option. Plaintiff then argues that because the Court of Appeals' conclusion that the Dutch Banks were not partners was premised, in part, on the conclusion that the nature of the Dutch Banks' participation was "akin to debt" rather than debt, this Court should now find that the Dutch Banks' interest was an interest in capital, ignoring the strong

---

[2] In light of the statements in the Second Circuit's decision, *inter alia*, that the banks' interest was in the nature of a secured loan and akin to debt, it is odd that plaintiffs have not asked, even on a protective basis, that this Court declare that the adjusted partnership items reflect a deduction or allocation to account for the payment of "interest" to the banks. In the Notices of Final Partnership Administrative Adjustments (FPAAs), the IRS did provide, as an alternative, allocations that would reflect such treatment, but the allocations set forth in the FPAA relating to the sham and partnership determinations made no such allocation. Thus plaintiff is wrong to state in its bench memo (at 3) that the United States is making allocations based on its determination that the transaction was a sham. The FPAA plainly states, in its Explanation of Adjustments, that the IRS had determined that the arrangement by which the GE entities and the Dutch banks "purported to form a partnership lacked economic substance and was without legitimate business purpose, and that no valid partnership existed" among the GE entities and Dutch banks. (Emphasis added.) Plaintiff states in its bench memo (at 3) that the effect of that allocation is to tax the GE entities on the return paid to the Dutch banks, but, again, we emphasize that plaintiff has declined to make any argument that it would be entitled to such a deduction or an allocation under applicable principles of the Internal Revenue Code.

statements by the court of appeals, some of which are quoted above, that the banks did not have a *bona fide* equity interest.

Plaintiff attempts to bolster its argument that such a declaration is necessary on the grounds that the GE entities and the banks need such a declaration so they will know how to treat the transaction. That die was cast when the tax returns for Castle Harbour were filed. And, as we have pointed out, the Dutch Banks are tax indifferent in that they were not subject to federal tax during the years at issue.

This Court, however, does not need to declare the banks' interest as debt to resolve this case. All that is required in this case is that the Court determine that the Dutch Banks do not have an interest in capital within the meaning of § 704(e). The Second Circuit's statements to

the effect that the banks lacked "*bona fide* equity participation" answers the question. A further declaration that the banks' interest is debt, is not required.[3]

                        NORA R. DANNEHY
                        Acting United States Attorney
                        JOHN B. HUGHES
                        Chief, Civil Division

                        _____
                        ROBERT J. HIGGINS (ct23378)
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        Post Office Box 55
                        Washington, D.C. 20044
                        Telephone: (202) 307-6580
                        Facsimile: (202) 514-5440

June 27, 2008

---

[3] Appellate courts are especially mindful that their holdings may have an effect on questions not presented in the particular case before them, and the Second Circuit panel was careful to make a holding that resolved this case without making a broad debt/equity determination. The panel's opinion was consistent with the Government's argument to the court of appeals.

CERTIFICATE OF SERVICE

I certify that service of the United States Response to Plaintiff's Bench Memo has, this 30th day of June, 2008, been made on plaintiff's counsel by electronic mail to David Curtin (DCurtin@McKeeNelson.com) and by FedEx Mail, to the following address:

> David Curtin, Esquire
> McKee Nelson LLP
> 1919 M. Street, N.W., Suite 800
> Washington, D.C. 20036

*[signature]*
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6440