## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIFD III-E INC., the Tax Matters Partner of CASTLE HARBOUR-I LIMITED-LIABILITY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case Nos.: 3:01-CV-01839 (SRU) (lead case)<br>             3:01-CV-01840 (SRU) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO BENCH MEMORANDUM**

Defendant took over a month to respond to Plaintiff's three and one-half page bench memorandum. Rather than responding only to Plaintiff's limited procedural point, Defendant resurrects its argument that this remand is pointless. See Def.'s Resp. at 2-4, 6-7.[1] In doing so, Defendant abandons its prior position that there is no "third category" of interest, warning against a "binary trap" and embracing the twilight zone it had previously disavowed.[2]

In the three pages it devotes to actually responding to Plaintiff's bench memorandum, Defendant offers nothing of substance. In fact, Defendant's response bolsters Plaintiff's argument. Defendant acknowledges that the justiciability of an issue in a TEFRA proceeding turns on whether "that determination will affect a party's federal tax liability." Def.'s Resp. at 4.

---

[1] Defendant's claim that the Second Circuit's denial of Plaintiff's petition for rehearing has any substantive import is incorrect. See Marshak v. Reed, 229 F. Supp. 2d 179, 184 (E.D.N.Y. 2002) ("A Circuit's denial of a petition for rehearing has no precedential value and is not a ruling on the merits of any issue between the parties.") (citing Landreth v. Comm'r, 859 F.2d 643, 648 (9th Cir. 1988)).

[2] Compare Def.'s Resp. at 4 ("Nothing requires this Court to fall into plaintiff's binary trap."), with Transcript at 54:8-10 ("MR. HIGGINS: "[O]nly two boxes can be checked in the tax world. The debt box or the equity box."), and United States Response Regarding 704(e) at 17 (accusing Plaintiff of "fear-mongering" and insisting that the Second Circuit created no "twilight zone" or "new third category").

While the FPAAs recognized that classification of the Banks' investments as debt would result in interest deductions to the GECC partners, Defendant confirms that if this Court merely holds the Banks were not partners, it intends to tax the GECC partners on the Banks' economic earnings. Def.'s Resp. at 5 n.2. Thus, Defendant concedes that the failure to classify the Banks' investments would affect the federal tax liability of the GECC partners.

Defendant's rhetorical flourish—that the "die was cast when the tax returns for Castle Harbour were filed"—is meaningless. Def.'s Resp. at 6. The fact that Defendant disagrees with Castle Harbour's classification of the Banks as partners does not justify its effort to dodge the debt-equity question.

Equally irrelevant are Defendant's musings about the thought processes of appellate courts. Def.'s Resp. at 7 n.3. While courts may avoid addressing questions that are unnecessary to resolve the cases before them, explicit resolution of the proper classification of the Banks' investments is necessary to determine the tax liability of the GECC partners.

>Respectfully submitted,
>
>/s/ Ann H. Rubin
>Ann H. Rubin, ct04486
>CARMODY & TORRANCE LLP
>195 Church Street, P.O. Box 1950
>New Haven, Connecticut 06509-1950
>Telephone:  (203) 777-5501
>Facsimile:  (203) 784-3199
>Email: arubin@carmodylaw.com
>
>William F. Nelson, ct22883
>David J. Curtin, ct22881
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 200
>Washington, D.C. 20036
>Telephone:  (202) 775-1880
>Facsimile:  (202) 775-8586
>Email: wnelson@mckeenelson.com
>       dcurtin@mckeenelson.com

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO BENCH MEMORANDUM has been made today, July 3, 2008, by sending a true and correct copy thereof via overnight delivery to the following:

>Robert J. Higgins
>Trial Attorney, Tax Division
>U.S. Department of Justice
>555 4th Street, N.W., Rm. 8816
>Ben Franklin Station
>Washington, D.C.  20001

And by regular mail, postage prepaid to:

>John B. Hughes
>Assistant U.S. Attorney
>Chief, Civil Division
>157 Church Street
>New Haven, Connecticut  06508

*/s/ Ann H. Rubin*
Ann H. Rubin, ct04486
CARMODY & TORRANCE LLP
195 Church Street, P.O. Box 1950
New Haven, Connecticut  06509-1950
Telephone:   (203) 777-5501
Facsimile:   (203) 784-3199
Email: arubin@carmodylaw.com